IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SureFunding, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 20-10953 (LSS)<br><br>**Objections Due: May 6, 2020 at 4:00 pm EDT**<br>**Hearing Date: May 12, 2020 at 10:00 am EDT** |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FOX ROTHSCHILD, LLP AS COUNSEL FOR THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtor and debtor-in-possession (the "Debtor") hereby submits this application (this "Application") for entry of an order, substantially in the form of Exhibit A attached hereto (the "Order") pursuant to sections 327(a), 328, 1107, and 1108 of title 11 of the United States Code, §§ 101 et seq. (the "Bankruptcy Code"), Rules 2014(a), 2016, 5002 and 9034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtor to retain and employ the law firm of Fox Rothschild LLP ("Fox Rothschild" or the "Firm") as counsel for the Debtor in this chapter 11 case, effective as of April 14, 2020. In support of this Application, the Debtor submits the Affidavit of Thomas M. Horan (the "Horan Affidavit"), attached hereto as Exhibit B, and respectfully represent as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a

---

[1] The last four digits of the Debtor's taxpayer identification number is 7898. The Debtor's headquarters and service address is 6671 Las Vegas Blvd., Suite 210, Las Vegas, NV 89119.

**Error! Unknown document property name.**

final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief sought herein are Bankruptcy Code sections 327(a), 328, 1107 and 1108, Bankruptcy Rules 2014(a), 2016, 5002 and 9034 and Local Rule 2014-1.

## BACKGROUND

3. On April 14, 2020 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor is authorized to operate its business and manage its properties as debtor-in-possession under Bankruptcy Code sections 1107(a) and 1108. No official committees have been appointed in this chapter 11 case, and no request has been made for the appointment of a trustee or examiner.

## RELIEF REQUESTED

4. By this Application, the Debtor seeks an order under Bankruptcy Code sections 327(a), 328, 1107, and 1108, Bankruptcy Rules 2014(a), 2016, 5002, and 9034 and Local Rule 2014-1 authorizing the retention and employment of Fox Rothschild effective as of the Petition Date, as counsel for the Debtor in connection with the commencement and prosecution of this chapter 11 case, as described below, in accordance with Fox Rothschild's normal hourly rates and reimbursement policies.

## QUALIFICATIONS

5. Fox Rothschild is a national law firm with approximately 950 attorneys. Its principal office is in Philadelphia, Pennsylvania, and the Firm has nearly two dozen more offices across the United States. The Debtor has selected Fox Rothschild as its counsel because of the Firm's extensive experience and knowledge in all aspects of the law that may arise in this chapter 11 case including, among others, bankruptcy, financial restructuring, and other related matters.

Fox Rothschild has the necessary expertise, experience, and knowledge practicing before bankruptcy courts, including this Court.

6. Fox Rothschild has worked closely with the Debtor in anticipation of its potential chapter 11 filing. As a result of this prepetition representation, Fox Rothschild is familiar with the Debtor, including the Debtor's business and organizational structure, asset monetization plans, and the steps necessary to carry out a successful chapter 11 case for the Debtor.

7. Accordingly, Fox Rothschild has the necessary background to deal effectively with many of the potential legal issues and difficulties that may arise in the Debtor's chapter 11 case. The Debtor believes that the appointment of Fox Rothschild as its bankruptcy counsel is in the best interest of the Debtor and its estate.

## SCOPE OF SERVICES TO BE PROVIDED

8. In this chapter 11 case, the Debtor anticipates that Fox Rothschild will render general legal services as needed, including, without limitation, as to bankruptcy, financial restructuring, corporate, and litigation matters. The Debtor requests the retention and employment of Fox Rothschild for rendering the following necessary legal services required in this case, including, among others:

   a. Advising the Debtor of its rights and obligations, and performance of its duties during the administration of this chapter 11 case;

   b. Advising and consulting on the conduct of this chapter 11 case, including all of the legal and administrative requirements of chapter 11;

   c. Attending meetings and negotiations with other parties in interest on the Debtor's behalf in this chapter 11 case;

   d. Taking all necessary action to protect and preserve the Debtor's estate including: the prosecution of actions, the defense of any actions taken against the Debtor, negotiations concerning all litigation in which the Debtor is involved, and objecting to claims filed against the estate which are believed to be inaccurate;

