# **EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SureFunding, LLC,[1] | Case No. 20-10953 (LSS) |
| Debtor. | |

**AFFIDAVIT OF THOMAS M. HORAN IN SUPPORT OF DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FOX ROTHSCHILD, LLP AS COUNSEL FOR THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

1. I, Thomas M. Horan, am a partner in the Bankruptcy and Financial Restructuring Group at Fox Rothschild LLP ("Fox Rothschild"), a law firm that employs approximately 950 attorneys and that maintains offices at, among other locations, 919 N. Market St., Suite 300, Wilmington, Delaware.

2. I am fully familiar with the facts in this affidavit, and I am authorized to make this affidavit on behalf of Fox Rothschild.

3. I submit this affidavit in support of the Debtor's *Application for Entry of an Order Authorizing the Retention and Employment of Fox Rothschild, LLP as Counsel for the Debtor Nunc Pro Tunc to the Petition Date* (the "Application").

4. Fox Rothschild is well suited for the type of representation required by the Debtor. Fox Rothschild has a national practice and has experience in all aspects of the law that may arise in this chapter 11 case including, among others, bankruptcy, financial restructuring, and other related matters.

---

[1] The last four digits of the Debtor's taxpayer identification number is 7898. The Debtor's headquarters and service address is 6671 Las Vegas Blvd., Suite 210, Las Vegas, NV 89119.

109637448

5.  In this chapter 11 case, the Debtor anticipates that Fox Rothschild will render general legal services as needed, including as to bankruptcy, financial restructuring, corporate, and litigation matters. The Debtor requests the retention and employment of Fox Rothschild for rendering the following necessary legal services required in this case, including, among others:

   a. Advising the Debtor of its rights and obligations, and performance of its duties during the administration of this chapter 11 case;

   b. Advising and consulting on the conduct of this chapter 11 case, including all of the legal and administrative requirements of chapter 11;

   c. Attending meetings and negotiations with other parties in interest on the Debtor's behalf in this chapter 11 case;

   d. Taking all necessary action to protect and preserve the Debtor's estate including: the prosecution of actions, the defense of any actions taken against the Debtor, negotiations concerning all litigation in which the Debtor is involved, and objecting to claims filed against the estate which are believed to be inaccurate;

   e. Prepare pleadings in connection with this chapter 11 case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate;

   f. Negotiating and preparing a plan of reorganization, disclosure statement and all papers and pleadings related thereto and in support thereof and attending court hearings related thereto;

   g. Representing the Debtor in all proceedings before this Court or other courts of jurisdiction in connection with this chapter 11 case, including preparing and/or reviewing all motions, answers and orders necessary to protect the Debtor's interests;

   h. Assisting the Debtor in developing legal positions and strategies with respect to all facets of these proceedings;

   i. Performing all other necessary legal services for the Debtor in connection with this chapter 11 case and other general corporate and litigation matters, as may be necessary.

  6. The Debtor requires knowledgeable counsel to render these essential professional services. As described below, Fox Rothschild has substantial expertise in each of these areas. As a result, Fox Rothschild is well-qualified to perform these services and represent the Debtor's interests in these chapter 11 proceedings. Subject to this Court's approval of this Application, Fox Rothschild is willing to serve as the Debtor's counsel and to perform the services described herein.

  7. Fox Rothschild has provided the Debtor with a variety of legal services relating to the Debtor's restructuring efforts and preparation for the chapter 11 filing. Fox Rothschild was paid for these services in the ordinary course of Debtor's business.

  8. Pursuant to an engagement letter dated March 24, 2020, Fox Rothschild initially was retained to assist and advise the Debtors with respect to certain litigation and to provide restructuring advice. Fox Rothschild received a $125,000 retainer in connection with that engagement. Fox Rothschild was paid for the services provided pursuant to the March 24, 2020 engagement letter by application of its retainer and receipt of additional payments made by the Debtors in the ordinary course and in accordance with the terms of Fox Rothschild's engagement.

  9. Pursuant to a supplemental engagement letter dated April 13, 2020, Fox Rothschild's services to the Debtors were expanded to include assistance and advice with respect to preparations for a reorganization under chapter 11 of the Bankruptcy Code. Fox Rothschild received a $300,000 retainer in connection with that expanded engagement from the HARRAY Holdings Trust ($167,000) and the CTJT Family Trust ($133,000). Prior to filing the Debtor's chapter 11 petition, Fox Rothschild applied this second retainer to amounts owed on account of prepetition services provided to the Debtors. All fees and expenses for services

3

109637448

rendered prior to the Petition Date were paid prior to the Petition Date. Fox Rothschild has no claims against the Debtor for any unpaid fees and expenses incurred prior to the Petition Date.

10. Fox Rothschild has agreed to accept as compensation for its services such sums as may be allowed by this Court in accordance with applicable law on account of Fox Rothschild's fees and expenses.

