# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> SureFunding, LLC,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 20-10953 (LSS) <br><br> **Re: D.I. 45** |

## ORDER APPROVING STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY ORDERED THAT:

1.  The Stipulation and Protective Order attached hereto as Exhibit 1 (the "Stipulated Protective Order")  is APPROVED and entered as an Order of this Court

2.  Pursuant to Rule 9018-1(c) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Parties to the Stipulated Protective Order are authorized to file confidential documents under seal without the requirement of filing a separate motion to that effect.

3.  This Court shall retain jurisdiction over all matters arising from or relating to the interpretation or implementation of this Order or the Stipulated Protective Order.

---

[1] The last four digits of the Debtor's taxpayer identification number is 7898. The Debtor's headquarters and service address is 6671 Las Vegas Blvd., Suite 210, Las Vegas, NV 89119.

109944045.v2
109996815.v1

4

# **<u>Exhibit 1</u>**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SureFunding, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 20-10953 (LSS) |

## STIPULATION AND PROTECTIVE ORDER

This Stipulation and Protective Order (the "Protective Order") is entered into by and among SureFunding, LLC, as debtor and debtor-in-possession (the "Debtor"), Brett Hatton; Earl Coronel; Autumn Wind Global Multi-Strategies Fund, LP; Damon Gersh; Jason Eckenroth; Sherri R. Sands, as Trustee of The Sherri R. Sands Revocable Trust; Glickfield Capital Management, LLC FBO M. Glickfield Dynasty Trust; Glickfield Capital Management, LLC FBO Cheryl Newmark; Glickfield Capital Management, LLC FBO Marla Schram; Carrickfergus Investments Limited; Stephane Carnot, as Trustee of the Carnot Family Trust; Dorsey and Whitney Trust Co., LLC, as Trustee of the Dylan Taylor 2011 Grantor Trust; ESECO, LLC; Sequris Group, LLC; Matthew Briggs, as Trustee of The Briggs Management Trust; Michael Rubenstein; June Farmer; Thomas Carl Myers; Richard L Rogers; Neal J. Glickfield, as Trustee of the Neal J. Glickfield 2018 Trust; Lineage, LLC; Charles B. Chokel, as Trustee of the Charles B. Chokel Trust U/A 4/21/92; Brian Gray; HFJ Investments I, LLC; Patricia B. Jones, as Trustee of the Patricia B Jones Revocable Trust; John B. Shaw as Trustee of the John B. Shaw 2012 Family Grantor Trust; and 1086 LLC (collectively, the "Noteholders"), through their respective counsel (each a "Party" and collectively, the "Parties"), and shall govern the production, review and handling of materials produced by one Party to another Party in the above-captioned bankruptcy case (the "Bankruptcy Case"), including any service of document requests and otherwise as provided by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court ("Discovery Requests").

---

[1] The last four digits of the Debtor's taxpayer identification number is 7898. The Debtor's headquarters and service address is 6671 Las Vegas Blvd., Suite 210, Las Vegas, NV 89119.

109944045.v2
109996815.v1

6

To expedite the exchange of discovery materials, to facilitate the prompt resolution of disputes over confidentiality, and to protect discovery material entitled to be kept confidential, the Parties stipulate and agree as follows:

1. This Protective Order applies to any and all information, document or thing that has been or will be produced in discovery or otherwise (the "<u>Discovery Materials</u>") by a Party or a non-Party[2] (each a "<u>Producing Party</u>"), to any other Party or non-Party (each a "<u>Receiving Party</u>") in the Bankruptcy Case or any adversary proceeding in the Bankruptcy Case (collectively, the "<u>Proceedings</u>"). Discovery Materials also shall include, without limitation, testimony adduced at depositions; answers to interrogatories and requests for admission; documents and things produced in discovery or voluntarily or pursuant to any other type of request (including any information, documents and things provided via electronic access to data rooms or other hosted sites); and documents and things provided pursuant to subpoena in connection with the Proceedings. Discovery Materials shall also include all information, filings, documents, and things derived from, based on or incorporating any of the foregoing material.

2. The Parties agree that the Parties shall submit this Stipulation and Protective Order to serve as a stipulated protective order for governing exchanges of Discovery Material. The Parties expressly agree to abide by the terms of this Stipulation and Protective Order pending action by the Court to either enter or deny the same.

