# BLANKROME

444 West Lake Street | Suite 1650 | Chicago, IL 60606

Phone:   (312) 776-2512
Fax:     (312) 264-2425
Email:   wdorsey@blankrome.com

May 6, 2020

<u>Filed Via ECF and Sent Via Email</u>
Honorable Laurie Selber Silverstein
United States Bankruptcy Court for the District of Delaware
824 North Market Street
6th Floor
Wilmington, DE 19801

      Re:   *In re SureFunding, LLC*, Case No. 20-10953
               May 12, 2020 Motion to Dismiss Hearing Discovery Issues

Dear Judge Silverstein:

      Pursuant to this Court's request for submission of a letter highlighting discovery disputes in advance of the May 12, 2020 hearing, the Noteholders[1] state as follows and request to be heard at the previously scheduled May 7th hearing.

1. ***Debtor should be barred from assigning value to Tradepay litigation or Euler Hermes claims.***

      The Noteholders' motion to dismiss argues that Debtor's petition was a bad faith filing because, among other things, it was filed to overturn the Nevada Court's appointment of a receiver over the debtor – the day after the order enumerating the receiver's powers was entered and nearly a week after Mr. Flanagan was first appointed receiver. The Noteholders further claim that the case was not filed in good faith because, among other things, it serves no valid bankruptcy purpose and was filed to reverse the Nevada Court's order and invoke the automatic stay. (Motion at 13-15.) It is Debtor's burden to prove good faith.

      In its response, Debtor claims good faith on the grounds that Debtor will propose a reorganization plan centered around the Tradepay litigation and related Euler Hermes insurance claims. (Doc. 57 at 28.) Tradepay represents 80-90 percent of Surefunding's investments. That entire investment, $34 million, was lost to an India-based criminal ring through which the

---

[1] The "Noteholders" represent approximately $23 million of the Debtors' $34 million outstanding secured debt and have moved to dismiss the Debtor's petition. Since the last hearing, several additional noteholders, representing several million dollars more, have voiced their support for the motion if a negotiated settlement cannot be reached.

# BLANKROME

Honorable Laurie Selber Silverstein
May 6, 2020
Page 2

Abernathys chose to invest. The Noteholder's counsel has issued discovery requests to Debtor and a third-party subpoena to Tab Turner's firm – whom the Debtor has moved to retain to handle the litigation and insurance claims – seeking information regarding the Tradepay investments and potential recovery, which to date has been zero dollars. The requests include documents already gathered and produced previously by Debtor.

Nevertheless, as described more fully in the Noteholders' objection to retention of professionals (Doc. 56), Debtor has refused to produce the documents; and Mr. Turner has repeatedly refused to accept service of a subpoena emailed to him and personally delivered to his law office and Arkansas residence. Indeed, though he has insisted on attending depositions *in this case*, over Noteholders' objection, Mr. Turner again refused to accept service of a subpoena or voluntarily produce documents.[2]

Debtor cannot use the Tradepay litigation and insurance claims as both sword and shield. Debtor should be barred from attributing any value to Tradepay or insurance claims at hearing or addressing the merits of any purported reorganization plan, given the brazen refusal to produce related documents and Mr. Turner's decision to dodge service. In the alternative, those previously gathered Tradepay documents – and all documents relating to Mr. Turner's retention – should be ordered produced immediately. There is no additional expense associated with forwarding a previously gathered production.

2. ***All witnesses who do not sit for deposition or produce documents should be barred from testifying at hearing.***

Debtor's witness list identified two noteholders who were not part of the initial Noteholder group moving to dismiss the bankruptcy. The Noteholders promptly subpoenaed both for documents and depositions; and both accepted service of the subpoenas. This is no different from every other hearing witness, all of whom have been noticed or subpoenaed by one side or the other. From the outset, the Noteholders have confirmed that these depositions would likely be unnecessary if the witnesses would not testify.

While the testifying status of each witness remains unclear, the Noteholders respectfully request an order requiring that any witness who testifies at the hearing sit for noticed or subpoenaed depositions and produce requested documents this week or be precluded from testifying.

---

[2] At the Abernathys' depositions, they testified that Mr. Turner had been a personal friend for 15-20 years; that they had a previously undisclosed, joint real estate investment with Turner in Colorado; that their letter with Turner, purportedly effective in November 2019, was backdated; that no final contract was executed even though the 1 and ½ page letter contemplates a final agreement; that they did not consider other, cheaper alternatives; and that Mr. Turner is predominantly a personal injury lawyer.

123239679

BLANKROME

Honorable Laurie Selber Silverstein
May 6, 2020
Page 3

### 3. Debtor should be barred from claiming that the Abernathys were not involved in the Tradepay fraud.

Mr. Gavin's April 20th declaration in support of Debtor's voluntary petition (Doc. 23) claims at paragraph 25 that "Surefunding and Abernathys were not involved in the fraud perpetrated by Tradepay." Setting aside how Mr. Gavin could make such a statement less than a week into the case, he, Debtor, and the Abernathys should be barred from making such arguments at the hearing.[3] When asked for the basis of such statements at deposition, the Abernathys and Mr. Gavin refused to answer. Related documents have also been withheld. Both issues are the subject of the Abernathys' protective order motion, to which the Noteholders will respond separately.

We are pleased to inform the Court that we were able to resolve all other discovery issues with Debtor's counsel and appreciate their professionalism and cooperation in resolving those issues.

Very truly yours,

/s/ William J. Dorsey

William J. Dorsey
Partner

WJD:

cc:  Mr. Thomas Horan
     Mr. Gordon Gouveia
     Mr. Michael Sweet
     Mr. Scott Cousins

---

[3] The evidence will show that Mr. Gavin's purported retention post-dated the April 8 and April 13 Receiver Orders entered by the Nevada Court, and thus the Abernathys lacked authority to make the appointment.

123239679