# BLANKROME

444 West Lake Street | Suite 1650 | Chicago, IL 60606

*Phone:* (312) 776-2512
*Fax:* (312) 264-2425
*Email:* wdorsey@blankrome.com

May 8, 2020

<u>Filed Via ECF and Sent Via Email</u>
Honorable Laurie Selber Silverstein
United States Bankruptcy Court for the District of Delaware
824 North Market Street
6th Floor
Wilmington, DE 19801

   Re: *In re SureFunding, LLC*, Case No. 20-10953
      Response to Debtor Counsel's May 8, 2020 Letter
      Regarding Mr. Falkenberry's Deposition

Dear Judge Silverstein:

  We write in response to Debtor counsel's letter regarding Mr. Falkenberry's deposition. Debtor's counsel chose to notice Mr. Falkenberry's deposition for 2 p.m. Eastern on May 7th. They did not advise the court reporter, Mr. Falkenberry, or the Noteholders' counsel that they expected the deposition to last beyond normal business hours. Indeed, the calendar invite for the deposition circulated by the court reporting service reserved only three hours, ending at 5 p.m. Eastern. No other deposition in the case, including the Abernathys, has lasted longer than about 4 hours.

  Debtor's counsel spent the first two hours of the deposition asking about document requests. (This is somewhat ironic, given Debtor's refusal to produce already gathered documents.) For planning purposes, Noteholders' counsel then inquired about how much longer counsel planned to take. Counsel responded that he had another three and a half to four hours of questions. Noteholders' counsel asked about the court reporter's availability, and she informed the parties that she could stay until 8 p.m. Eastern. I asked Debtor's counsel to complete the deposition in the prescribed timeframe and stated that Mr. Falkenberry and I were prepared to stay as late as necessary to complete the deposition. The parties took only minimal breaks, and much of those were spent addressing deposition issues. None of the three legal professionals present for Debtor apparently looked into finding a replacement court reporter.

  Noteholders' counsel does not yet have the transcript from the deposition, but the questioning was often duplicative, harassing, and totally irrelevant to the pending motion to

# BLANKROME

Honorable Laurie Selber Silverstein
May 8, 2020
Page 2

dismiss centering on Debtors' bad faith. Questions included Mr. Falkenberry's feelings about the Abernathys' families and repeated retreads of prior questioning on irrelevant topics like Mr. Falkenberry's dealings with his own investors.

At the conclusion of the deposition, Noteholders' counsel asked Mr. Falkenberry if he was available the following day. Mr. Falkenberry responded that he had a busy day but could potentially make himself available for one hour between 7 and 8 a.m. Eastern. Noteholders' counsel objected, stating that Debtors' counsel had nearly six hours of questioning and should not be permitted to drag Mr. Falkenberry back for another day and question him again.

Noteholders' counsel respectfully requests that the Court deny Debtor's request to re-depose Mr. Falkenberry.

Very truly yours,

*s/ William J. Dorsey*

William J. Dorsey
Partner

WJD:gf

cc:   Mr. Thomas Horan
      Mr. Gordon Gouveia
      Mr. Michael Sweet
      Mr. Scott Cousins