# Jared Ullman

| | |
|---|---|
| **From:** | Tab Turner <tab@tturner.com> |
| **Sent:** | Sunday, May 10, 2020 11:52 AM |
| **To:** | Michael Ullman |
| **Cc:** | Benjamin Brodsky; Tony Thomas; Diana Simon; Jared Ullman; Docketing; Joe Johnson; Bard D. Rockenbach |
| **Subject:** | RE: SureFunding/Tradepay - Ullman & Ullman |

Yes sir. I will proceed accordingly.

Tab Turner
TURNER & ASSOCIATES, P.A.



**CONFIDENTIALITY NOTICE:**
The information contained in this electronic mail communication is intended only for the individual or entity to whom it is addressed. It may contain privileged and confidential information that is exempt from disclosure by law and if you are not the intended recipient you may not copy, distribute or take any action in reliance upon it. If you have received this e-mail transmission in error, please notify our office immediately by e-mail or by telephone. Thank you for your cooperation.

**From:** Michael Ullman [mailto:michael.ullman@uulaw.net]
**Sent:** Sunday, May 10, 2020 10:47 AM
**To:** Tab Turner <tab@tturner.com>
**Cc:** Benjamin Brodsky <bbrodsky@bfwlegal.com>; Tony Thomas <tony@tturner.com>; Diana Simon <diana.simon@uulaw.net>; Jared Ullman <jared.ullman@uulaw.net>; Michael Ullman <michael.ullman@uulaw.net>; Docketing <docketing@bfwlegal.com>; Joe Johnson <JJOHNSON@babbitt-johnson.com>; Bard D. Rockenbach <bdr@flappellatelaw.com>
**Subject:** Re: SureFunding/Tradepay - Ullman & Ullman

Mr. Turner, file whatever motion you feel appropriate.

Regards,

Mwu

Sent from my iPhone

> On May 10, 2020, at 8:36 AM, Tab Turner <tab@tturner.com> wrote:
>
> Mr. Ullman-
> First, the "tone and tenor" of my email is, in my view, cooperative, professional and designed to resolve rather than create disputes. I respectfully disagree that there is anything about the email that should make

1

you feel uncomfortable. If there is, it was certainly not aimed in that direction and you have my sincerest apologies.

Second, yes sir, I believe Judge Fine's order does apply to you, and everyone else in the world as per FL law, who reasonably questions the effect or enforceability of the irrevocable Power of Attorney (POA). I also provided you with the actual POA, which very clearly defines the duties and responsibilities of third parties, such as your Firm, that receive the POA. The law in FL (the statute) is also quite clear about a third parties responsibility when receiving such a document.

Thirdly, I will reiterate that my client has authorized me – as previously described – to permit you to withhold items you believe are protected from production by the AC privilege to address your concern about that issue. You can then produce a privilege log and have the materials submitted to Judge Fine in camera for a ruling. My client is not interested in having information it is not legally entitled to, but truly believes that the POA permits that here. You have likewise rejected that proposal to resolve the problem.

Lastly, I will interpret your note to mean that you and your Firm will not respond to the POA as required by FL law. If my interpretation is incorrect, please advise before Monday so we do not file papers unnecessarily.

Thank you for your patience and your cooperation.


Tab Turner
TURNER & ASSOCIATES, P.A.



CONFIDENTIALITY NOTICE:
The information contained in this electronic mail communication is intended only for the individual or entity to whom it is addressed. It may contain privileged and confidential information that is exempt from disclosure by law and if you are not the intended recipient you may not copy, distribute or take any action in reliance upon it. If you have received this e-mail transmission in error, please notify our office immediately by e-mail or by telephone. Thank you for your cooperation.

