IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SureFunding, LLC,[1]<br><br>                  Debtor. | Chapter 11<br><br>Case No. 20-10953 (LSS)<br><br>**Obj. Deadline: TBD**<br>**Hearing Date: TBD** |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS**

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned proposed counsel, files this motion (this "Motion") for the entry of an order (the "Order"), substantially in the form attached hereto as Exhibit A, pursuant to 28 U.S.C. § 1452 and Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") extending the time period within which the Debtor may remove civil actions through and including, October 12, 2020. In support of this Motion, the Debtor respectfully represents as follows:

**JURISDICTION**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtor consents, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[1] The last four digits of the Debtor's taxpayer identification number is 7898. The Debtor's headquarters and service address is 6671 Las Vegas Blvd., Suite 210, Las Vegas, NV 89119.

111007351

2.      Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein at 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027.

## BACKGROUND

4.      On April 14, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate their business and property as a debtor-in-possession in accordance with Bankruptcy Code sections 1107 and 1108.

5.      No committees have been appointed in this case.

6.      The factual background relating to the commencement of this Chapter 11 case is set forth in detail in the Declaration of Edward T. Gavin, CTP (the "Gavin Declaration") [D.I. 23]. The Gavin Declaration is incorporated into this motion by reference.

7.      On June 1, 2020, this Court entered an oral order that, among other things, suspended this case pending a ruling by the Nevada state court on the Debtor's motion to reconsider the order appointing a receiver (the "Motion to Reconsider").

8.      Consistent with the Court's ruling suspending the case, proceedings have progressed in Nevada.  A hearing was held on July 9, 2020 but as of the date of this filing the Nevada state court had not yet issued a ruling on the Motion to Reconsider.

9.      As of the Petition Date, the Debtor was a party to certain judicial proceedings in which claims on behalf of or against the Debtor were asserted (collectively, the "Actions"). Pursuant to Bankruptcy Rule 9027(a)(2)(A), the Debtor's initial deadline to file notices of removal with respect to these Action is July 13, 2020.

## RELIEF REQUESTED

10.     By this Motion, the Debtor seeks the entry of the Proposed Order pursuant to Bankruptcy Rule 9006(b), substantially in the form attached hereto as Exhibit A, extending the

time to file notices to remove the Actions for ninety (90) days, through and including October 12, 2020.

11.     The Debtor additionally requests that the Order approving this Motion be without prejudice to the Debtor's right to seek further extensions of the time period within which they may remove Actions pursuant to Bankruptcy Rules 9006 and 9027.

## BASIS FOR RELIEF REQUESTED

12.     Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

13.     Bankruptcy Rule 9027(a)(2) further provides:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

14.     Bankruptcy Rule 9006(b)(1) allows courts to extend unexpired time periods, such as the deadline to remove actions, providing that:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

15. It is well settled that this Court is authorized to extend the period within which the Debtors may remove actions. *See*, *e.g.*, *Pacor Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995) (holding that the deadline for removal of actions may be extended pursuant to Bankruptcy Rule 9006(b)); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.),* 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (stating that the period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Services Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (same); *Stamm v. Rapco Foam, Inc.*, 21 B.R. 715, 718–19 (Bankr. W.D. Pa. 1982) (finding that a bankruptcy court may enlarge the time limit for filing an application for removal under appropriate circumstances).

16. Moreover, requests for an extension of time in which to remove actions have been routinely granted by courts within the Third Circuit. *See*, *e.g.*, *In re NSC Wholesale Holdings, LLC*, Case No. 18-12394 (CSS) (Bankr. D. Del. Sept. 11, 2019) (granting a third 120-day extension to remove actions, for a total extension of 360 days); *In re Consolidated Infrastructure Group, Inc.*, Case No. 19-10165 (BLS) (Bankr. D. Del. Sept. 13, 2019) (granting second 120-day extension to remove actions, for a total extension of 240 days); *In re Samuels Jewelers, Inc.*, Case No. 18-11818 (KJC) (Bankr. D. Del. Nov. 26, 2018) (granting 120-day extension to remove actions); *In re Claire's Stores, Inc.*, Case No. 18-10584 (MFW) (Bankr. D. Del. July 3, 2018) (same); *In re Eastern Outfitters, LLC*, Case No. 17-10243 (LSS) (Bankr. D. Del. May 25, 2017) (same).

17. Since the Court suspended these proceedings the Debtor focused efforts on obtaining a ruling in Nevada state court on the Motion to Reconsider. The Debtor believes that it would not make sense (and presumably this court would find it inappropriate) to file notices of

4

removal with respect to any Actions before matters are resolved in connection with the appointment by the Nevada state court of a receiver.

18. Proceeding with prudence, the Debtor seeks an extension of the time prescribed under Bankruptcy Rule 9027(a), through and including October 12, 2020, to protect its right to remove those Actions if it deems it to be appropriate. The extension sought will afford the Debtor a reasonable additional amount of time to determine whether to remove any pending Actions and will assure that the Debtors does no forfeit valuable rights under 28 U.S.C. § 1452. Absent the requested extension, the Debtor will not be able to complete this review adequately and the result could, among other things, unnecessarily hinder the Debtor's ability to recover assets for the benefit of its estate. Further, the rights of the Debtor's adversaries will not be prejudiced by such an extension because any party to an action that is removed may seek to have the action remanded to the state court pursuant to 28 U.S.C. § 1452(b).

19. The Debtor further requests that the order approving this Motion be without prejudice to (a) any position the Debtor may take regarding whether section 362 of the Bankruptcy Code applies to stay any given Action pending against the Debtor and (b) the right of the Debtor to seek further extensions of the Removal Deadline.

20. Based on the foregoing, the Debtor submits that an extension of the time within which they may remove Actions pursuant to Bankruptcy Rule 9027 and 28 U.S.C. § 1452 is warranted.

## NOTICE

21. The Debtor has provided notice of the Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities holding the largest unsecured claims; (c) counsel to the Debtor's Noteholders; and (d) any party that has requested notice pursuant to

Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

## NO PRIOR REQUEST

22. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A granting the Motion and granting the Debtor such other relief as the Court may deem proper.

Dated: July 10, 2020                **FOX ROTHSCHILD LLP**

*/s/ Thomas M. Horan*
Thomas M. Horan (DE Bar No. 4641)
Daniel B. Thompson (DE Bar No. 6588)
919 N. Market St., Suite 300
Wilmington, DE 19899-2323
Telephone: (302) 654-7444
E-mail: thoran@foxrothschild.com
E-mail: DanielThompson@foxrothschild.com

Michael A. Sweet (admitted *pro hac vice*)
325 California St., Suite 2200
San Francisco, CA 94104-2670
Telephone: (415) 364-5560
E-mail: msweet@foxrothschild.com

Gordon E. Gouveia (admitted *pro hac vice*)
321 N. Clark St., Suite 1600
Chicago, IL 60654
Telephone: (312) 980-3816
E-mail: ggouveia@foxrothschild.com

*Proposed Counsel to the Debtor and Debtor-in-Possession*