## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SureFunding, LLC, | Case No. 20-10953 (LSS) |
| Debtor. | **Re: D.I. 111** |

## NOTEHOLDERS' RESPONSE TO DEBTOR'S SECOND STATUS REPORT

Noteholders[1] hereby file this Response to Debtor's Second Status Report [D.I. 111] (the

"Status Report") and state as follows in support thereof:

1.      Pursuant to this Court's Bench Ruling [D.I. 103] and Order [D.I. 104], the Nevada

Court heard argument on Debtor's motion to vacate the Nevada Court's receivership order and has

denied it, reaffirming the Nevada Court's prior ruling that receiver Michael Flanagan can and

should wind down Debtor's business.  [D.I. 111 Ex. 1.]  In doing so, the Nevada Court explicitly

rejected Debtor's entreaties to send the case back to bankruptcy court.  Accordingly, Noteholders

---

[1] The "Noteholders" are Brett Hatton, an individual; Earl Coronel, an individual; Autumn Wind Global Multi-Strategies Fund, LP, a Delaware Limited Partnership; Damon Gersh, an individual; Jason Eckenroth, an individual; Sherri R. Sands, as trustee of the Sherri R. Sands Revocable Trust, a Florida Trust; Glickfield Capital Management, LLC fbo M. Glickfield Dynasty Trust, a Maryland Trust; Glickfield Capital Management, LLC fbo Cheryl Newmark, a Maryland Trust; Glickfield Capital Management, LLC fbo Marla Schram, a Maryland Trust; Carrickfergus Investments Limited, a British Virgin Islands Company; Stephane Carnot, as Trustee of the Carnot Family Trust, a District of Columbia Trust; Dorsey and Whitney Trust Co., LLC, as Trustee of the Dylan Taylor 2011 Grantor Trust, a South Dakota Trust; Eseco, LLC, a Michigan Limited Liability Company; Sequris Group, LLC, a Michigan Limited Liability Company; Matthew Briggs, as Trustee of the Briggs Management Trust; Michael Rubenstein, an individual; June Farmer, an individual; Thomas Carl Myers, an individual; Richard L. Rogers, an individual; Neal J. Glickfield, as Trustee of the Neal J. Glickfield 2018 Trust, a Maryland Trust; Lineage, LLC, a Virginia Limited Liability Company; Charles B. Chokel, as Trustee of the Charles B. Chokel Trust u/a 4/21/92, a New Hampshire Trust; Brian Gray, an individual; HFJ Investments I, LLC, a Texas Limited Liability Company; Patricia B. Jones, as Trustee of the Patricia B. Jones Revocable Trust, a Maryland Trust; John B. Shaw as Trustee of the John B. Shaw 2012 Family Grantor Trust; and 1086 LLC, a Maryland Limited Liability Company.

1

respectfully request that this Court dismiss Debtor's bankruptcy petition with prejudice and allow the receivership action to proceed, as contemplated by this Court's Bench Ruling and Order.

2.      Refusing to acknowledge the writing on the wall, and do what is right for Debtor's creditors, Debtor's Status Report informally requests that this Court extend the suspension of the bankruptcy until after the Abernathys' appeal of the Nevada Court's receivership order has been heard.

3.      Debtor does not clarify whether it seeks to extend the automatic stay as well. But either way, the request should be denied, and the case dismissed. The Nevada Court has unequivocally concluded that it has the power and authority to appoint a receiver over Debtor's Nevada-based business and that it did not err in appointing Mr. Flanagan. Mr. Flanagan should get on with performing his duties as soon as possible. There is no further need for this bankruptcy to remain pending. The winddown of the business can and should be handled in Nevada.[2]

4.      If Debtor is requesting that the automatic stay be extended, then it has abandoned any pretense of looking out for the interests of Debtor's creditors. That is because Debtor is asking this Court to leave the company in limbo, without a receiver in place to oversee the business and Debtor's ability to act through this bankruptcy suspended throughout a lengthy appeal process.

5.      Finally, Noteholders submitted a revised form of receivership order confirming that all noteholders should receive notice of, and have a say in, the receivership action. We expect that

---

[2]      The fact that SureFunding has threatened to file an appeal of the Nevada Court's ruling and seek a stay of the order is of no moment. The Nevada Court will not stay its own order appointing a receiver; it was just reaffirmed in the past few days. If and when SureFunding files an appeal, it will be heard in the ordinary course, but will not interrupt the winddown of the business. Indeed, it is unclear why, if the Abernathys remain true to their word about supporting an orderly winddown, why they would even seek to interfere.

123232897

this revised form of order will be entered *nunc pro tunc* once the bankruptcy stay has been lifted, as contemplated by the Nevada Court's order denying SureFunding's motion to vacate.[3]

6.      Accordingly, Noteholders request that this Court dismiss this case, or, in the alternative, lift the automatic stay to permit the Nevada Court to administer the orderly winddown of Debtor's business without restriction.

Dated: July 23, 2020
Wilmington, Delaware

**BLANK ROME LLP**

By: */s/ Stanley B. Tarr*
Victoria A. Guilfoyle (No. 5183)
Stanley B. Tarr (No. 5535)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
Email: guilfoyle@blankrome.com
          tarr@blankrome.com

-and-

Kenneth J. Ottaviano (admitted *pro hac vice*)
William J. Dorsey (admitted *pro hac vice*)
Paige B. Tinkham (admitted *pro hac vice*)
444 West Lake Street, Suite 1650
Tel:  (312) 776-2600
Fax:  (312) 776-2601
Email: kottaviano@blankrome.com
          wdorsey@blankrome.com
          ptinkham@blankrome.com

*Attorneys for Noteholders*

---

[3]      Incredibly, though Debtor's counsel did not comment on the form of receivership order **for 3 months**, this week they submitted their own form of receivership order that, among other things, purports to strip the receiver's ability to investigate the Abernathys and hold privilege.  Noteholders are confident that their form of order will be entered and that the Nevada Court will reject Debtor's transparent ploy to weaken the receiver's powers and his investigation of their actions.  Either way, that issue should be for the Nevada Court to decide and should not hold up dismissal of this bankruptcy.