**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SureFunding, LLC,[1] | Case No. 20-10953 (LSS) |
| Debtor. | **Obj. Deadline: TBD**<br>**Hearing Date: TBD** |

**DEBTOR'S MOTION FOR ORDER EXTENDING TIME TO ASSUME OR REJECT**
**UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY**

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned proposed counsel, files this motion (this "Motion") for the entry of an order (the "Order"), substantially in the form attached hereto as Exhibit A, granting a 90-day extension of the deadline by which the Debtor must decide to assume or reject unexpired leases of nonresidential property to November 10, 2020. In support of this Motion, the Debtor respectfully represents as follows:

**JURISDICTION, VENUE, AND PREDICATES FOR RELIEF**

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtor consents, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[1] The last four digits of the Debtor's taxpayer identification number is 7898. The Debtor's headquarters and service address is 6671 Las Vegas Blvd., Suite 210, Las Vegas, NV 89119.

2.      Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein is section 365(d)(4) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-2.[2]

## BACKGROUND

4.      On April 14, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate their business and property as a debtor-in-possession in accordance with Bankruptcy Code sections 1107 and 1108.

5.      No committees have been appointed in this case.

6.      The factual background relating to the commencement of this Chapter 11 case is set forth in detail in the Declaration of Edward T. Gavin, CTP (the "Gavin Declaration") [D.I. 23]. The Gavin Declaration is incorporated into this motion by reference.

7.      On June 1, 2020, this Court entered an oral order that, among other things, suspended this case pending a ruling by the Nevada state court on the Debtor's motion to reconsider the order appointing a receiver (the "Motion to Reconsider").

8.      Consistent with the Court's ruling suspending the case, proceedings have progressed in Nevada.  A hearing was held on July 9, 2020 and the Court denied the Motion to Reconsider.

9.      On July 22, 2020, the Debtor filed for a Motion to Stay Pending Appeal and for Reconsideration of the Form of Receivership Order. On July 30, 2020 the Nevada state court granted a 30 day stay period for appeal.

---

[2] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current deadline automatically extends such deadline until the Court rules on the Motion

10.     Nevertheless, for the avoidance of doubt, and out of an abundance of caution, while in this critical stage, the Debtor needs a reasonable extension of its right to assume or reject unexpired leases of real property pursuant to section 365(d)(4) of the Bankruptcy Code to allow the Debtor time to fully evaluate is unexpired leases and address them accordingly.

## RELIEF REQUESTED

11.     By this Motion, the Debtor requests entry of the Proposed Order extending the Assumption/Rejection Deadline by 90 days, through and including November 10, 2020, pursuant to Bankruptcy Code section 362(d)(4)(A). The Debtor further requests that entry of the Proposed Order be without prejudice to the Debtor's right – with the consent of the affected lessors – to seek further extensions of the time to assume or reject their unexpired leases of nonresidential real estate.

## BASIS FOR RELIEF REQUESTED

12.     Bankruptcy Code section 362(d)(4)(A)-(B) provides that:

(A)     Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtors if the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of –

   (i)     the date that is 120 days after the date of the order for relief; or

   (ii)    the date of the entry of an order confirming a plan.

(B)

   (i)     The Court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

   (ii)    If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

13.     Although the Bankruptcy Code does not define "cause" for purpose of an extension

of the Assumption/Rejection Period under Section 365(d)(4)(B), courts have identified several key

factors to consider, including:

>    (i)     whether the debtor has been paying for the use of the property;
>
>    (ii)    whether the debtor's continued occupation of the property could damage
>            the lessor beyond the compensation available under the Bankruptcy Code;
>
>    (iii)   whether the lease is the debtor's primary asset; and
>
>    (iv)    the number of leases the debtor must evaluate.

See *S. St. Seaport L.P. v. Burger Boys, Inc. (In re Burger Boys, In*c.), 94 F.3d 755, 760-61 (2d Cir.

