# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> SureFunding, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 20-10953 (LSS) <br><br> **Re: D.I. 114** |

## NOTEHOLDERS' STATUS REPORT

Noteholders[1] hereby file this Status Report pursuant to this Court's Supplemental Order Pursuant to 11 U.S.C. § 305(a)(1) Suspending all Proceedings in the Chapter 11 Case [D.I 114] (the "Supplemental Order") and state as follows in support thereof:

1. Pursuant to the Supplemental Order, this Court modified the automatic stay imposed by 11 U.S.C. § 362 to permit Judge Denton to consider, rule upon and enter a further Receivership Order. As detailed below, the further order was entered and becomes effective on September 4, 2020. Accordingly, Noteholders request that this Court further lift the automatic stay imposed by 11 U.S.C. § 362 to permit the receivership to proceed in all respects pursuant to

---

[1] The "Noteholders" are Brett Hatton, an individual; Earl Coronel, an individual; Autumn Wind Global Multi-Strategies Fund, LP, a Delaware Limited Partnership; Damon Gersh, an individual; Jason Eckenroth, an individual; Sherri R. Sands, as trustee of the Sherri R. Sands Revocable Trust, a Florida Trust; Glickfield Capital Management, LLC fbo M. Glickfield Dynasty Trust, a Maryland Trust; Glickfield Capital Management, LLC fbo Cheryl Newmark, a Maryland Trust; Glickfield Capital Management, LLC fbo Marla Schram, a Maryland Trust; Carrickfergus Investments Limited, a British Virgin Islands Company; Stephane Carnot, as Trustee of the Carnot Family Trust, a District of Columbia Trust; Dorsey and Whitney Trust Co., LLC, as Trustee of the Dylan Taylor 2011 Grantor Trust, a South Dakota Trust; Eseco, LLC, a Michigan Limited Liability Company; Sequris Group, LLC, a Michigan Limited Liability Company; Matthew Briggs, as Trustee of the Briggs Management Trust; Michael Rubenstein, an individual; June Farmer, an individual; Thomas Carl Myers, an individual; Richard L. Rogers, an individual; Neal J. Glickfield, as Trustee of the Neal J. Glickfield 2018 Trust, a Maryland Trust; Lineage, LLC, a Virginia Limited Liability Company; Charles B. Chokel, as Trustee of the Charles B. Chokel Trust u/a 4/21/92, a New Hampshire Trust; Brian Gray, an individual; HFJ Investments I, LLC, a Texas Limited Liability Company; Patricia B. Jones, as Trustee of the Patricia B. Jones Revocable Trust, a Maryland Trust; John B. Shaw as Trustee of the John B. Shaw 2012 Family Grantor Trust; and 1086 LLC, a Maryland Limited Liability Company.

1

the Receivership Orders (as defined below) and hold this bankruptcy case in abeyance until the Appeal (as defined below) is resolved.

2. On August 6, 2020, Judge Denton entered an Order Clarifying Governance of the Receivership of SureFunding, LLC, a copy of which is attached hereto as <u>Exhibit A</u> (the "<u>Second Receivership Order</u>" and together with Judge Denton's original order appointing a receiver, the "<u>Receivership Orders</u>"). The Second Receivership Order provides that all noteholders shall receive notice of, and have a say in, the receivership action. See, e.g., 3:15-18 (defining "Noteholders"); 6:22-28; 10:21-27; 12:27-28;

3. Judge Denton stayed the effectiveness of the Receivership Orders until September 5, 2020 pursuant to that certain Order Granting in Part Defendant SureFunding, LLC's Motion for Stay Pending Appeal Pursuant to NRCP 62(C) and Denying Motion for Reconsideration of the Form of Order Denying Superseding Motion to Vacate, Alter, Or Amend Order Granting Motion for Appointment of Receiver and Request for Evidentiary Hearing and Joinder Thereto, a copy of which is attached hereto as <u>Exhibit B</u>.

4. On August 17, 2020, Debtor filed an appeal of the Receivership Orders with the Supreme Court of Nevada (the "<u>Appeal</u>") and a motion seeking to expedite the Appeal and grant a further stay of the Second Receivership Order.

5. On September 3, 2020, the Supreme Court of Nevada entered an order denying Debtor's request for a further stay of the Receivership Orders, a copy of which is attached hereto as <u>Exhibit C</u>.

6. Judge Denton's stay of the effectiveness of the Receivership Orders will expire on September 4, 2020.

7. Accordingly, Noteholders request that this Court further lift the automatic stay imposed by 11 U.S.C. § 362 to permit the receivership to proceed in all respects pursuant to the Receivership Orders and hold this bankruptcy case in abeyance until the Appeal is resolved.

| | |
|---|---|
| Dated: September 3, 2020<br>Wilmington, Delaware | **BLANK ROME LLP**<br><br>By: <u>*/s/ Stanley B. Tarr*</u><br>Victoria A. Guilfoyle (No. 5183)<br>Stanley B. Tarr (No. 5535)<br>1201 N. Market Street, Suite 800<br>Wilmington, Delaware 19801<br>Telephone: (302) 425-6400<br>Facsimile: (302) 425-6464<br>Email: guilfoyle@blankrome.com<br>        tarr@blankrome.com<br><br>-and-<br><br>Kenneth J. Ottaviano (admitted *pro hac vice*)<br>William J. Dorsey (admitted *pro hac vice*)<br>Paige B. Tinkham (admitted *pro hac vice*)<br>444 West Lake Street, Suite 1650<br>Tel:  (312) 776-2600<br>Fax:  (312) 776-2601<br>Email: kottaviano@blankrome.com<br>        wdorsey@blankrome.com<br>        ptinkham@blankrome.com<br><br>*Attorneys for Noteholders* |