IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SureFunding, LLC,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 20-10953 (LSS)<br><br>Re: D.I. 119 |

**THIRD STATUS REPORT**

In the Court's Supplemental Order Pursuant to 11 U.S.C. § 305(a)(1) Suspending All Proceedings in the Chapter 11 Case [D.I. 114] ("Supplemental Suspension Order"), Debtor and the Noteholders were ordered to file a joint status report following Judge Denton's entry of a further Receivership Order.  Instead, without explanation, the Noteholders filed an individual status report, which neglected to inform the Court fully of all developments in the Nevada courts.  Debtor respectfully submits this Third Status Report to correct this error, and, as noted herein, these developments militate in favor of this Court leaving unchanged and in full force and effect its Order Pursuant to 11 U.S.C. § 305(a)(1) Suspending All Proceedings in the Chapter 11 Case ("Suspension Order") [D.I. 104] for a limited additional period of time, so that the expedited appeal pending before the Nevada Supreme Court may be completed.

　　　　　1.　　　　Following entry of the Supplemental Suspension Order, on August 17, 2020, Debtor perfected its appeal of Judge Denton's Receivership Order, inclusive of the Order Clarifying Governance of the Receivership of SureFunding, LLC, which Judge Denton entered on August 6, 2020.  Copies of the Notice of Appeal and Case Appeal Statement are attached hereto as **Exhibit 1**[1] and **Exhibit 2**, respectively.

---

[1]  For ease of review and in the interest of judicial and party economy, all briefs referenced herein are attached without exhibits.  Should the Court wish to review further any exhibit referenced in any brief, Debtor will immediately supplement the record with any such request.

Page 1 of 3

2.      As required under Nevada appellate procedure, Debtor first filed a motion for stay pending appeal in the district court, a copy of which is attached hereto as **Exhibit 3**. In its motion, Debtor advised Judge Denton of its intent to seek an expedited appeal of the receivership appointment. *Id*. at 6:19-21. It also advised that the issues on appeal, namely whether the Noteholders lacked standing to seek receivership, and whether the district court abused its discretion in appointing a receiver contrary to Delaware law and without at least conducting an evidentiary hearing, were of paramount importance to be decided while the status quo was maintained, i.e. before the Receiver, Michael Flanagan, assumed his role. *Id*. at 6:21-28.

3.      After full argument, Judge Denton granted Debtor's stay request in part and ordered the district court's proceedings stayed for a period of thirty (30) days, which time would ostensibly encompass the appellate court's expedited review. A copy of Judge Denton's stay order is attached hereto as **Exhibit 4**.

4.      Thereafter, on August 17, 2020, Debtor filed its Emergency Motion Under NRAP 27(e) for Expedited Review and Stay of District Court Proceedings, a copy of which is attached hereto as **Exhibit 5**. Debtor again emphasized the importance of the appellate court answering the question of whether the district court possessed subject matter jurisdiction to consider the case at the earliest possible opportunity, and certainly before the receiver is permitted to exercise control over its operations. *Id*. at pp. 7-8.

5.      As Noteholders indicated in their status report, on September 3, 2020, the Nevada Supreme Court entered an order denying Debtor's request for a further stay, a copy of which is attached hereto as **Exhibit 6**. In so doing, however, the appellate court recognized that the appeal had been assigned to the court's settlement program on August 27, 2020 and directed any request for an expedited settlement conference or removal from the program to be made to the

settlement judge.  *Id*. at p. 3.  Tellingly, the appellate court also directed that, should the appeal not settle or be removed, an expedited briefing schedule may be set.  *Id*.  Debtor intends to pursue removal from the settlement program and entry of an expedited briefing schedule contemporaneously with the filing of this status report.

      6.     Debtor respectfully reminds the Court that, in modifying its Suspension Order for purposes of completing proceedings in the Nevada courts, one of the stated purposes was to "permit any motion practice on the form of Receiver Order."  *See* Suspension Order at p.1, ¶ 1.  Surely the impact on the form of Receiver Order that may be occasioned by the appellate court's review of the district court's abuse of discretion in appointing a receiver contrary to both Nevada and Delaware law warrants this Court maintaining the status quo for the limited additional period of time necessary for the Nevada courts to finish what the Noteholders started.  This is particularly important where the Debtor's assets, which would remain fully protected over the duration of the appeal by this Court, could be irreparably damaged – potentially lost – if the Receiver is allowed to take possession of the company and its assets before the appeal is complete.

Dated:  September 8, 2020.

                          **FOX ROTHSCHILD LLP**

                          By:*/s/ Seth A. Niederman*
                              Seth A. Niederman (No. 4588)
                              919 N. Market St. Suite 300
                              Wilmington, DE 19899-2323
                              Telephone: (302) 654-7444
                              Email: sniederman@foxrothschild.com