# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SureFunding, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-10953 (LSS)<br><br>Re: D.I. 124 |

## JOINT STATUS REPORT

Noteholders[1] and Debtor hereby file this Joint Status Report pursuant to this Court's *Fourth Supplemental Order Pursuant to 11 U.S.C. § 305(a)(1) Suspending all Proceedings in the Chapter 11* [D.I. 124] (the "Current Suspension Order") and state as follows in support thereof:

1. This Court issued its *Bench Ruling Delivered June 1, 2020* [D.I. 103] on the *Motion of the Noteholders to Dismiss the Debtor's Chapter 11 Case* [D.I. 15] and the *United States Trustee's Motion for An Order Dismissing or Converting this Case to Chapter 7 or Directing the Appointment of A Trustee* [D.I. 34] following a May 12, 2020 evidentiary hearing.

---

[1] "Noteholders" are Brett Hatton, an individual; Earl Coronel, an individual; Autumn Wind Global Multi-Strategies Fund, LP, a Delaware Limited Partnership; Damon Gersh, an individual; Jason Eckenroth, an individual; Sherri R. Sands, as trustee of the Sherri R. Sands Revocable Trust, a Florida Trust; Glickfield Capital Management, LLC fbo M. Glickfield Dynasty Trust, a Maryland Trust; Glickfield Capital Management, LLC fbo Cheryl Newmark, a Maryland Trust; Glickfield Capital Management, LLC fbo Marla Schram, a Maryland Trust; Carrickfergus Investments Limited, a British Virgin Islands Company; Stephane Carnot, as Trustee of the Carnot Family Trust, a District of Columbia Trust; Dorsey and Whitney Trust Co., LLC, as Trustee of the Dylan Taylor 2011 Grantor Trust, a South Dakota Trust; Eseco, LLC, a Michigan Limited Liability Company; Sequris Group, LLC, a Michigan Limited Liability Company; Matthew Briggs, as Trustee of the Briggs Management Trust; Michael Rubenstein, an individual; June Farmer, an individual; Thomas Carl Myers, an individual; Richard L. Rogers, an individual; Neal J. Glickfield, as Trustee of the Neal J. Glickfield 2018 Trust, a Maryland Trust; Lineage, LLC, a Virginia Limited Liability Company; Charles B. Chokel, as Trustee of the Charles B. Chokel Trust u/a 4/21/92, a New Hampshire Trust; Brian Gray, an individual; HFJ Investments I, LLC, a Texas Limited Liability Company; Patricia B. Jones, as Trustee of the Patricia B. Jones Revocable Trust, a Maryland Trust; John B. Shaw as Trustee of the John B. Shaw 2012 Family Grantor Trust; and 1086 LLC, a Maryland Limited Liability Company.

2. As set forth therein, the decision to hold this case in suspension pursuant to Bankruptcy Code section 305(a)(1) "assume[d] the existence of the Nevada receivership as an alternative forum...[and that the] Nevada court provides the opportunity for an orderly wind down under an experienced and qualified receiver and [would] permit collection and distribution of Debtor's assets overseen by a court." Bench Ruling, at 14-15. This Court further noted that if the receivership was dismissed, no alternative forum would exist, and preserved the parties' rights with respect to a conversion of the case or appointment of a chapter 11 trustee. *See id*. at 15.

3. Shortly after the Bench Ruling, on June 3, 2020, this Court entered its *Order Pursuant to 11 U.S.C. §305(a)(1) Suspending All Proceedings in the Chapter 11 Case* [D.I. 104] (the "Initial Suspension Order") suspending the case and modifying the automatic stay to allow further proceedings in the Nevada District Court. *See* Initial Suspension Order. The Current Suspension Order, dated September 14, 2020, further modified the automatic stay to permit the Receiver to "proceed in all respects as [the Nevada District Court] deems appropriate" and ordered the Noteholders and the Debtor to file a joint status report "after a final ruling on the appeal to the Supreme Court of Nevada on the Noteholders' motion to appoint a Receiver in the Nevada Action." Current Suspension Order, at ¶¶ 1-2.

