**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SureFunding, LLC,<br><br>               Debtor. | Chapter 11<br><br>Case No. 20-10953 (LSS)<br><br>**Obj Deadline: August 19, 2022 at 4:00 p.m. (ET)**<br>**Hearing Date: TBD** |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND
APPROVING THE EMPLOYMENT OF MORRIS JAMES LLP
AS REPLACEMENT COUNSEL TO THE DEBTOR
_NUNC PRO TUNC_ TO JULY 6, 2022**

      The above-captioned debtor and debtor-in-possession, SureFunding, LLC (the "Debtor"), by and through its proposed counsel, hereby submits this Application for the entry of an Order in the form attached hereto as **Exhibit A** (the "Proposed Order") pursuant to section 327(a), 328 of title 11 of the United States (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Debtor to retain and employ Morris James LLP ("Morris James") as counsel to the Debtor _Nunc Pro Tunc_ to July 6, 2022 (the "Application"). In support of this Application, the Debtor relies on the declaration of Carl N. Kunz, III (the "Kunz Declaration") attached as **Exhibit B**, and the declaration of Edward T. Gavin, CTP, the Debtor's proposed Chief Restructuring & Liquidating Officer (the "Gavin Declaration") attached as **Exhibit C**. In support of the Application, the Debtor respectfully represents as follows:

**Jurisdiction**

      1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the _Amended Standing Order of Reference_ entered by the United States District Court for the District of Delaware on February 29, 2012. This matter is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2), and pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014, and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

**Background**

4. On April 14, 2020, (the "Petition Date"), the above-captioned Debtor (the "Debtor") commenced the above-captioned bankruptcy case (the "Chapter 11 Case") by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. Shortly before the Petition Date, a group of Noteholders (the "Noteholders") moved in the Nevada District Court for appointment of a receiver. The Nevada Court granted the Noteholders' motion for the appointment of a receiver on April 8, 2020. The Debtor filed a motion to reconsider the appointment of a receiver.

6. On June 2, 2020, this Court filed its Bench Ruling "suspending proceedings in the bankruptcy case pursuant to section 305 pending the outcome of the Debtor's motion to reconsider in the Nevada Court and motion practice on the form of Receivership order. Once that is complete, the outcome of this bankruptcy case will become apparent. If the bankruptcy case remains in this court, all parties' rights with respect to conversion or a chapter 11 trustee are preserved." *See Bench Ruling* at 15 [D.I. 103].

7. On January 13, 2022, the Supreme Court of Nevada issued its *Order of Reversal and Remand* in the appeal of the Receiver matter, holding certain Noteholders lacked standing to bring their breach of contract claims, and therefore lacked standing to appoint the Receiver. The Supreme Court Order remanded the receivership matter to the Nevada District Court.

8. The Debtor has filed an order in the Nevada District Court seeking discharge of the Receiver. The Receiver reports that he is awaiting direction from the Nevada District Court and/or Bankruptcy Court. It is anticipated that when the Nevada District Court acts, the matter will return to this Court.

## **Relief Requested**

9. By this Application, the Debtor seeks to employ and retain Morris James, as counsel to the Debtor *nunc pro tunc* to July 6, 2022, pursuant to 11 U.S.C. § 327(a), to provide legal services that will be necessary or appropriate during this case and granting certain related relief. The Debtor understands that Morris James will seek compensation from the Debtor's estates at its regular hourly rates for attorneys and paraprofessionals, and reimbursement of expenses incurred on the Debtor's behalf, subject to prior Court approval after notice and a hearing.

10. The Debtor seeks to retain Morris James as its counsel because of Morris James' experience and knowledge in the field of business reorganizations and liquidations, both out of court, in state court under the Delaware LLC Act, and under Chapter 11 of the Bankruptcy Code, and because of Morris James' experience and knowledge practicing before this Court.

11. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to Morris James on an hourly basis, plus reimbursement of

actual, necessary expenses and other charges incurred by Morris James. The principal attorneys and paralegals presently expected to represent the Debtor are as follows:

| Individual | Position | Hourly Rate |
| --- | --- | --- |
| Carl N. Kunz, III | Partner | $750.00 |
| Jeffrey R. Waxman | Partner | $750.00 |
| Eric J. Monzo | Partner | $695.00 |
| Brya M. Keilson | Partner | $675.00 |
| Sarah M. Ennis | Associate | $495.00 |
| Douglas J. Depta | Paralegal | $295.00 |
| Stephanie Lisko | Paralegal | $295.00 |

12. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals employed by Morris James may from time to time serve the Debtor in connection with the matters herein described.

