# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SureFunding, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-10953 (LSS)<br><br>Re: D.I. 128 |

### NOTEHOLDERS' OBJECTION TO DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMNENT OF MORRIS JAMES LLP AS REPLACEMENT COUNSEL TO THE DEBTOR NUNC PRO TUNC TO JULY 6, 2022

Noteholders[1] hereby file this Objection to Debtor's Application for Entry of an Order Authorizing and Approving the Employment of Morris James LLP as Replacement Counsel to the Debtor Nunc Pro Tunc to July 6, 2022 [D.I. 128] (the "Application") and state as follows in support thereof:

---

[1] "Noteholders" are Brett Hatton, an individual; Earl Coronel, an individual; Autumn Wind Global Multi-Strategies Fund, LP, a Delaware Limited Partnership; Damon Gersh, an individual; Jason Eckenroth, an individual; Sherri R. Sands, as trustee of the Sherri R. Sands Revocable Trust, a Florida Trust; Glickfield Capital Management, LLC fbo M. Glickfield Dynasty Trust, a Maryland Trust; Glickfield Capital Management, LLC fbo Cheryl Newmark, a Maryland Trust; Glickfield Capital Management, LLC fbo Marla Schram, a Maryland Trust; Carrickfergus Investments Limited, a British Virgin Islands Company; Stephane Carnot, as Trustee of the Carnot Family Trust, a District of Columbia Trust; Dorsey and Whitney Trust Co., LLC, as Trustee of the Dylan Taylor 2011 Grantor Trust, a South Dakota Trust; Eseco, LLC, a Michigan Limited Liability Company; Sequris Group, LLC, a Michigan Limited Liability Company; Matthew Briggs, as Trustee of the Briggs Management Trust; Michael Rubenstein, an individual; June Farmer, an individual; Thomas Carl Myers, an individual; Richard L. Rogers, an individual; Neal J. Glickfield, as Trustee of the Neal J. Glickfield 2018 Trust, a Maryland Trust; Lineage, LLC, a Virginia Limited Liability Company; Charles B. Chokel, as Trustee of the Charles B. Chokel Trust u/a 4/21/92, a New Hampshire Trust; Brian Gray, an individual; HFJ Investments I, LLC, a Texas Limited Liability Company; Patricia B. Jones, as Trustee of the Patricia B. Jones Revocable Trust, a Maryland Trust; John B. Shaw as Trustee of the John B. Shaw 2012 Family Grantor Trust; and 1086 LLC, a Maryland Limited Liability Company.

1

1. Noteholders object to the Application and retention sought therein because it is premature for Debtor to retain new counsel prior to this Court's determination as to whether this case should be converted or a chapter 11 trustee should be appointed.

2. This case has been held in abeyance since June 1, 2020, when the Court ruled that the receivership against Debtor should proceed in Nevada to provide an opportunity for an orderly wind down and collection and distribution of Debtor's assets. Bench Ruling delivered on June 1, 2020 [D.I. 103] ("Bench Ruling").

3. The Nevada Supreme Court subsequently found Noteholders did not have standing to seek the appointment of a receiver and, in the most recent course of actions, remanded the case to the district court. Because of the Supreme Court's ruling, the receiver is effectively powerless to act and oversight by this Court is needed.

4. Noteholders respectfully request the Court now issue its ruling on the requests for conversion of this case to Chapter 7 and appointment of a trustee that were held in abeyance pending the Nevada receivership. As this Court previously determined: "[t]his is a liquidating case. The remaining assets are causes of action to recover the remaining receivables and run-off of Debtor's other investment assets. There are no employees and there is no business to reorganize around." *Id*. at 5. Applying these factual findings to Third Circuit authority, this Court ruled that the Debtor did not file its case in good faith. *Id.* at 14.

5. A status conference on this matter is set for August 25, 2022.

6. Moreover, disclosure of Debtor's actions during the receivership and abeyance of its chapter 11 case is needed before any decision can be made on its actions/authority going forward. For example, a number of filings have been made on behalf of Debtor in the Nevada courts by a Nevada law firm, Snell & Wilmer. However, such firm was never employed by

pursuant to an order of this Court and its authority to act on behalf of Debtor is unclear.  It is further unclear, who has been making decisions for Debtor during this time period, and whether payments are being made with Debtor's cash in contravention of the receivership and the abeyance of this case.

7.    Finally, while Debtor indicates that Morris James was retained on July 8, 2022, it seeks *nunc pro tunc* retention to July 6, 2022.  The explanation for differing dates is unclear.

8.    In sum, Noteholders believe that a ruling on retention of any counsel for Debtor at this time is premature and this Court should immediately convert the case to chapter 7 so that the liquidation can immediately proceed.

WHEREFORE, Noteholders request that this Court deny the Application and grant them such other relief the Court deems just and appropriate.

Dated: August 18, 2022
Wilmington, Delaware

**BLANK ROME LLP**

By: */s/ Stanley B. Tarr*
Victoria A. Guilfoyle (No. 5183)
Stanley B. Tarr (No. 5535)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
Email: guilfoyle@blankrome.com
           tarr@blankrome.com

-and-

Kenneth J. Ottaviano (admitted *pro hac vice*)
William J. Dorsey (admitted *pro hac vice*)
Paige B. Tinkham (admitted *pro hac vice*)
444 West Lake Street, Suite 1650
Tel:  (312) 776-2600
Fax:  (312) 776-2601
Email: kottaviano@blankrome.com
           wdorsey@blankrome.com
           ptinkham@blankrome.com

*Attorneys for Noteholders*

3