## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SureFunding, LLC, [1] | Case No. 20-10953 (LSS) |
| Debtor. | |

### DEBTOR'S BRIEF IN SUPPORT OF EMERGENCY MOTION FOR A DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY TO THE DISGORGEMENT MOTION FILED BY THE DEBTOR IN NEVADA STATE COURT

Carl N. Kunz, III (DE Bar No. 3201)
Jeffrey R. Waxman (DE Bar No.4159)
Jason S. Levin (DE Bar No. 6434)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: ckunz@morrisjames.com
E-mail: jwaxman@morrisjames.com
E-mail: jlevin@morrisjames.com

*Proposed Counsel to SureFunding, LLC*

Dated: August 26, 2022

---

[1] The last four digits of the Debtor's federal tax identification number are 7898. The Debtor's address is 6671 Las Vegas Blvd., Suite 210, Las Vegas, NV 89119.

# TABLE OF CONTENTS

Table of Authorities ...................................................................................................................ii

Introduction ................................................................................................................................ 1

Background ................................................................................................................................ 2

Argument ................................................................................................................................... 5

      I.       The automatic stay is for the protection of the Debtor ........................................ 5

      II.     The automatic stay does not prevent a debtor from taking affirmative action. ..... 6

Conclusion ................................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*,
    682 F.2d 446 (3d. Cir. 1982) ................................................................................................. 6

*Brown v. Jevic*,
    575 F.3d 322 (3d. Cir. 2009) ................................................................................................... 5

*In re Aleris Intern., Inc.*,
    456 B.R. 35 (Bankr. D. Del. 2011) ......................................................................................... 5

*In re Forever 21, Inc.*,
    623 B.R. 53 (Bankr. D. Del. 2020) ........................................................................................ 5

*In re Northwood Flavors, Inc.*,
    202 B.R. 63 (Bankr. W.D. Pa. 1996) ...................................................................................... 5

*In re Spansion, Inc.*,
    418 B.R. 84 (Bankr. D. Del. 2009) ......................................................................................... 5

*In re Uni-Marts, LLC*,
    399 B.R. 400 (Bankr. D. Del. 2009) ....................................................................................... 5

*Maritime Electric Co. v. United Jersey Bank*,
    959 F.2d 1194 (3d Cir. 1991) .................................................................................................. 6

*McCartney v. Integra Nat. Bank N.*,
    106 F.3d 506 (3d Cir. 1997) .................................................................................................... 5

**Statutes**

11 U.S.C. § 362 ............................................................................................................... *passim*

Debtor Surefunding, LLC ("Debtor"), hereby moves for an emergency determination (the "Emergency Motion") that the automatic stay imposed by 11 U.S.C. § 362(a) does not apply to the Debtor's motion, filed in connection with a receivership action in Nevada state court, seeking disgorgement of approximately $370,000 in attorneys' fees paid to the petitioning Noteholder's counsel (the "Disgorgement Motion"). In support of this Emergency Motion, the Debtor states as follows:

## Introduction

The Debtor has filed a motion in connection with a receivership action in Nevada state court seeking disgorgement of approximately $370,000 in attorneys' fees improvidently paid to the petitioning Noteholder's counsel (the "Disgorgement Motion") in receivership action that has now been determined by the Nevada Supreme Court to have been improperly filed. The Disgorgement Motion has been filed by the Debtor because, with the Nevada Supreme Court determining that the order appointing the receiver should be reversed and the receiver should be discharged because the petitioning Noteholders had no standing to bring the receivership action, all actions arising from that order, including an award of attorneys' fees, are now null and void. Emergency relief is particularly appropriate because the Nevada district court (the "Nevada Court") has set a hearing on September 1, 2022 to consider the Disgorgement Motion, and this Court's comments at a status conference held yesterday, on August 25, 2022 questioning whether the automatic stay applied to the Disgorgement Motion, stands to sow confusion about whether the Nevada Court, by hearing the Disgorgement Motion, is violating the automatic stay. Indeed, at yesterday's status conference, while purporting to leave the Nevada Court to make its own decisions, this Court suggested that if the Nevada Court entered an order on the Disgorgement Motion, but the order was later held to have violated the automatic stay, the Nevada Court's order

1

would just be void. Neither the Debtor nor the Nevada Court should have to guess whether, at some later date, an order it may enter on the Disgorgement Motion would be void. Whether the automatic stay applies is a determination that should be made now, so that the Nevada Court can hear the Disgorgement Motion and enter whatever order the Nevada Court believes is appropriate without the threat, or fear, that entry of the order is violative of the automatic stay or will otherwise later be rendered void.

## Background

On March 20, 2020, certain Noteholders (the "Noteholders") filed a receivership action in the State of Nevada (the "Receivership") in breach of the terms of the Third Amendment to Note Purchase Agreement ("Third Amendment") to which they are bound. While the Receivership was pending, on April 14, 2020, the Debtor filed a voluntary chapter 11 bankruptcy petition in this Court. The Noteholders moved to dismiss the petition, alleging that the petition was not filed in good faith.

