**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SureFunding, LLC,<br><br>               Debtor. | Chapter 11<br><br>Case No. 20-10953 (LSS)<br><br>**Objection Deadline: October 11, 2022 at 4:00 p.m. (ET)**<br>**Hearing Date: October 17, 2022 at 11:00 a.m. (ET)** |

**NOTEHOLDERS' MOTION FOR AN ORDER CONVERTING
THIS CASE TO CHAPTER 7**

The Noteholders,[1] through their undersigned counsel, respectfully move this Court for an order converting this chapter 11 case to a case under chapter 7 of the United States Bankruptcy Code (the "Code") and respectfully, state as follows in support thereof:

**PRELIMINARY STATEMENT**

1.      The Noteholders seek to convert this case to chapter 7 for cause because there is substantial and continuing loss to the estate and the absence of a reasonable likelihood of rehabilitation and the Debtor cannot effectuate substantial consummation of a confirmed plan. The

---

[1] "Noteholders" are Brett Hatton, an individual; Earl Coronel, an individual; Autumn Wind Global Multi-Strategies Fund, LP, a Delaware Limited Partnership; Damon Gersh, an individual; Jason Eckenroth, an individual; Sherri R. Sands, as trustee of the Sherri R. Sands Revocable Trust, a Florida Trust; Glickfield Capital Management, LLC fbo M. Glickfield Dynasty Trust, a Maryland Trust; Glickfield Capital Management, LLC fbo Cheryl Newmark, a Maryland Trust; Glickfield Capital Management, LLC fbo Marla Schram, a Maryland Trust; Carrickfergus Investments Limited, a British Virgin Islands Company; Stephane Carnot, as Trustee of the Carnot Family Trust, a District of Columbia Trust; Dorsey and Whitney Trust Co., LLC, as Trustee of the Dylan Taylor 2011 Grantor Trust, a South Dakota Trust; Eseco, LLC, a Michigan Limited Liability Company; Sequris Group, LLC, a Michigan Limited Liability Company; Matthew Briggs, as Trustee of the Briggs Management Trust; Michael Rubenstein, an individual; June Farmer, an individual; Thomas Carl Myers, an individual; Richard L. Rogers, an individual; Neal J. Glickfield, as Trustee of the Neal J. Glickfield 2018 Trust, a Maryland Trust; Lineage, LLC, a Virginia Limited Liability Company; Charles B. Chokel, as Trustee of the Charles B. Chokel Trust u/a 4/21/92, a New Hampshire Trust; Brian Gray, an individual; HFJ Investments I, LLC, a Texas Limited Liability Company; Patricia B. Jones, as Trustee of the Patricia B. Jones Revocable Trust, a Maryland Trust; John B. Shaw as Trustee of the John B. Shaw 2012 Family Grantor Trust; and 1086 LLC, a Maryland Limited Liability Company.

1

Court already made the factual findings necessary for conversion in its Bench Ruling in June 2020. Subsequent events further confirm that conversion to Chapter 7 is warranted. As noted at the recent status hearing, the Nevada-court appointed receiver has been in limbo since the Nevada Supreme Court ruled in January, and the Abernathys' hand-selected manager lacks authority to act and remains unacceptable to the Noteholders in light of his association with the Abernathys. In sum, this is a liquidation situation with no possibility of reorganization and the acrimony between the Debtor and its creditors remains beyond repair.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Venue for this Motion is proper pursuant to 28 U.S.C. § 1409. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The bases for the relief requested are section 1112(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1017(f)(1).[1]

### ARGUMENT

3.  "Good faith is a predicate to the right to file a petition in bankruptcy …" *In re JER/Jameson Mezz Borrower II, LLC*, 461 B.R. 293, 297 (Bankr. D. Del. 2011). Whether the good faith requirement has been satisfied is a "fact intensive inquiry" in which the court must examine "the totality of facts and circumstances." *In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 118 (3d Cir. 2004).

---

[1] Pursuant to Local Rule 9013-1(f), the Noteholders hereby consent to the entry of a final judgment or order in connection with this Motion if it is determined that this Court cannot—absent the consent of the parties—enter such final judgment or order consistent with Article III of the United States Constitution.

4.      This Court has already undertaken that fact intensive inquiry, examined the totality of facts and circumstances in May 2020 and found that this case was not filed in good faith. Court's Bench Ruling delivered on June 1, 2020 [D.I. 103] (the "Bench Ruling") at 14.

5.      Because of the pending receivership proceeding in Nevada, in connection with the bad faith finding, the Court held this case in abeyance and stated:

> Under these circumstances, I will withhold judgment at this time pending the continued proceedings in the Nevada action. It serves the interests of the creditors and the debtor to suspend proceedings in the bankruptcy case pursuant to section 305 pending the outcome of the motion to reconsider in the Nevada Court and motion practice on the form of Receivership Order. Once that is complete, the outcome of this bankruptcy case will become apparent. If the bankruptcy case remains in this court, all parties' rights with respect to conversion or a chapter 11 trustee are preserved.

Bench Rule at 15.

6.      Now that the receiver is being dismissed, the Noteholders move, pursuant to Section 1112(b), for conversion of this case to case under chapter 7 for cause. Section 1112(b) provides that, on request of a party in interest, the court shall convert a case under chapter 11 to a case under chapter 7, whichever is in the best interest of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee is in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1).

