# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SureFunding, LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 20-10953 (LSS)<br><br>**Re: D.I. 147, 148, 150 and 151** |

## DEBTOR'S OPPOSITION TO UNITED STATES TRUSTEE'S AND CERTAIN NOTEHOLDERS' MOTIONS TO SHORTEN

Surefunding, LLC ("Debtor") hereby opposes the Motions to Shorten filed by the Office of the United States Trustee ("UST") [D.I. 148] and certain Noteholders ("Breaching Noteholders") [D.I. 151] with respect to the *United States Trustee's Supplemental Motion For an Order Converting This Case to Chapter 7 or Appointing a Trustee* [D.I. 147] and *Noteholders Motion for an Order Converting This Case to Chapter 7* [D.I. 150] (collectively, the "Motions to Convert"). The Motions to Shorten should be denied. In support of this opposition, the Debtor states as follows:

1. This case has been suspended by order of this Court for over two (2) years [D.I. 104]. There are no exigencies present – and neither the UST nor Breaching Noteholders point to any – requiring this Court to shorten the time period for the Debtor to respond to and oppose the Motions to Convert. Indeed, as set forth in both Motions to Convert, the Nevada Court has not yet entered an order discharging the Receiver. The return of the case to this Court was expressly premised on a final decision issuing from Nevada. That has not yet happened, so it is premature for this Court to entertain the Motions to Convert unless and until the Nevada Court issues its order discharging the Receiver.

2. Moreover, no one has asked for the Court to rescind its order that suspended this case over two and a half years ago, and this Court has not done so to date. Unless and until

someone asks that the suspension order be rescinded, or the Court *sua sponte* rescinds its suspension order, the case remains suspended, and consideration (or reconsideration of) the Motions to Convert is premature.

3. At their core, the Motions to Convert are both premised on factors the Court considered over two years ago – factors which, with the passage of time, have materially changed and which will be subject to additional discovery, depositions and an evidentiary hearing. Otherwise, the Court will be improperly evaluating the renewed motions on a stale record without considering material changes that have occurred in the intervening two and a half years.

4. Among the changed circumstances is the fact that the receivership (i) upon which the Court premised its suspension order, and (ii) upon which the Court relied to find that "litigation advantage" weighed in favor of the Breaching Noteholders on the issue of good faith, was specifically found by the Nevada Court to have been improperly filed. This finding has not only led to the Nevada Court indicating it would enter an order discharging the receiver, but has also resulted in the Nevada Court ordering disgorgement *from the Breaching Noteholders* personally and jointly and severally, over $373,000.00 in attorneys' fees improperly awarded to them for pursuing the receivership action. *To date, not a single dollar of the fees to be disgorged has been repaid to the Debtor's estate by any of the Breaching Noteholders.* Moreover, the Estate has, and intends to assert, breach of contract claims against the Breaching Noteholders for all the costs of the bankruptcy to date, and all the costs of opposing the receivership in Nevada, all of which have been occasioned by the Breaching Noteholders breaches of contract with the Debtor – amounts which are anticipated to exceed $3 million.

5. Not only does the dismissal of the receiver affect the Court's findings on litigation advantage, it also affects the Court's determination that filing bankruptcy the day after the

receivership order was entered somehow favored the Breaching Noteholders. Indeed, this Court can no longer find, based on the recent ruling of the Nevada Supreme Court, that the Debtor's filing of the bankruptcy case to prevent the detrimental impact of an unauthorized receivership filed by the Breaching Noteholders somehow evidences bad faith on the part of the Debtor.

6. Moreover, discovery is necessary now to determine the position of other non-breaching noteholders vis-à-vis the Breaching Noteholders. The Breaching Noteholders have undoubtedly caused significant damage to the estate by their unauthorized receivership actions to the detriment of the non-breaching noteholders. They have been ordered to repay significant sums to the estate that they have not repaid. This Court, two and a half years ago, raised the specter that other appearing noteholders and the Debtor really were not challenging the claims of the Breaching Noteholders – finding that that factor weighed in favor of finding that the case was not filed in good faith. Now, there is ample cause not only to challenge the Breaching Noteholders' claims but seek reduction or subordination of their claims to other non-breaching noteholders. Accordingly, this factor no longer weighs in favor of the movants.

7. In sum, after two years of being in suspension, there is little need to rush these important matters and the Debtor should be permitted adequate time to address not only the assertions contained the Motions to Convert, and the opportunity to take additional discovery and present evidence to this Court as to why circumstances have materially changed in favor of the Debtor, with its current qualified and appropriate fiduciaries, to remain in Chapter 11 and address and pursue claims – including claims against the Breaching Noteholders – liquidate the estates and confirm a Chapter 11 plan in due course. To date, no one has introduced evidence that independent management should be replaced by a Trustee; no such evidence exists.

WHEREFORE, the Debtor requests that that the Court deny the Motions to Shorten pending (i) entry of orders in Nevada discharging the Receiver, (ii) entry of an order by this Court on appropriate notice rescinding suspension of the case, (iii) holding a further status conference; and (iv) and setting an appropriate schedule to take and complete discovery on the renewed Motions to Convert due to material changes of circumstances during the intervening two and a half years.

Dated: September 30, 2022	**MORRIS JAMES LLP**

*/s/ Carl N. Kunz, III*
Carl N. Kunz, III (DE Bar No. 3201)
Jeffrey R. Waxman (DE Bar No.4159)
Jason S. Levin (DE Bar No. 6434)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
E-mail: ckunz@morrisjames.com
E-mail: jwaxman@morrisjames.com
E-mail: jlevin@morrisjames.com

*Proposed Counsel to SureFunding, LLC*