**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SureFunding, LLC, | Case No. 20-10953 (LSS) |
| Debtor. | D.I. Ref. No. 24 |

**SUPPLEMENTAL DECLARATION OF EDWARD T. GAVIN, CTP, NCPM IN SUPPORT OF THE DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO EMPLOY AND RETAIN GAVIN/SOLMONESE LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND RELATED SERVICES PURSUANT TO 11 U.S.C. §§ 363 AND 105 <u>EFFECTIVE AS OF THE PETITION DATE</u>**

Edward T. Gavin, CTP, NCPM certifies, pursuant to 28 U.S.C. § 1746 as follows:

1. I am a Managing Director of the firm Gavin/Solmonese LLC ("<u>Gavin/Solmonese</u>"), with offices at 1007 N. Orange Street, Suite 461, Wilmington, DE 19801 and other locations, and am authorized to make this statement on behalf of Gavin/Solmonese (the "<u>Declaration</u>"). This Declaration is given in support of the Debtor's Application for Entry of an Order Authorizing the Debtor to Employ and Retain Gavin/Solmonese LLC to Provide a Chief Restructuring Officer and Related Services Pursuant to 11 U.S.C. §§ 363 and 105 Effective as of the Petition Date, in part on personal knowledge and in part on information and belief based on discussions with individuals at Gavin/Solmonese whom I consider reliable for the purposes of the matters discussed, and in part on reviewing records provided to me by Gavin/Solmonese colleagues and employees.

2. This Declaration incorporates the information and disclosures submitted by me pursuant to my prior declaration filed April 20, 2020 at D.I. 24-4 and supplements such prior declaration as provided herein.

3. Gavin/Solmonese was previously engaged by the Debtor on April 13, 2020, shortly before the appointment of a Receiver by the Nevada State Court. Since that appointment, the

Supreme Court of the State of Nevada has found the Receiver appointment to have been improper and the Nevada trial court has reversed its prior order and discharged the Receiver. In addition, the Nevada trail court has reversed its order awarding certain Noteholders their attorneys' fees in connection with the appointment of the Receiver and ordered disgorgement of such fees from the Noteholders.

4.   Immediately following Nevada trial court's determination that it would order the discharge of the Receiver, on September 6, 2022, the Debtor sought to supplement the engagement of Gavin/Solmonese on the terms set forth on the supplemental engagement letter attached hereto as **Exhibit A**.

5.   As provided more fully in the Supplemental Engagement Letter, the Debtor has sought to clarify the scope of the role of Gavin/Solmonese and my engagement as Chief Restructuring Officer of the Debtor. In particular, the services to be provided by Gavin Solmonese and me shall include, but shall not be limited to:

    i. Having full and unfettered authority for the management of Client's liquidation, including with respect to the management and oversight of Client's bankruptcy case or any out-of-court winddown or liquidation, including serving as or appointing a Liquidating Trustee under the Delaware LLC Act;

    ii. Having full and unfettered authority over all litigation filed by Client, and has the authority to bring, settle or dismiss any litigation relating to the Client's affairs, including all litigation filed by the Receiver;

    iii. Having management authority relating to Client's business, financial obligations, operational needs, assets, business plan, liquidation strategy, and operating forecasts, and assessing go-forward options with respect to same;

    iv. Evaluating the Client's strategic and financial alternatives;

    v. In conjunction with Client's counsel, creating a liquidation plan to present to Client's stakeholders to address Client's repayment of its outstanding indebtedness;

    vi. In conjunction with Client's counsel, directing the Client's efforts in developing, evaluating, structuring and negotiating the terms and conditions of a plan of liquidation;

    vii. Communicating with the Client's stakeholders that may include, but are not limited to, the Client's vendors, customers, employees, lenders, creditor committees, along with Court officials, attorneys and other service providers, as required;

    viii. Making employment related decisions following consultation with the Client's Independent Director;

    ix. Monitoring daily cash allocation and cash management processes, including the preparation of reports to manage any budgets and associated financing;

    x. Leading the Client's negotiations with creditors; and

    xi. Performing such other services as Client may reasonably request and Advisor may agree to perform, which may include, without limitation, advising the Client concerning obtaining additional financing, recruiting personnel, and the implantation of any operational plans.

6. Gavin/Solmonese also wishes to disclose as follows: The Debtor has retained Morris James LLP ("Morris James") as its legal counsel, subject to Court approval. Morris James has performed general legal services for Gavin/Solmonese and other Gavin Solmonese clients, including entities for which I serve in a fiduciary role, such as liquidating trustee. In addition, I am presently engaged as the CRO for Masten Space Systems, Inc., a Chapter 11 debtor in a case pending in the District of Delaware, Case No. 22-10657-BLS, in which Morris James is counsel to the Debtor. I have in the past, and may, in the future, refer business opportunities to Morris James. In addition, Morris James has, in the past, and may in the future, refer business opportunities to Gavin/Solmonese.

7.  To the extent that Gavin Solmonese discovers any other connections (not previously disclosed) with any interested party or enters into any new relationship with any interested party, I will promptly supplement its disclosure to the Court.

Dated: September 30, 2022

*/s/ Edward T. Gavin*
Edward T. Gavin, CTP, NCPM