3

    e.  Prepare pleadings in connection with this chapter 11 case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate;

    f.  Negotiating and preparing a plan of reorganization, disclosure statement and all papers and pleadings related thereto and in support thereof and attending court hearings related thereto;

    g.  Representing the Debtor in all proceedings before this Court or other courts of jurisdiction in connection with this chapter 11 case, including preparing all motions, answers and orders necessary to protect the Debtor's interests;

    h.  Assisting the Debtor in developing legal positions and strategies with respect to all facets of these proceedings;

    i.  Performing all other necessary legal services for the Debtor in connection with this chapter 11 case and other general corporate and litigation matters, as may be necessary.

Horan Affidavit, ¶6.

9. The Debtor may, from time to time, request that Fox Rothschild undertake specific matters beyond the scope of the specific responsibilities set forth above. Should Fox Rothschild agree, in its sole discretion, to undertake any such specific matters, the Debtor seeks authority herein to employ Fox Rothschild for such matters, in addition to those set forth above, without further order of this Court.

10. The Debtor requires knowledgeable counsel to render these essential professional services. As described below, Fox Rothschild has substantial expertise in each of these areas. As a result, Fox Rothschild is well-qualified to perform these services and represent the Debtor's interests in this chapter 11 case. Subject to this Court's approval of this Application, Fox Rothschild is willing to serve as the Debtor's counsel and to perform the services described above. Horan Affidavit, ¶ 7.

**PROFESSIONAL COMPENSATION**

14.     The Debtor, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of the Court, propose to compensate Fox Rothschild at the Firm's regular hourly rates for legal and non-legal personnel, and to reimburse Fox Rothschild for all reasonable and necessary expenses under the provisions of Bankruptcy Code sections 330 and 331. The hourly rates and corresponding rate structure Fox Rothschild will use in this chapter 11 case, which are commensurate with (if not lower than) rates charged by similarly situated firms, are the same as those Fox Rothschild uses in other restructuring matters, as well as in similarly complex non-bankruptcy matters, whether in court or otherwise, regardless of whether a fee application is required.

15.     Fox Rothschild has agreed to accept as compensation for its services such sums as may be allowed by this Court in accordance with applicable law on account of Fox Rothschild's fees and expenses.  Horan Affidavit, ¶ 10. The Debtor has agreed to pay Fox Rothschild's professional fees on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.

16.     Fox Rothschild's hourly rates are set at a level designed to compensate the Firm fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. As is the case with respect to rates charged in non-bankruptcy matters, Fox Rothschild's rates are subject to periodic adjustment to reflect economic and other conditions.  Fox Rothschild's current hourly rates applicable to the principal attorneys and paraprofessionals proposed to represent the Debtor are:

| Professional | Hourly Rate |
|---|---|
| Michael A. Sweet – Partner | $685 |
| Thomas Horan – Partner | $610 |
| Gordon E. Gouveia – Partner | $475 |
| Daniel Thompson – Associate | $335 |
| Amanda Hrycak – Paralegal | $245 |

Horan Affidavit, ¶ 11.

17. Other attorneys and paraprofessionals may render services to the Debtor, as needed. Generally, Fox Rothschild's hourly rates are in the following ranges:

| Professional | Hourly Rate |
|---|---|
| Partners | $295 to $965 |
| Counsel | $230 to $895 |
| Associates | $225 to $560 |
| Legal Assistants/Paralegals | $100 to $425 |

Horan Affidavit, ¶ 12.

18. As this chapter 11 case proceeds, additional Fox Rothschild partners, counsel, associates and paraprofessionals may be assigned to work on this case. It is also possible that Fox Rothschild's representation of the Debtor will require the active participation of attorneys from other departments in the Firm, in addition to the bankruptcy and restructuring lawyers assigned to this chapter 11 case, as listed above. To the fullest extent possible, lawyers having the requisite expertise who already have knowledge with respect to the areas and/or the matters involved will be assigned. Consistent with the ranges of hourly rates described above, the hourly rates of the other partners, counsel, associates and paraprofessionals in the Firm that hereafter may act for the Debtor may be higher or lower than those of the persons listed above. Horan Affidavit, ¶ 13.

19. There is no agreement of any nature, other than with respect to the attorneys at Fox Rothschild, as to the sharing of compensation to be paid to Fox Rothschild. Horan Affidavit, ¶ 14.