11. Fox Rothschild's hourly rates are set at a level designed to compensate the Firm fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. As is the case with respect to rates charged in non-bankruptcy matters, Fox Rothschild's rates are subject to periodic adjustment to reflect economic and other conditions. Fox Rothschild's current hourly rates applicable to the principal attorneys and paraprofessionals proposed to represent the Debtor are:

| Professional | Hourly Rate |
| --- | --- |
| Michael A. Sweet – Partner | $685 |
| Thomas Horan – Partner | $610 |
| Gordon E. Gouveia – Partner | $475 |
| Daniel Thompson – Associate | $335 |
| Amanda Hrycak – Paralegal | $245 |

12. Other attorneys and paraprofessionals may render services to the Debtor, as needed. Generally, Fox Rothschild's hourly rates are in the following ranges:

| Professional | Hourly Rate |
| --- | --- |
| Partners | $295 to $965 |
| Counsel | $230 to $895 |
| Associates | $225 to $560 |
| Legal Assistants/Paralegals | $100 to $425 |

13. As this chapter 11 case proceeds, additional Fox Rothschild partners, counsel, associates and paraprofessionals may be assigned to work on this case. It is also possible that Fox Rothschild's representation of the Debtor will require the active participation of attorneys from other departments in the Firm, in addition to the bankruptcy and restructuring lawyers

4

assigned to this chapter 11 case, as listed above. To the fullest extent possible, lawyers having the requisite expertise who already have knowledge with respect to the areas and/or the matters involved will be assigned. Consistent with the ranges of hourly rates described above, the hourly rates of the other partners, counsel, associates and paraprofessionals in the Firm that hereafter may act for the Debtor may be higher or lower than those of the persons listed above.

14. There is no agreement of any nature, other than with respect to the attorneys at Fox Rothschild, as to the sharing of compensation to be paid to Fox Rothschild.

15. Fox Rothschild will seek compensation for its fees and expenses incurred on behalf of the Debtor, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines, and any applicable rules or orders of this Court, from Debtor's estate.

16. It is Fox Rothschild's policy to charge, in all areas of practice, for all expenses incurred in connection with a particular representation, including, among other things, parking, mileage, meals and hotel costs, and use of outside service providers inducing printers or experts. The Firm will charge Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to its other clients. Fox Rothschild believes that it is more accurate and efficient to charge these expenses to the particular matter involved rather than increasing the hourly rates and spreading the expenses among all clients.

17. Fox Rothschild has conducted, and continues to conduct, research into its relations with the Debtor, its creditors, and other parties interested in these cases. As part of this inquiry, Fox Rothschild obtained the names of individuals or entities that may be parties-in-interest in this chapter 11 case (the "Potential Parties-in-Interest") annexed hereto as Exhibit 1.

18. To the best of the Debtor's knowledge, information and belief, other than as may be set forth herein and exhibits attached hereto or in the Application, Fox Rothschild does not hold or represent any interest adverse to the Debtor or the Debtor's estate, and Fox Rothschild is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as

5

modified by Bankruptcy Code section 1107(b), and used in Bankruptcy Code section 327(a), in that:

- a. Fox Rothschild, its partners, of counsel, and associates:
    - i. are not creditors or insiders of the Debtor;
    - ii. are not and were not, within two years before the date of this application, a director, officer, or employee of any Debtor, as specified in subparagraph (c) of 11 U.S.C. § 101(14); and
    - iii. do not hold an interest materially adverse to the interest of the estate or of any class of creditors or equity holders except as stated herein or in the Application.
- b. Fox Rothschild does not represent or otherwise have other material connections with any persons or entities other than as disclosed in <u>Exhibit 2</u> attached to this affidavit. Fox Rothschild will supplement these disclosures in the event further material connections are discovered regarding persons or entities that later become identified as parties in interest in this chapter 11 case.
- c. Fox Rothschild does not have any connection with the judge of this Court, the Debtor, its creditors, or other parties in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee for the District of Delaware.

19. The Debtor has been advised that Fox Rothschild has conducted a thorough search using its computerized conflicts check system, based on the information received to date from the Debtor, and that Fox Rothschild attorneys have made diligent efforts to search the Firm's records and assemble pertinent information for purposes of this Affidavit with respect to Fox Rothschild's connections with the Debtor's creditors, parties in interest and their respective attorneys and accountants. If the Debtor obtains additional information regarding its creditors and/or parties in interest, the Debtor will forward such additional information to Fox Rothschild to run an updated conflict search and file a supplement to this Affidavit.

20. The Debtor has been advised that, from time to time, because of the nature of Fox Rothschild's practice, Fox Rothschild may be engaged by one or more of the Debtor's creditors in matters entirely unrelated this chapter 11 case, or may represent parties adverse to certain creditors in this chapter 11 case on matters entirely unrelated to this chapter 11 case. Fox Rothschild may represent clients in litigation, transactions, insolvency and other matters throughout the United States, provided, however, that any such matter will not relate directly or indirectly to the representation of the Debtor in this chapter 11 case.