3. This Protective Order governs the production or provision of Discovery Materials and does not affect, amend or modify any existing confidentiality agreements.

**Designating Discovery Material**

4. Any Producing Party providing Discovery Materials may designate as "Confidential" (thereafter, the "<u>Designating Party</u>") that portion of any Discovery Material produced or disclosed in the Proceedings (whether or not the Designating Party is the Party that

---

[2] Reference herein to "non-Parties" or a "non-Party," or a "non-Party" becoming a "Party," is for purposes of reference in this Order only. All such references herein are not intended to reflect any agreement as to whether any "Party" is or will become a "party," or any "non-Party" will not be a "party," in any case or other proceeding, or otherwise to reflect any agreement as to the "party" or "non-party" status of any litigant.

7

produced or disclosed those Discovery Materials) that the Designating Party believes in good faith meets the criteria in paragraph 6 below, provided that, Confidential Information shall not include:

(a) information that is at any time independently developed by the Receiving Party without use of or reliance upon any Discovery Materials;

(b) information that was, prior to disclosure, rightfully in the possession of the Receiving Party and not otherwise subject to a duty of confidentiality;

(c) information that is publicly available in substantially the same form in which it was provided by the Party producing or disclosing the information; and

(d) information that was, is, or becomes public knowledge, other than in violation of this Protective Order.

6. A Designating Party may designate as "Confidential" only Discovery Materials, or any portion thereof, if it believes in good faith that such Discovery Material constitutes or includes information that is proprietary or commercially sensitive, contains private personal information, contains non-public financial information, or is subject to protection under applicable law or regulation ("Confidential Information"). Confidential Information includes, but is not limited to, the following types of information:

(a) non-public information that is of a personal nature;

(b) non-public information that is of a business, financial, or commercial nature;

(c) non-public information that constitutes confidential research or business development, confidential technical information and data, or trade secrets;

(d) non-public information relating to finances, employee compensation, or taxes concerning one or more of the Parties, its affiliates, employees, or clients;

(e) information that is not generally known to persons other than the Designating Party and its representatives, agents, employees and affiliates, including, without limitation, information about products, processes, operations, computer programs, marketing, business plans, accounting records, customer lists, supplier lists, formulae, collection, tabulation and analyses of data, materials, working papers, plans, devices, research and methods of doing business; and

(f)    information that a Party is required by contract, law or regulation to protect from disclosure.

7.    Where practicable given the circumstances and timing of productions, the Designating Party shall designate Discovery Materials as Confidential by applying the legend "Confidential" to the Discovery Materials. In the case of data stored in electronic form, the legend shall be printed on the cover or container of the disk, tape or other medium in which the electronic data is produced, and on each page of each document produced (except in the case of spreadsheet files and PowerPoints produced in native format, which may be designated by adding the word "Confidential" to the electronic file name and applying such legend to any slip sheet indicating the presence of a native file in a production). In the case of Discovery Materials provided via electronic access to data rooms or other hosted sites (or other circumstances where applying a legend to the Discovery Materials is not practicable), a blanket designation may be provided by email or other written notice. Where the Designating Party was not the Party that produced or disclosed the Discovery Materials, the Designating Party shall designate Discovery Materials as Confidential by written notice to the other Parties.

## Non-Disclosure of Confidential Information

8.    Any Discovery Material designated "Confidential" (Confidential Information) may be used only in connection with the Bankruptcy Case. In no instance may Confidential Information be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation.

9.    Confidential Information shall be maintained in confidence and shall not be shared by any Receiving Party that receives the Confidential Information with any person other than:

(a)    the Receiving Party's counsel (including in-house and local counsel) participating in the Proceedings and their legal, clerical, or support staff, including temporary or contract staff and service vendors (including outside copying and litigation support services);

9

(b) the Receiving Party's present or former officers, directors, trustees, partners, members or employees whose review of the Confidential Information is necessary (as determined in the reasonable discretion of the Receiving Party) for the Proceedings;

(c) the Receiving Party's affiliates and such affiliates' managers, administrators, present or former officers, directors, trustees, partners, or employees whose review of the Confidential Information is necessary (as determined in the reasonable discretion of the Receiving Party) for the Proceedings, in which case each such affiliate will be bound by the provisions of this Protective Order, and the Receiving Party will be responsible for any violations of the Protective Order by its affiliates;