**From:** Michael Ullman [mailto:michael.ullman@uulaw.net]
**Sent:** Saturday, May 9, 2020 8:36 PM
**To:** Tab Turner <tab@tturner.com>
**Cc:** Benjamin Brodsky <bbrodsky@bfwlegal.com>; Tony Thomas <tony@tturner.com>; Diana Simon <diana.simon@uulaw.net>; Jared Ullman <jared.ullman@uulaw.net>; Docketing <docketing@bfwlegal.com>; Joe Johnson <JJOHNSON@babbitt-johnson.com>; Bard D. Rockenbach <bdr@flappellatelaw.com>; Michael Ullman <michael.ullman@uulaw.net>
**Subject:** Re: SureFunding/Tradepay - Ullman & Ullman

Mr. Turner.

Without getting into any diatribe as you have done I only ask one question: are you suggesting the judge Fine has issued any order in your case directed towards Ullman & Ullman PA or requiring any form of compliance by Ullman & Ullman PA notwithstanding that Ullman & Ullman PA is neither a party to your case nor has it been given any notice or an opportunity to be heard in connection with any motion or order that has been entered in your case?

2

If so please provide such an order Or any legal authority that you have to support your newfound position.

Based on the tone and tenor of your email below I now find that you have put me in a position where I am no longer prepared to consider your request.

Regards,

Mwu

Sent from my iPhone

> On May 9, 2020, at 7:27 PM, Tab Turner <tab@tturner.com> wrote:
>
> Mr. Ullman and Mr. Brodsky:
>
> You both went silent yesterday afternoon after our last communication. I've been around long enough to know how much of a pain it is to deal with issues on Mother's Day Weekend, or Father's Day Weekend, especially in the midst of pandemic, but we do have some issues that we have to deal with one way or the other. Our goal is two things: (1) be as cooperative as we possibly can so that we are not overly imposing on people in this difficult time, but (2) also making sure that everyone has a full and fair opportunity to be heard on whatever they feel they need to be heard on before people start tossing hand grenades at each other.
>
> In summary, I have offered Mr. Ullman a suggested procedure for dealing with his privilege concerns, if he still has any, about attorney-client privilege with regard to the POA. He has neither accepted nor rejected that option. As to Mr. Brodsky, we have made clear that it is our view that he is without authority to speak for Tradepay, period. We have asked that if he disagrees to please articulate the authority he believes supports his right to speak for Tradepay. We think this is both crystal clear, but in fact ruled on, and that he has actually defied a Court Order at this point, which is arguably sanctionable conduct. Nevertheless, rather than tossing hand grenades, we are doing our best to address these complications informally rather than making Mr Ullman or Mr. Brodsky or his personal clients to spend more money on lawyer time, etc ... The one thing we cannot do is make you cooperate or force you to be responsive. If you prefer that we return to Judge Fine, we certainly can, but we will not return with a simple request, it will be in the context of what we believe is an intentional defiance of his order that the POA is "irrevocable and enforceable".
>
> We hope you will both work with us because we truly desire to find a solution that is not expensive for all the clients, and especially for Mr. Ullman. He has already complained about the time he has had to spend on this. But if you want to go back to the Judge, we will. Just please do not ignore us. That's the worst choice of all.
>
> Thanks.
>
> <u>Also, as to Ben</u>:
>
> Ben:
> The Court has held that the POA is irrevocable and enforceable.
> That means it was in October, 2019.

3

You were hired after that because we did not file suit until after that.
Someone purported to ask you to represent Tradepay.
We need an accounting of who "allegedly" hired you to represent Tradepay, what you were paid, how much, and where the funds came from because those funds belong to my client.
Rather than fighting over this, I would prefer we discuss methods of resolving this problem.
Are you interested in discussing this or is this something you wish to litigate as well?


Tab Turner
TURNER & ASSOCIATES, P.A.



**CONFIDENTIALITY NOTICE:**
The information contained in this electronic mail communication is intended only for the individual or entity to whom it is addressed. It may contain privileged and confidential information that is exempt from disclosure by law and if you are not the intended recipient you may not copy, distribute or take any action in reliance upon it. If you have received this e-mail transmission in error, please notify our office immediately by e-mail or by telephone. Thank you for your cooperation.