1996) (citing *Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 105-06 (2d Cir. 1982)); see also *In

re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987) (considering, among other factors,

the complexity of the case facing the debtor and the number of leases the debtor must evaluate);

*In re Channel Home Ctrs., Inc.,* 989 F.2d at 689 ("[I]t is permissible for a bankruptcy court to

consider a particular debtor's need for more time in order to analyze leases in light of the plan it is

formulating." (citing *Wedtech*, 72 B.R. at 471-72)).

14.     In considering these factors, the decision to extend a debtor's time to assume or

reject unexpired leases of non-residential real property is generally with the sound discretion of

the Court. As stated by the Third Circuit Court of Appeals: "[N]othing prevents a bankruptcy court

from granting an extension because a particular debtor needs additional time to determine whether

the assumption or rejection of particular leases is called for by the plan of reorganization that it is

attempting to develop."[3]

15.     Pursuant to Bankruptcy Code section 365(d)(4), if the Unexpired Leases are not

assumed or rejected on or before the current Assumption/Rejection Deadline, they will be deemed

---

[3] *In re Channel Home  Ctrs., Inc*., 989 F.2d 682, 689 (3d Cir. 1993), cert denied, 510 U.S. 865 (1993).

rejected unless the Debtor receives an extension of the time within which they may assume or reject the Unexpired Leases pursuant to Bankruptcy Code section 365(d)(4)(B)(i). Here, there is more than sufficient cause to grant the Debtors' requested extension of time within which they may assume or reject the Unexpired Leases.

16.     Since the Court suspended these proceedings the Debtor focused efforts on obtaining a ruling in Nevada state court on the Motion to Reconsider. The Debtor believes that it would not make sense (and presumably this court would find it inappropriate) to file notices of removal with respect to any Actions before matters are resolved in connection with the appointment by the Nevada state court of a receiver.

17.     The 90-day extension requested herein is also consistent with the extensions granted by this and other courts in this district under similar circumstances. *See, e.g.*, *In re Dura Automotive Systems, LLC*, No. 19-12378 (KBO) (Bankr. D. Del. Feb. 26, 2020) (extending the deadline by which the debtors must assume or reject unexpired leases of nonresidential real property by 90 days); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. Dist. Del. Oct. 28, 2019); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. Nov. 4, 2019) (same); *In re VER Technologies HoldCo LLC*, No. 18-10834 (KG) (Bankr. D. Del. Aug. 14, 2018) (same); *In re GST AutoLeather, Inc.*, No. 17-12100 (LSS) (Bankr. D. Del. Jan. 19, 2018) (same).[4] The Debtor respectfully submits that similar relief is warranted in these chapter 11 cases.

18.     For the reasons set forth above, the Debtor submits that cause exists for the requested extension of the Assumption/Rejection Deadline through and including November 10, 2020, without prejudice to the Debtor's right to seek further extensions of the deadline with the

---

[4] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders are available upon request of the Debtors' counsel.

consent of the affected lessors or counterparties, as provided in Bankruptcy Code section 365(d)(4)(B)(ii).

## NOTICE

19.     The Debtor has provided notice of the Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities holding the largest unsecured claims; (c) counsel to the Debtor's Noteholders; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

## NO PRIOR REQUEST

20.     No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit</u> <u>A</u> granting the Motion and granting the Debtor such other relief as the Court may deem proper.

Dated: August 11, 2020                    **FOX ROTHSCHILD LLP**

*/s/ Thomas M. Horan*_____
Thomas M. Horan (DE Bar No. 4641)
Daniel B. Thompson (DE Bar No. 6588)
919 N. Market St., Suite 300
Wilmington, DE 19899-2323
Telephone: (302) 654-7444
E-mail: thoran@foxrothschild.com
E-mail: DanielThompson@foxrothschild.com

Michael A. Sweet (admitted *pro hac vice*)
325 California St., Suite 2200
San Francisco, CA 94104-2670
Telephone: (415) 364-5560
E-mail: msweet@foxrothschild.com

Gordon E. Gouveia (admitted *pro hac vice*)
321 N. Clark St., Suite 1600
Chicago, IL 60654
Telephone: (312) 980-3816
E-mail: ggouveia@foxrothschild.com

*Counsel to the Debtor and*
*Debtor-in-Possession*