4. On January 13, 2022, the Supreme Court of Nevada issued its *Order of Reversal and Remand* in the appeal of the Receiver matter, holding the Noteholders lacked standing to bring their breach of contract claims, and therefore lacked standing to appoint the Receiver. *See Order of Reversal and Remand* ("Supreme Court Order"), attached hereto as **Exhibit A**. The Supreme Court Order remanded the receivership matter to the Nevada District Court. The Noteholders timely filed a motion for rehearing of the Supreme Court Order.

5. On May 13, 2022, the Supreme Court of Nevada ruled that it would not rehear the Supreme Court Order.

6. The Debtor has filed an order in the Nevada District Court seeking discharge of the Receiver. The Receiver reports that he is awaiting direction from the Nevada District Court and/or Bankruptcy Court. Additionally, on July 14, 2022, the Debtor filed a motion in the Nevada District Court to vacate that Court's order awarding attorney's fees to the Noteholders in connection with the appointment of the Receiver and to disgorge such attorney's fees (the "<u>Disgorgement Motion</u>").  A copy of the Disgorgement Motion is attached hereto as **<u>Exhibit B</u>**.

7. The parties disagree as to the effect of the Supreme Court Order. The Noteholders assert the Supreme Court Order leaves the Receiver powerless to act, which requires this Court to oversee the Debtor's liquidation of assets, to immediately cease the Current Suspension Order, and to determine the issue preserved by the Bench Ruling: whether to allow the Debtor to liquidate in chapter 11, convert or dismiss this case, or to appoint a chapter 11 trustee. The Noteholders support conversion of the case to chapter 7.

8. The Debtor disagrees about the effect of the Supreme Court Order and maintains that, until the Nevada District Court discharges the Receiver, and the matter is fully disposed of in Nevada, the Receiver remains in control of the Debtor's affairs and assets and there is no reason to cease the suspension of the bankruptcy case.  Further, the Debtor asserts that, based upon the Supreme Court Order, the Noteholders do not have standing to be heard in Nevada and/or this Court, and that any final orders in the Nevada District Court will be binding in the Debtor's

bankruptcy case.[2] The Debtor believes that conversion to Chapter 7 is improper, particularly until the Nevada District Court discharges the Receiver.

9. The parties request a status conference to address the foregoing issues.

| | |
|---|---|
| Dated: July 15, 2022<br>Wilmington, Delaware | **BLANK ROME LLP**<br><br>By: /s/ *Stanley B. Tarr*<br>Victoria A. Guilfoyle (No. 5183)<br>Stanley B. Tarr (No. 5535)<br>1201 N. Market Street, Suite 800<br>Wilmington, Delaware 19801<br>Telephone: (302) 425-6400<br>Facsimile: (302) 425-6464<br>Email: guilfoyle@blankrome.com<br>       tarr@blankrome.com<br><br>-and-<br><br>Kenneth J. Ottaviano (admitted *pro hac vice*)<br>William J. Dorsey (admitted *pro hac vice*)<br>Paige B. Tinkham (admitted *pro hac vice*)<br>444 West Lake Street, Suite 1650<br>Tel: (312) 776-2600<br>Fax: (312) 776-2601<br>Email: kottaviano@blankrome.com<br>       wdorsey@blankrome.com<br>       ptinkham@blankrome.com<br><br>*Attorneys for Noteholders*<br><br><br>MORRIS JAMES LLP<br><br>/s/     *Jeffrey R. Waxman*<br><br>Carl N. Kunz, III (DE Bar No. 3201)<br>Jeffrey R. Waxman (DE Bar No. 4159)<br>500 Delaware Avenue; Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 888-6800<br>Facsimile: (302) 571-1750<br>E-mail: jwaxman@morrisjames.com |

---

[2] Relatedly, if notwithstanding the Supreme Court Order, this Court determines that the Noteholders have standing to be heard in this Court, the Debtor expects that other noteholders who disagree with the Noteholders will also have standing to be heard.

4

E-mail: CKunz@morrisjames.com

Proposed counsel to the Debtor