13. These rates are set at a level designed to fairly compensate Morris James for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Morris James will also charge for normal and customary expenses incurred in connection with the Chapter 11 Case. The expenses charged may include, among other things, ECF charges, telephone and telecopy charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by Morris James to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Any such expenses will be recorded in accordance with the Morris James' customary practices, and will be incurred at the same rates as customarily charged in similar engagements, or as otherwise limited by the Local Rules or any order of the Court.

14. Subject to Court approval, the professional services that Morris James will render to the Debtor include, but shall not be limited to, the following:

    a. provide legal advice with respect to the Debtor's powers and duties as debtor in possession in the continued operation of their business, management of their properties and related matters;

    b. preparing and pursing confirmation of a plan and approval of disclosure statement;

    c. prepare necessary applications, motions, answers, orders, reports and other legal papers on behalf of the Debtor;

    d. appearing in Court and protecting the interests of the Debtor before the Court; and

    e. perform all other legal services for the Debtor that may be necessary and proper in these proceedings.

15. In addition to the services listed above, Morris James, in accordance with counsel's obligations, will, prior to signing and filing the same, review, in detail, all pleadings, motions, responses, objections and other documents prepared by co-counsel, and will provide comments thereon. Morris James will assure that any pleadings comply with the local rules. Morris James will advise the Debtor on matters of Delaware practice and procedure and Delaware law. A Morris James attorney will also personally attend all proceedings before the Court, and will attend meetings in Delaware between the Debtor, any Committee, and/or other parties in interest at which Debtor's counsel is requested, or required, to be present.

16. Morris James has conducted a review of potential conflicts with respect to all known creditors and equity holders of the Debtor's estates and other parties in interest who may appear in the case that have been identified to date by the Debtor. Subject to further review and supplementation as required by Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014-1, the potential conflicts identified by Morris James' conflict check are listed on Exhibit 2 to the Kunz Declaration. To the extent required, Morris James will periodically update its disclosures.

17. To the best of the Debtor's knowledge, and except as disclosed herein and in the Kunz Declaration, neither Morris James, nor any of its partners, of counsel or associates, represents any interest adverse to the Debtor, its estate, its creditors or any Committee, in the matters upon which Morris James is to be engaged. Brya M. Keilson, Partner at Morris James, was a trial attorney at the Office of the United States Trustee for Region 3 (the "United States Trustee") until March 13, 2019. Ms. Keilson did not have any responsibility with this Bankruptcy Case during her tenure at the United States Trustee. Morris James is a "disinterested person," as the Debtor understands this term to be defined, within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1103(b) of the Bankruptcy Code.

18. To the best of the Debtor's knowledge, and except as disclosed in the annexed Kunz Declaration, Morris James has no prior connection with the Debtor, its creditors or any other party-in-interest, or their respective attorneys or accountants, in the matters upon which it is to be engaged that would in any way disqualify it from representing the Debtor.

19. Morris James has indicated a willingness to act as counsel to the Debtor, in accordance with the terms of this Application.

20. The Debtor submits that it is necessary to employ Morris James as counsel to ensure that the interests of the Debtor are represented adequately in an efficient and effective manner. The Debtor believes that, in light of Morris James' familiarity with the facts of these Chapter 11 Case, as well as its understanding and knowledge of the Debtor's business issues, and its extensive experience before this Court, Morris James is well-suited to provide legal services to the Debtor.

21.    Because the Debtor requested and retained the services of Morris James on July 8, 2022, the Debtor requests that any order entered authorizing such retention be effective as of July 6, 2022.

## Notice

22.    Notice of this Application has been given to (i) the United States Trustee; (ii) counsel for the Debtor; (iii) counsel for the Debtor's secured lenders, and (iv) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

23.    No previous application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtor requests entry of an Order substantially in the form attached hereto, authorizing the Debtor to employ and retain Morris James as counsel for the Debtor, *nunc pro tunc* to July 6, 2022, and granting such other and further relief as is just and proper.

Dated: August 5, 2022                  Respectfully submitted,

                                                  MORRIS JAMES LLP

                                                  /s/ Carl N. Kunz, III
                                                  Carl N. Kunz, III (DE Bar No. 3201)
                                                  Jeffrey R. Waxman (DE Bar No.4159)
                                                  500 Delaware Avenue, Suite 1500
                                                  Wilmington, DE 19801
                                                  Telephone: (302) 888-6800
                                                  Facsimile: (302) 571-1750
                                                  E-mail: ckunz@morrisjames.com
                                                  E-mail: jwaxman@morrisjames.com

                                                  Proposed Counsel to the Debtor