Following a hearing, the Court, on June 1, 2020 (D.I. 103, docketed on June 2, 2020), issued a Bench Ruling (the "Bench Ruling") concluding that while the Debtor had "not met its burden to show good faith, it should also be clear that my conclusions (on the whole) assume the existence of the Nevada receivership as an alternative forum . . . . But, Debtor has moved for reconsideration of Judge Denton's decision and presumably a vacating of the receiver order . . . . However, Judge Denton clearly anticipated motion practice on the form of the Receivership Order and neither Debtor nor the non-plaintiff noteholders have weighed in yet. Nor has the Receiver asked for any clarifications of the Order." Bench Ruling at 15.

The Court continued: "Under these circumstances, I will withhold judgment at this time pending the continued proceedings in the Nevada action. It serves the interests of the creditors

and the debtor better to suspend proceedings in the bankruptcy case pursuant to section 305 pending the outcome of the motion to reconsider in the Nevada Court and motion practice on the form of Receivership Order." *Id.*

On June 3, 2020, this Court entered an Order [D.I. 104] that (i) suspended the chapter 11 case "pending determination of Debtor's motion to vacate or motion for reconsideration of the Court's April 7, 2020 Decision . . . and any motion practice on the Order Granting Motion for Appointment of Receiver entered April 13, 2020; and (ii) modifying the automatic stay to "permit the Motion to Vacate to be pursued to a conclusion, whether by settlement, judgment or otherwise, and . . . permit any motion practice on the form of Receiver Order." Order at ¶ 2. Matters relevant to the Receivership have then proceeded over the next two years in the Nevada Court.

On January 13, 2022, the Nevada Supreme Court determined that the Noteholders, who had sought appointment of the receiver, had no standing to seek such relief under the terms of the Third Amendment to the Note Purchase Agreement, and reversed the Nevada Court's order that appointed the receiver, and remanded the matter to the Nevada Court "for proceedings consistent with this order. As of the time of this motion, the Nevada Court has taken no further action as to the remittitur and order for reversal on remand in the Receivership.

The acts of the certain Noteholders in breach of the terms of the Third Note Purchase Agreement has caused economic damages to SureFunding, including for the costs of defense of the improperly filed breach of contract suit in Nevada, the costs of defending and appealing the Receivership action in Nevada and, ultimately, the cost of the bankruptcy sought to protect the estate from the improperly filed Receivership action. These damages are estimated to surpass two million dollars and include the attorneys' fees improperly granted. The Debtor has a fiduciary obligation to recover these damages for the benefit of the other Noteholders and the estate in whole.

On July 14, 2022, the Debtor filed the Disgorgement Motion in the Nevada Court. In particular, the Disgorgement Motion seeks to vacate an interlocutory order of the Nevada Court that allowed $373,421.91 in attorneys' fees to be paid by the Debtor through the Receivership estate to Noteholder's counsel in the service of obtaining the appointment of the receiver. As noted, however, the Nevada Supreme Court has since reversed the order that appointed the Receiver. Thus, the Debtor has filed the Disgorgement Motion in order to seek relief before the Nevada Court that entered the order allowing the fees so that it may reverse its own improvidently granted order in connection with the Receivership. A hearing in Nevada on the Disgorgement Motion is set for September 1, 2022.[2]

Yesterday, on August 25, 2022, this Court held a status conference and was informed that the hearing on the Debtor's Disgorgement Motion was set to be heard on September 1. The Court, however, suggested during counsel's discussion that perhaps the Disgorgement Motion, although filed by the Debtor and seeking a remedy for an order entered in the Nevada Court and in which the parties have litigated for nearly 2 years, somehow could be void *ab initio* as violative of the automatic stay:

> I do think there's a question about whether, if the Nevada Court rules on the motion to disgorge fees, whether that's void *ab initio* as violative of the automatic stay or not. I think it's a question.

Transcript at 32.

> Is it possible that it would be a violation of the stay? It is. And if it's possible that it is, then what happens? Then his judgment is void. Okay? But you guys haven't briefed this for me.

Transcript at 46.

---

[2] The receiver has not opposed the Disgorgement Motion.

The Court noted that while she was not suggesting what the Nevada Court should do or not do, she noted that if the Nevada Court's hearing (and action on) the Disgorgement Motion was later determined to have violated the automatic stay, then any order it entered would simply be void. The Court's comment at the status conference leaves the Nevada Court with a Hobson's choice created by this Court: risk violating the stay, or do nothing to review its own improperly granted fee order. The Nevada Court should not be put in that position.