7.      There can be no dispute that the Noteholders are parties in interest and have standing to bring this motion, despite the bald assertions of counsel at the recent status hearing. The Debtor has listed the Noteholders as creditors in its schedules. 11 U.S.C. § 1109(b) (a party in interest, including, a creditor, may raise and may appear and be heard on any issue in a case under this chapter). In addition, the Third Amendment to the Note Purchase Agreement ("Third Amendment"), a copy of which was filed with the Court as Doc. 136, does not purport to strip the Noteholders of their creditor status. It merely purports to appoint a "Collateral Agent" to enforce

3

secured creditor rights. (Doc. 136 at 28.) Moreover, to be effective, the Third Amendment expressly states that it is only binding on the "Amending Purchasers" who actually signed the Third Amendment. (*Id.* at 3 [first paragraph and Whereas clause].) However, the copy of the Third Amendment filed with the Court is unsigned and thus not binding on the Noteholders.

8. Courts have wide discretion in determining whether cause exists for the purposes of Section 1112(b). *In re SGL Carbon Corp.*, 200 F.3d. 154, 160 (3d Cir. 1999). Section 1112(b)(4) cites sixteen non-exclusive examples that constitute cause, which include, (a) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation and (b) inability to effectuate substantial consummation of a confirmed plan. 11 U.S.C. § 1112(b)(4)(A) and (M).

9. Each of the examples of cause are present in this case. In the Bench Ruling, this Court already found that there "appears to be no possibility of reorganization" and the Debtor will be unable to effectuate substantial consummation of a confirmed plan in this case. Bench Ruling at 10. As the Court stated:

> Debtor is liquidating. Additionally, it does not appear that Debtor will be able to confirm a plan absent the Noteholders' consent. The Noteholders are the only significant creditors, and sufficient noteholders in both number and amount are moving to dismiss this case. Accepting Debtor's position that the Noteholders hold unsecured claims, it is unclear, at the present time, how Debtor will be able to obtain an impaired accepting class to effectuate a cramdown, if necessary. Counting on a negotiated resolution in these circumstances does not satisfy this factor. Because there appears to be no possibility of reorganization, this factor favors movants.

*Id*.

10. These facts have not changed. The Noteholders remain the only significant creditors and sufficient noteholders in both number and amount are moving to convert this case. The Debtor's schedules list 53 noteholders. Twenty-seven of those noteholders (over half in

number) holding $24 million of the notes (two-thirds by amount) are the movants here. Bench Ruling at 8. Debtor will not be able to obtain an impaired accepting class to effectuate a cramdown.

11. The Court has further found: "[t]his is a liquidating case. The remaining assets are causes of action to recover the remaining receivables and run-off of Debtor's other investment assets. There are no employees and there is no business to reorganize around." *Id*. at 5.

12. These circumstances have not changed since the Court's Bench Ruling. The only assets remain causes of action and a small pool of run-off of investment assets.

13. Cause clearly exists for conversion of this case to a case under chapter 7. No further hearing is required, given the previous evidence and findings of the Court.

14. Upon the finding of cause, the Court must determine whether conversion or dismissal best serves the interest of the creditors and the estate. *In re Am. Capital Equip., LLC*, 688 F.3d 145, 161 (3d Cir. 2012). The Court has wide discretion to use its "equitable powers' to make 'an appropriate disposition of the case[.]" *Id*. at 163 (quoting *In re Camden Ordnance Mfg. Co. of Arkansas, Inc*., 245 B.R. 794, 798 (E.D. Pa. 2000)).

15. Conversion to chapter 7 will place an independent fiduciary in control of the Debtor to maximize value and pursue causes of action without the input of the Debtor's prior management or their chosen representatives.

16. The Debtor has made numerous attacks on the Noteholders (i.e., the majority of their creditors) and taken questionable actions while this case was held in abeyance. As this Court noted at the August 25, 2022 hearing, there is great uncertainty as to whether Mr. Gavin had any authority to act as he did while this case was held in abeyance and the receiver was in place.

17. A chapter 7 trustee will alleviate this acrimony and permit an efficient and cost-effective liquidation of the estate.

## CONCLUSION

18. For the foregoing reasons and as set forth in the Motion, Noteholders respectfully requests that this Court enter an order, in substantially the form attached hereto (i) converting this case to chapter 7 and (ii) granting such other relief as may be just and appropriate.

| | |
|---|---|
| Dated: September 27, 2022<br>Wilmington, Delaware | **BLANK ROME LLP**<br><br>By: /s/ Stanley B. Tarr<br>Victoria A. Guilfoyle (No. 5183)<br>Stanley B. Tarr (No. 5535)<br>1201 N. Market Street, Suite 800<br>Wilmington, Delaware 19801<br>Telephone: (302) 425-6400<br>Facsimile: (302) 425-6464<br>Email: tori.guilfoyle@blankrome.com<br>           stanley.tarr@blankrome.com<br><br>-and-<br><br>Kenneth J. Ottaviano (admitted *pro hac vice*)<br>William J. Dorsey (admitted *pro hac vice*)<br>Paige B. Tinkham (admitted *pro hac vice*)<br>444 West Lake Street, Suite 1650<br>Tel: (312) 776-2600<br>Fax: (312) 776-2601<br>Email: kottaviano@blankrome.com<br>           wdorsey@blankrome.com<br>           ptinkham@blankrome.com<br><br>*Attorneys for the Noteholders* |