20. Fox Rothschild will seek compensation for its fees and expenses incurred on behalf of the Debtor, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines, and any applicable rules or orders of this Court, from Debtor's estate. Horan Affidavit, ¶ 15.

21. It is Fox Rothschild's policy to charge, in all areas of practice, for all expenses incurred in connection with a particular representation, including, among other things, parking, mileage, meals and hotel costs, and use of outside service providers inducing printers or experts. The Firm will charge Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to its other clients. Fox Rothschild believes that it is more accurate and

efficient to charge these expenses to the particular matter involved rather than increasing the hourly rates and spreading the expenses among all clients. Horan Affidavit, ¶ 16.

## DISINTERESTEDNESS

22. To the best of the Debtor's knowledge, information and belief, other than as may be set forth herein or in the Horan Affidavit and exhibits attached thereto, Fox Rothschild does not hold or represent any interest adverse to the Debtor or Debtor's estate, and Fox Rothschild is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and used in Bankruptcy Code section 327(a), in that:

a. Fox Rothschild, its partners, of counsel and associates:

   i. are not creditors or insiders of the Debtor;

   ii. are not and were not, within two years before the date of this application, a director, officer, or employee of any Debtor, as specified in subparagraph (c) of 11 U.S.C. § 101(14); and

   iii. do not hold an interest materially adverse to the interest of the estate or of any class of creditors or equity holders except as stated herein or in the Horan Affidavit.

b. Fox Rothschild does not represent or otherwise have other material connections with any persons or entities other than as disclosed in Exhibit 2 attached to the Horan Affidavit. Fox Rothschild will supplement these disclosures in the event further material connections are discovered regarding persons or entities that later become identified as parties in interest in this chapter 11 case.

c. Fox Rothschild does not have any connection with the judge of this Court, the Debtor, its creditors, or other parties in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee for the District of Delaware, except as may be set forth in the Horan Affidavit.

Horan Affidavit, ¶ 17.

23. The Debtor has been advised that Fox Rothschild has conducted a thorough search using its computerized conflicts check system, based on the information received to date from the Debtor, and that Fox Rothschild attorneys have made diligent efforts to search the Firm's records and assemble pertinent information for purposes of the Horan Affidavit with respect to Fox Rothschild's connections with the Debtor's creditors, parties in interest and their respective attorneys and accountants. If the Debtor obtains additional information regarding its creditors and/or parties in interest, the Debtor will forward such additional information to Fox Rothschild to run an updated conflict search and file a supplement to the Horan Affidavit. Horan Affidavit, ¶18.

24. The Debtor has been advised that, from time to time, because of the nature of Fox Rothschild's practice, Fox Rothschild may be engaged by one or more of the Debtor's creditors in matters entirely unrelated this chapter 11 case, or may represent parties adverse to certain creditors in this chapter 11 case on matters entirely unrelated to this chapter 11 case. Fox Rothschild may represent clients in litigation, transactions, insolvency and other matters throughout the United States, provided, however, that any such matter will not relate directly or indirectly to the representation of the Debtor in this chapter 11 case. Horan Affidavit, ¶19.

**RETROACTIVE RELIEF IS WARRANTED**

25. The Debtor believes that employment of Fox Rothschild effective as of the Petition Date is warranted under the circumstances of this chapter 11 case so that Fox Rothschild may be compensated for its services prior to entry of an order approving Fox Rothschild's retention. Further, the Debtor believes that no party in interest will be prejudiced by the approval of retroactive employment because Fox Rothschild has provided, and will continue to provide, valuable services to the Debtor's estates in the interim period.

**NOTICE**

26. The Debtor has provided notice of this Application to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney for the District of Delaware; (iii) holders of the twenty (20) largest unsecured claims against each of the

8

Debtor; and (iv) any party that has requested notice under Bankruptcy Rule 2002. Notice of this Application and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

Wherefore, the Debtor respectfully requests entry of an order authorizing the relief requested herein, substantially in the form attached hereto as <u>Exhibit A</u>, and granting the Debtor such other and further other relief as may be appropriate.

Dated: April 21, 2020

_____
Edward T. Gavin
Chief Restructuring and Liquidation Officer
of SureFunding, LLC