Dated:  April 21, 2020                                */s/ Thomas M. Horan*
                                                                    Thomas M. Horan

# Exhibit 1

**POTENTIAL PARTIES-IN-INTEREST**

**Debtor(s)**
Surefunding, LLC

**Non-Debtor Affiliates**
Jason Abernathy
Justin Abernathy
Marketplace Capital Strategies, LLC ("MCS")

**Case Professionals**
Gavin/Solmonese LLC

**Litigation Adverse Parties**
1086 LLC
Carrickfergus Investments, Ltd.
Charles B. Chokel Trust U/A 4/21/92
Coronel Earl
Jason Eckernoth
Eseco, LLC
June Farmer
Damon Gersh
Glickfield Capital Management, LLC FBO Cheryl Numark
Glickfield Capitla Management, LLC FBO M. Glickfield Dynasty Trust
Glickfield Capitla Management, LLC FBO Maria Schram
Brian Gray
Brett Hatton
HFJ Investments I, LLC
John B. Shaw 2012 Family Grantor Trust
Lineage LLC
Thomas Carl Myers
Neal J. Glickfield 2018 Trust
Patricia B. Jones Revocable Trust
Richard L. Rogers
Michael Rubenstein
Sequris Group, LLC
The Briggs Management Trust
The Carrot Family Trust
The Dylan Taylor 2011 Grantor Trust
The Sherri R. Sands Irrevocable Trust
TradePay

**Creditors**
Lorna Abernathy

Aliva Investments, Inc
Beach Ball Capital, LLC
BF LP
Mark Bitz
CNL 401(k) Plan
Blake Coler-Dark
ECP-III
ECP-IV
Equity Trust Company, Custodian FBO David Zebrowski 200368535 IRA
Equity Trust Company, Custodian FBO Michele Rodgers 200464710 IRA
Equity Trust Company, Custodian FBO Richard L Rogers DDS PA 200365676 PSP
Family Iron Trust
Michael Ferranti
Wayne Ferrari
Jack C. Fortnum
JJK-3 Holdings LLC
Justin Abernathy 2015 GRAT
Richard Manders
McClure FLP
Michael J. Rainen Trust, Dated May 4, 1990 As Amended
Millennium Trust Company, LLC fbo Lend Academy P2P Fund, LP
Mark Motichka
Dennis Pedra
Riverlyn Capital LLC
Self Directed IRA Services, Inc. Custodian FBO Earl Coronel IRA #201632733
Self Directed IRA Services, Inc. Custodian FBO Thomas Carl Myers IRA #201102545
Dylan Taylor
Mark Teitelbaum
Thomas Mark Sanfacon Revocable Trust
Wayne James and Associates, LLC

**Delaware Bankruptcy Judges**
Ashely M. Chan
Brendan L. Shannon
Christopher S. Sontchi
John T. Dorsey
Karen B. Owens
Laurie Selber Silverstein
Mary F. Walrath

**U.S Trustee's Office, District of Delaware**
Lauren Attix
David Buchbinder
Linda Casey
Holly Dice
Shakima L. Dortch

Timothy J. Fox, Jr.
Diane Giordano
Christine Green
Benjamin Hackman
Jefferey Heck
Jane Leamy
Hannah M. McCollum
James R. O'Malley
Michael Panacio
Linda Richenderfer
Juliet Sarkessian
Richard Schepacarter
Edith A. Serrano
Karen Starr
T. Patrick Tinker
Andy R. Vara
David Villagrana
Ramona Vinson
Dion Wynn

# Exhibit 2

| Name | Relationship |
|---|---|
| Jason Eckenroth | This party is a former client out of Boulder, CO, in a matter unrelated to this bankruptcy case |
| Brian Gray | This party is a former client with middle name "Charles" (no address available), in a matter unrelated to this bankruptcy case |
| BF LP | This party is a former client "BF Ventures LP" out of Dallas, TX; current transactional adversity to BF Ventures LP, in a matter unrelated to this bankruptcy case |
| Equity Trust Company, Custodian FBO David Zebrowski 200368535 IRA | Several client and adverse relationships with this party, but regarding different trusts, in matters unrelated to this bankruptcy case |
| Equity Trust Company, Custodian FBO Michele Rodgers 200464710 IRA | Several client and adverse relationships with this party, but regarding different trusts, in matters unrelated to this bankruptcy case |
| Equity Trust Company, Custodian FBO Richard L Rogers DDS PA 200365676 PSP | Several client and adverse relationships with this party, but regarding different trusts, in matters unrelated to this bankruptcy case |
| Gavin/Solmonese LLC | Represent party in matters unrelated to this bankruptcy case |

109746467.v1