(d) expert witnesses or consultants who are employed or retained by the Receiving Party or its counsel in connection with the Proceedings, provided that counsel, in good faith, requires their assistance, and further provided that any report created by such expert or consultant relying on or incorporating Confidential Information in whole or in part shall be designated as Confidential Information by the Party responsible for its creation;

(e) any author or original recipient of the Confidential Information;

(f) deponents and witnesses or prospective witnesses in the Proceedings, where such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation, or discovery;

(g) the Court and its personnel, subject to paragraph 12 below;

(h) court reporters, their staffs and professional vendors to whom disclosure is reasonably necessary for purposes of the Proceedings;

(i) the United States Trustee for the District of Delaware (the "U.S. Trustee"), and his counsel and support staff; and

(j) any other person, with the express written authorization of the Designating Party, or upon order of the Court.

10. <u>Depositions</u>. During any deposition or interview, if counsel for any Party reasonably believes that any answer to a question will result in the disclosure of Confidential Information, counsel may require that all persons other than the reporter, counsel and individuals entitled to view the Confidential Information leave the room during the relevant portion of the deposition or interview. Any Party shall have the right to designate, on the record or by written notice within fourteen (14) days following receipt of the final transcript of the deposition, any portion of the deposition transcript as Confidential Information, subject to the guidelines established in paragraphs 5 and 6 above. Transcripts of testimony or portions thereof so designated may, at the option of any Party, be appropriately marked and bound separately. Until a transcript or portion thereof has been designated Confidential, it shall not be deemed to be subject to this Protective Order.

11. <u>Non-Disclosure Declaration</u>. With the exception of court reporters, counsel for a Receiving Party shall provide a copy of this Protective Order to a representative of any professional firm or individual who is retained in connection with the Proceedings and is otherwise entitled to receive Confidential Information pursuant to the terms of this Protective Order (the "<u>Permitted Recipients</u>"). Prior to receipt of any Confidential Information, the Permitted Recipients shall submit a Declaration to the Parties to the effect that the Permitted Recipients agree to be bound by the terms of this Protective Order.

12. <u>Filing of Confidential Information</u>. The Bankruptcy Court's approval and entry of an order approving this Protective Order shall constitute authority pursuant to Local Rule 9018-1(c) for the Parties to file Confidential Information documents under seal without the necessity of filing a separate motion. As set forth in Local Rule 9018-1(b) and (c), if Confidential Information is to be filed with the Bankruptcy Court, it shall be filed in a prominently marked envelope with a cover sheet attached containing the caption, title of the document to be filed under seal, docket number of the order entered by the Bankruptcy Court approving this Protective Order, and the legend "CONFIDENTIAL TO BE KEPT UNDER SEAL" or with such other markings as required by the Court's rules. Where possible, only those portions of the filings with the Court that disclose

Confidential Information shall be redacted and filed under seal. This Paragraph is without prejudice to the right of any party to move upon notice to the applicable Party to unseal any papers filed under seal.

13. <u>Disclosure in Court Proceedings</u>.  Counsel (including counsel to the U.S. Trustee) shall confer on such procedures as are necessary to protect the confidentiality of Confidential Information used in open court in the Proceedings, and in the event counsel cannot agree on such procedures, the question shall be submitted to the Court for resolution.  In the event of such a dispute, the Designating Party shall bear the burden of proving that the Discovery Materials in question are entitled, under applicable law, to protection from disclosure in the context of a court proceeding.

14. <u>The U.S. Trustee</u>. Nothing herein shall prevent the U.S. Trustee from disclosing Confidential Information for civil or criminal law enforcement purposes, whether informally or in compliance with a subpoena or court order. To the extent that Confidential Information is sought from the U.S. Trustee pursuant to any request under the Freedom of Information Act, the Privacy Act, or other applicable law requiring disclosure, or informal requests from other government agencies, prior to the disclosure of any Confidential Information, the U.S. Trustee shall provide the Designating Party with prompt written notice to give the Designating Party an opportunity to object to the disclosure of any specific portion of the Confidential Information. If the Designating Party does not object within seven days after the date of the U.S. Trustee's written notice, then the U.S. Trustee may disclose the Confidential Information. If the Designating Party objects, then the U.S. Trustee will not disclose the Confidential Information until either (a) a consensual resolution is reached or (b) the Designating Party obtains relief from the Court; provided, however, that the U.S. Trustee may disclose the Confidential Information if a resolution has not been reached and the Court has not entered an order restricting disclosure within 14 days after the U.S. Trustee's written notice.