---

**From:** Tab Turner
**Sent:** Friday, May 8, 2020 10:57 AM
**To:** 'Benjamin Brodsky' <bbrodsky@bfwlegal.com>; Michael Ullman <michael.ullman@uulaw.net>
**Cc:** Tony Thomas <tony@tturner.com>; Diana Simon <diana.simon@uulaw.net>; Jared Ullman <jared.ullman@uulaw.net>; Docketing <docketing@bfwlegal.com>; Scott A. Hiaasen <shiaasen@coffeyburlington.com>; Christian Kohlsaat <ckohlsaat@santinilawfirm.com>; Alejandro F. Garcia, Esq. <agarcia@rgmlawfirm.com>; 'Joe Johnson' <JJOHNSON@BABBITT-JOHNSON.COM>; 'Bard D. Rockenbach' <bdr@flappellatelaw.com>
**Subject:** RE: SureFunding/Tradepay - Ullman & Ullman

Mr. Brodsky-
On behalf of SureFunding and MCS Agent, and respectfully, you do not have authority to speak for Tradepay. Your email is not only inconsistent with the Power of Attorney, but you are now ignoring a Court Order, which we all understand has some serious ramifications. If you feel I am incorrect, please articulate the date you believe you were retained by Tradepay and who you believe had the authority to retain you, and what authority you believe you have in light of Judge Fine's Order. The Default occurred in early October, 2019. The Power of Attorney took effect that day. Any actions by Tradepay after that day were without authority and illegal actions.

We would like to try and resolve this amicably, obviously, rather than with contempt charges and additional litigation, which will cost everyone unnecessary time and expense. Although FL law does permit the recovery of expenses and fees in a situation such as this, we all have an obligation to our respective clients not to spend money or incur costs and fines unnecessarily.

One final note, we offered Mr. Ullman a method for preserving his objections on the privilege issue without further delaying enforcement of Judge Fine's order. In summary, we informed Mr. Ullman that although we respectfully disagree, we would permit him to withhold alleged privileged materials; he could provide a privilege log; and we can then submit the issue to Judge Fine for determination. Although I have yet to hear back from Mr. Ullman, in all fairness, that suggestion was made less than 30 minutes ago.

Please let me know whether you concede your lack of authority or whether you intend to continue your present conduct.

Thanks.

Tab Turner
TURNER & ASSOCIATES, P.A.



**CONFIDENTIALITY NOTICE:**
The information contained in this electronic mail communication is intended only for the individual or entity to whom it is addressed. It may contain privileged and confidential information that is exempt from disclosure by law and if you are not the intended recipient you may not copy, distribute or take any action in reliance upon it. If you have received this e-mail transmission in error, please notify our office immediately by e-mail or by telephone. Thank you for your cooperation.

**From:** Benjamin Brodsky [mailto:bbrodsky@bfwlegal.com]
**Sent:** Friday, May 8, 2020 10:38 AM
**To:** Michael Ullman <michael.ullman@uulaw.net>; Tab Turner <tab@tturner.com>
**Cc:** Tony Thomas <tony@tturner.com>; Diana Simon <diana.simon@uulaw.net>; Jared Ullman <jared.ullman@uulaw.net>; Docketing <docketing@bfwlegal.com>; Scott A. Hiaasen <shiaasen@coffeyburlington.com>; Christian Kohlsaat <ckohlsaat@santinilawfirm.com>; Alejandro F. Garcia, Esq. <agarcia@rgmlawfirm.com>
**Subject:** RE: SureFunding/Tradepay - Ullman & Ullman

We assert and reserve all privileges on behalf of Tradepay Capital, LLC and waive none.

Mr. Ullman, to the extent you are holding any privileged information or intend to testify on any privileged matters, you are directed by Tradepay Capital, LLC to preserve and assert all those privileges on behalf of the client.

Any determination that the power of attorney represents a wholesale waiver of the attorney-client privilege needs to be briefed and then ruled upon by the Court.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Benjamin H. Brodsky, Esq.