The Debtor therefore brings this Motion on an emergency basis seeking a determination that the automatic stay does not apply to the Disgorgement Motion. It does so in order that the Nevada Court can make a final determination with respect to the Disgorgement Motion without the sword of Damocles hanging over its head.

## Argument

I. **The automatic stay is for the protection of the Debtor**.

Section 362 of the Bankruptcy Code provides: "a petition filed under section 301, 302 or 303 of this title . . . operates as a stay applicable to all entities, of

> (1) The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding ***against the debtor . . .*** ."

Likewise, every potentially applicable subsection under 362(a) establishes that the automatic stay precludes actions ***against the debtor or against property of the debtor or its estate***. *See* Sections 362(a)(1) to (7).

Noting the clear language of 362(a), this Court, and the United States Third Circuit Court of Appeals have repeatedly stated that the automatic stay is ***only for the benefit of the Debtor***. *In re Uni-Marts, LLC*, 399 B.R. 400, 415 (Bankr. D. Del. 2009) ("In general, only the debtor is afforded protections of the automatic stay under section 362"); *In re Forever 21, Inc.*, 623 B.R.

5

53, 62-63 (Bankr. D. Del. 2020) ("The automatic stay only protects debtors, not non-debtor parties.") (citations omitted); *In re Spansion, Inc.*, 418 B.R. 84, 92 (Bankr. D. Del. 2009) ("The automatic stay is one of the most fundamental protections granted the debtor under the Bankruptcy Code.") (citations omitted); *In re Aleris Intern., Inc.*, 456 B.R. 35, 46 (Bankr. D. Del. 2011 ("[362(a)] "is 'one of the fundamental debtor protections provided by the bankruptcy laws.'") (citations omitted); *Brown v. Jevic*, 575 F.3d 322, 328 (3d. Cir. 2009) ("a stay under § 362(a)(1) applies only to the debtor") (citations omitted); *McCartney v. Integra Nat. Bank N.*, 106 F.3d 506, 510 (3d Cir. 1997) ("[T]he clear language of section 362(a) stays actions only against a 'debtor'.") (citations omitted).

In this light, it is clear that nothing about the Disgorgement Motion is "an action against the debtor," or against property of the Debtor or its estate. Rather, the Disgorgement Motion (filed post-petition by the Debtor) seeks to recover over $370,000 in attorneys' fees that were improperly granted to the Noteholders and their counsel (post-petition) in conjunction with the Noteholders breach of the Third Amendment and recover those fees for the Debtor's estate. And it is wholly appropriate for the Debtor to seek that relief from the Nevada state court that awarded those fees. Accordingly, the automatic stay does not apply.

II. **The automatic stay does not prevent a debtor from taking affirmative action.**

If the language of 362(a) and the context of the Disgorgement Motion were not clear enough, courts within the Third Circuit have held that the automatic stay does not prohibit the debtor from commencing or continuing with litigation or other collection activities. *See e.g.*, *In re Northwood Flavors, Inc.*, 202 B.R. 63, 66 (Bankr. W.D. Pa. 1996) ("By its clear unambiguous language, § 362(a)(1) stays only proceedings against a debtor. It does not apply to actions by a debtor which, if successful, would inure to the benefit of the bankruptcy estate."), citing *Maritime*

*Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991); *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d. Cir. 1982) ("The statute [362(a)] does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate.)

Here again, the Disgorgement Motion, which seeks recovery of over $370,000 in fees that the Debtor asserts were wrongfully awarded to counsel for the petitioning Noteholders, is affirmative relief sought by the Debtor. Nothing about the Disgorgement Motion implicates the automatic stay which, by its express terms, protects *only* the Debtor; it does not prevent the Debtor from seeking relief which, if granted, will inure to the benefit of its estate.

## Conclusion

The Court's comments at the August 25, 2022 status conference, questioning whether the Disgorgement Motion implicated the automatic stay, will serve only to inject confusion into the hearing on the Disgorgement Motion set for September 1, 2022 in Nevada and further impair the economic interests of the other creditors of the estate. The Nevada Court should not have to question whether it has jurisdiction to consider the Disgorgement Motion, or be confused as to whether this Court may, in the future, determine that the Nevada Court has violated the automatic stay by considering the Disgorgement Motion and ruling on it. Instead, this Court should determine, on an emergency basis, that the automatic stay is *not* applicable to the Disgorgement

Motion, and allow September 1 hearing in Nevada to continue without uncertainty and without delay.

                      Respectfully submitted,

Dated: August 26, 2022            **MORRIS JAMES LLP**

                      */s/ Carl N. Kunz, III*
Carl N. Kunz, III (DE Bar No. 3201)
Jeffrey R. Waxman (DE Bar No.4159)
Jason S. Levin (DE Bar No. 6434)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: ckunz@morrisjames.com
E-mail: jwaxman@morrisjames.com
E-mail: jlevin@morrisjames.com

*Proposed Counsel to SureFunding, LLC*