15. <u>Use Of Non-Confidential Material</u>: To the extent that any Party has documents or information that (i) are received or become available to a Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (ii) were independently developed

by such Party without violating its obligations hereunder; or (iii) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party (collectively "Non-Confidential Material"), nothing in this Protective Order shall limit a Party's ability to use Non-Confidential Material in a deposition, hearing, trial or otherwise in connection with the Proceedings. Nothing in this Protective Order shall affect the obligation of any Party to comply with any other confidentiality agreement with, or undertaking to, any other person or Party, including, but not limited to, any confidentiality obligations arising from agreements entered into prior to these Proceedings.

16. **Disputes over Designation of Discovery Materials**. In the event that any Party objects to any designation of testimony or Discovery Materials as Confidential Information (the "Objecting Party"), the Objecting Party shall first raise the objection with the Designating Party in writing, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order. If those efforts are unsuccessful, the Objecting Party may seek a ruling from the Court on an expedited basis that such information should not be treated as Confidential Information. No Confidential Information shall be filed in the public record prior to such a determination by the Court. In the event of such a dispute, the Designating Party shall bear the burden of proving that the Discovery Materials in question are entitled to protection from disclosure. In connection with any request for relief concerning the propriety of a "Confidential" designation, the Designating Party shall bear the burden of proof.

17. **No Waiver**. The failure to designate any Discovery Materials as Confidential does not constitute a waiver of such claim. If at any time any of the Parties determines or realizes that certain testimony or some portion of Discovery Materials that was previously produced should be designated as Confidential Information, that Party may notify all of the other Parties in writing, and such designated testimony or portion of Discovery Materials will thereafter be treated as Confidential Information under the terms of this Protective Order. In the event of a change in designation, upon reasonable request, the Designating Party (at its cost) shall provide substitute copies of the Discovery Materials in question bearing an updated legend, in accordance with

13

paragraph 6 hereof. If such information has been disclosed by a Receiving Party between the time of production or receipt of the transcript containing the testimony and the time at which a Party gives notice that the Discovery Materials are to be designated as Confidential Information, such disclosure does not constitute a violation of this Protective Order. Furthermore, no disclosure, production or exchange of Discovery Materials in this case shall constitute a waiver of any applicable attorney-client privilege, any applicable work product protection, any privilege or protection under the joint defense or common interest doctrines, or any other privilege in this or any other federal or state proceeding under any circumstances.

18.     Inadvertent Production.  In the event that any Party inadvertently produces any material that it determines is privileged or otherwise immune from discovery, in whole or in part, pursuant to the attorney-client privilege, work product doctrine, common interest doctrine, joint defense doctrine, or any other applicable privilege or protection from disclosure (the "Inadvertently Producing Party"), such materials ("Protected Information") may be retrieved by the Inadvertently Producing Party by giving written notice to the other Parties receiving such Protected Information. Inadvertent production of Protected Information shall not be deemed a waiver of, or estoppel as to, any privilege or protection from disclosure or any claim asserted by the Inadvertently Producing Party that the materials in question constitute Protected Information. Upon receipt of written notice that an Inadvertently Producing Party intends to retrieve Protected Information, the other Parties or any other persons who have received a copy of the Protected Information shall promptly return all copies of such Protected Information to the Inadvertently Producing Party or have all such copies destroyed. The Inadvertently Producing Party shall provide a privilege log that specifically identifies each of the inadvertently disclosed document(s) and/or information, and discloses all persons to whom the document and/or information has been disclosed at any time. If the receiving party disagrees with the claim of privilege or work-product protection as to an inadvertently disclosed and/or produced document and/or information, the receiving party may seek relief from the Court. The terms of this paragraph shall not be deemed a waiver of the other Parties' right to challenge the Inadvertently Producing Party's designation of materials as Protected Information (provided, however, that any such challenge to the designation

may be made only following the return of such identified documents to the Inadvertently Producing Party or destruction of such documents). The Parties shall not use any inadvertently produced Protected Information, or information gleaned exclusively from any inadvertently produced Protected Information, in connection with the Proceedings or any other actions, unless the designation of such information as Protected Information is successfully challenged in Court.