## BRODSKY FOTIU-WOJTOWICZ

200 SE 1st Street
Suite 400
Miami, Florida 33131
T. 305-503-5054
F. 786-749-7644
bbrodsky@bfwlegal.com
www.bfwlegal.com

---

**From:** Michael Ullman <michael.ullman@uulaw.net>
**Sent:** Friday, May 08, 2020 11:11 AM
**To:** Tab Turner <tab@tturner.com>
**Cc:** Tony Thomas <tony@tturner.com>; Diana Simon <diana.simon@uulaw.net>; Jared Ullman <jared.ullman@uulaw.net>; Michael Ullman <michael.ullman@uulaw.net>; Benjamin Brodsky <bbrodsky@bfwlegal.com>; Docketing <docketing@bfwlegal.com>
**Subject:** RE: SureFunding/Tradepay - Ullman & Ullman

Good day Mr. Turner.

Thank you for having provided me with some of the pleadings filed in the case you have with Tradepay. I have reviewed it and this is my assessment of where we are:

- MCS Agent, LLC is asserting rights under a Power of Attorney that Tradepay Capital, LLC executed pursuant to a Master Participation Agreement between itself and MCS on February 2, 2018, under which MCS agreed to provide funding for certain transactions in Tradepay's receivable finance business. A default arose and MCS is now seeking to exercise its right.

- MCS has now provided me with information that Tradepay contested and contests the validity of the Power of Attorney (right or wrongly) and in connection therewith sought to prevent written demand for materials from Tradepay's accountants, Reality Check Business Solutions, LLC and Tradepay's landlord, BZG International on January 8, 2020. The court denied the Motion which your firm seeks to imply means that the ruling was somehow a determination that the Power of Attorney is effective and perhaps it is.

- Assuming, arguendo, that the Power of Attorney is effective, and having no information as to how the other recipient of your letter have reacted, this is our position:

  - MCS, at best, stands in the shoes and has no more rights than those of Tradepay, limited by the terms of the Power of Attorney.

- As an assignee of Tradepay, if Tradepay were to have made a request of Ullman & Ullman for the amount of information requested, this firm would have refused to provide such information unless and conditioned upon payment for all costs (including attorney's fees time expended) that would be associated with producing the requested material, which MCS has failed to offer.

- As to MCS, however, even if MCS were to have offered to pay this firm for all estimated fees and costs for having to pull all files from warehouse and review the material necessary for production, in advance, as an assignee, MCS has shown no basis that permits this law firm to seek to seek to ignore or negate this law firm's ethical and legal duties of protection of the attorney client privilege, which in our view, even if waivable at any given time, is also likely to be revocable and regardless all client privileges will be honored unless or until a court were to issue an order finding otherwise (with due process given to this law firm) or the Florida Bar were to issue an opinion that production of all of the material sought, will not result in this Law Firm being subjected to violating applicable ethical concerns.

This has already taken far too much time on my part during very difficult times we are under. I assume that you are getting paid hourly for your efforts and I am not.

This will be my last communication to your firm on this subject.

Regards,

Mwu


Michael Ullman
Ullman & Ullman, P.A.
7700 West Camino Real
Suite 401
Boca Raton, FL  33433
Office phone #: 561-338-3535, ext. 121
Office facsimile #: 561-338-3581
Office Email Address: Michael.Ullman@uulaw.net
Office website: http://www.uulaw.net

This message and all attachments are confidential and may be protected by the attorney-client or other privileges. Any review, use, disclosure or distribution by persons other than the intended recipients is prohibited and may be unlawful. If you believe this message has been sent to you in error, please notify the sender by replying to this transmission or calling Ullman & Ullman at 561-338-3535 and delete this message and any copy of it (in any form) without disclosing it. Unless expressly stated in this e-mail, nothing in this message should be construed as a digital or electronic signature.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

**DISCLAIMER REGARDING UNIFORM ELECTRONIC TRANSACTIONS ACT ("UETA") (FLORIDA STATUTES SECTION 668.50):** If this communication concerns negotiation of a contract or agreement, UETA does not apply to this communication. Contract formation in this matter shall occur only with manually affixed original signatures on original documents.