19. <u>No Bar Against Seeking Further Protection</u>. Nothing in this Protective Order shall be construed as preventing any Party from seeking further protection for or disclosure of any Discovery Material.

20. <u>No Admission Regarding Admissibility or Relevancy</u>. Nothing in this Protective Order shall be construed to affect in any way the admissibility or relevance of any Discovery Material or other evidence.

21. <u>Reservation of Rights</u>. Nothing in this Protective Order shall constitute:

(a) an order of the Court directing the parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by the Court;

(b) a waiver by any person or party of any right to object to or seek a further protective order with respect to any discovery request in this or any other action; or

(c) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information.

22. <u>Obligations Following Conclusion of the Proceedings.</u> Within sixty (60) calendar days after receiving notice of an entry of an order, judgment or decree finally disposing of the Proceedings and any related litigation, including the exhaustion of all possible appeals and other review, the Parties shall, upon written request by any Designating Party, either: (a) return all Confidential Information and all copies thereof (including summaries and excerpts and including all such material provided by a Party to any other persons, whether or not in accordance herewith) to counsel for the Party that produced or disclosed such materials; or (b) destroy or cause to be destroyed all Confidential Information. As to documents that have been received or stored

15

electronically and that cannot reasonably be returned, deleted or destroyed, the recipient must take reasonable measures to ensure that unauthorized persons do not have access to Confidential Information. Notwithstanding the foregoing, counsel to any Party shall be entitled to retain court papers, deposition and court transcripts and attorney work product that refer to or relate to Confidential Information. Additionally, the Parties and Permitted Recipients shall be entitled to maintain Confidential Information to the extent required by law or regulation (including regulations of a stock exchange or a self-regulatory body), or internal document retention policies; provided, however, that such information shall remain subject to the terms of this Protective Order

23. **Binding Effect**. The provisions of this Protective Order shall, absent an agreement in writing of the Parties, or further order of the Court, continue to be binding throughout the conclusion of the Proceedings, including without limitation any appeals therefrom. The final termination of the Proceedings and the Debtor's emergence from bankruptcy, through plan confirmation or dismissal, shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order.

24. **Advice of Counsel**. Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Proceedings and, in the course thereof, relying on examination of Discovery Materials.

25. **Prior Agreements**. The Parties agree that the provisions and requirements set forth in this Protective Order supersede all prior agreements with respect to the confidentiality of the Discovery Material.

26. **Continuing Jurisdiction**. This Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Protective Order upon appropriate motion by a party in interest. Nothing herein shall preclude any party from seeking to amend or modify the terms of this Protective Order upon appropriate motion and order of the Court.

Dated: April 29, 2020                                **FOX ROTHSCHILD LLP**

*/s/ Thomas M. Horan*
Thomas M. Horan (DE Bar No. 4641)
Daniel B. Thompson (DE Bar No. 6588)
919 N. Market St., Suite 300
Wilmington, DE 19899-2323
Telephone: (302) 654-7444
E-mail: thoran@foxrothschild.com
E-mail: danielthompson@foxrothschild.com

Michael A. Sweet (admitted pro hac vice)
325 California St., Suite 2200
San Francisco, CA 94104-2670
Telephone: (415) 364-5560
E-mail: msweet@foxrothschild.com

Gordon E. Gouveia (admitted pro hac vice)
321 N. Clark St., Suite 1600
Chicago, IL 60654
Telephone: (312) 980-3816
E-mail: ggouveia@foxrothschild.com

*Proposed Counsel to the Debtor and Debtor-in-Possession*

17

<table>
<tr><td>Dated: April 29, 2020</td><td>**BLANK ROME LLP**</td></tr>
</table>

*/s/ Victoria A. Guilfoyle*
Victoria A. Guilfoyle (DE No. 5183)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Email: vguilfoyle@blankrome.com

William J. Dorsey (admitted pro hac vice)
Paige B. Tinkham (admitted pro hac vice)
Kenneth J. Ottaviano (admitted pro hac vice)
444 West Lake Street, Suite 1650
Chicago, Illinois
Telephone: (312) 776-2512
Email: wdorsey@blankrome.com
Email: ptinkham@blankrome.com
Email: kottaviano@blankrome.com

*Counsel for the Noteholders*

**Dated: April 30th, 2020**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

18

109944.01300/109996815.v1