**From:** Tab Turner <tab@tturner.com>
**Sent:** Friday, May 08, 2020 10:08 AM
**To:** Michael Ullman <michael.ullman@uulaw.net>
**Cc:** Tony Thomas <tony@tturner.com>; Diana Simon <diana.simon@uulaw.net>; Jared Ullman <jared.ullman@uulaw.net>
**Subject:** RE: SureFunding/Tradepay - Ullman & Ullman

Enclosed are the pleadings that led to the Court's ruling affirming the validity and enforceability of the POA. There were two hearings as well.

Tab Turner
TURNER & ASSOCIATES, P.A.



**CONFIDENTIALITY NOTICE:**
The information contained in this electronic mail communication is intended only for the individual or entity to whom it is addressed. It may contain privileged and confidential information that is exempt from disclosure by law and if you are not the intended recipient you may not copy, distribute or take any action in reliance upon it. If you have received this e-mail transmission in error, please notify our office immediately by e-mail or by telephone. Thank you for your cooperation.

**From:** Michael Ullman [mailto:michael.ullman@uulaw.net]
**Sent:** Friday, May 8, 2020 9:01 AM
**To:** Tab Turner <tab@tturner.com>
**Cc:** Tony Thomas <tony@tturner.com>; Diana Simon <diana.simon@uulaw.net>; Jared Ullman <jared.ullman@uulaw.net>; Michael Ullman <michael.ullman@uulaw.net>
**Subject:** RE: SureFunding/Tradepay - Ullman & Ullman

Mr. Turner, please provide me with the Motion that was filed giving rise to the order provided.

Mwu

**Michael Ullman**
**Ullman & Ullman, P.A.**

7700 West Camino Real
Suite 401
Boca Raton, FL 33433
Office phone #: 561-338-3535, ext. 121
Office facsimile #: 561-338-3581
Office Email Address: Michael.Ullman@uulaw.net
Office website: http://www.uulaw.net

This message and all attachments are confidential and may be protected by the attorney-client or other privileges. Any review, use, disclosure or distribution by persons other than the intended recipients is prohibited and may be unlawful. If you believe this message has been sent to you in error, please notify the sender by replying to this transmission or calling Ullman & Ullman at 561-338-3535 and delete this message and any copy of it (in any form) without disclosing it. Unless expressly stated in this e-mail, nothing in this message should be construed as a digital or electronic signature.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

DISCLAIMER REGARDING UNIFORM ELECTRONIC TRANSACTIONS ACT ("UETA") (FLORIDA STATUTES SECTION 668.50): If this communication concerns negotiation of a contract or agreement, UETA does not apply to this communication. Contract formation in this matter shall occur only with manually affixed original signatures on original documents.

---

**From:** Tab Turner <tab@tturner.com>
**Sent:** Thursday, May 07, 2020 7:18 PM
**To:** Michael Ullman <michael.ullman@uulaw.net>
**Cc:** Tony Thomas <tony@tturner.com>
**Subject:** SureFunding/Tradepay - Ullman & Ullman

Mr. Ullman-
I have no idea whether this will impact your decision whether to ignore the Power of Attorney, but enclosed is the Court Order entered today in Miami-Dade County recognizing the validity and enforceability of the irrevocable Power of Attorney. I provide this to make sure you understand that Tradepay's "alleged" counsel challenged the validity and the Court rejected the challenge. I say "alleged" only because our position was that Tradepay had no authority to hire counsel.

Let me know if you have questions.


Tab Turner
TURNER & ASSOCIATES, P.A.



**CONFIDENTIALITY NOTICE:**
The information contained in this electronic mail communication is intended only for the individual or entity to whom it is addressed. It may contain privileged and confidential information that is exempt from disclosure by law and if you are not the intended recipient you may not copy, distribute or take any action in reliance upon it. If you have received this e-mail transmission in error, please notify our office immediately by e-mail or by telephone. Thank you for your cooperation.