## **EXHIBIT A**

# Cronin, Gregory P.

| | |
|---|---|
| **From:** | Dorsey, William J. |
| **Sent:** | Wednesday, December 21, 2022 4:11 PM |
| **To:** | Cronin, Gregory P. |
| **Subject:** | FW: SF (trial follow-up) |

**William J. Dorsey** | BLANKROME
444 West Lake Street | Suite 1650 | Chicago, IL 60606
O: 312.776.2512 | C: 312.213.0043 | william.dorsey@blankrome.com

**From:** Dorsey, William J.
**Sent:** Wednesday, December 21, 2022 2:42 PM
**To:** Carl N. Kunz, III (Chuck) <CKunz@morrisjames.com>; Jeffrey R. Waxman <JWaxman@morrisjames.com>
**Subject:** RE: SF (trial follow-up)

We object to this approach. The Court was clear that we would have input into the selection of the emails and would need information to do so. We're still waiting on most of that information. It also appears that Debtor has not bothered to go through Gavin and Palmer's emails to see what else might be out there. We KNOW there are emails that may have started out as from Snell, but were sent around to the Abernathys. Those wouldn't even be in Snell's production.

**William J. Dorsey** | BLANKROME
444 West Lake Street | Suite 1650 | Chicago, IL 60606
O: 312.776.2512 | C: 312.213.0043 | william.dorsey@blankrome.com

**From:** Carl N. Kunz, III (Chuck) <CKunz@morrisjames.com>
**Sent:** Wednesday, December 21, 2022 2:39 PM
**To:** Dorsey, William J. <william.dorsey@blankrome.com>; Jeffrey R. Waxman <JWaxman@morrisjames.com>
**Subject:** RE: SF (trial follow-up)

Will, the Debtor stands on its prior correspondence on these requests. The Debtor believes the Noteholders' requests for more irrelevant information is a thinly-disguised effort to continue their fishing expedition, an exercise that is costly to the estate, and for which the Debtor previously forewarned the Noteholders that the Debtor may seek relief under 28 U.S.C. S 1927. In the Debtor's view, the Court was quite clear: Judge Silverstein wants to see the documents that the Debtor withheld on grounds of privilege as they relate to the Nevada Appeal. The Debtor has prepared the binder for the Court on the basis we explained to you previously and in view of the Court's instruction. Because the Noteholders have not given us any dates within the timeframe of the Nevada Appeal, to the best of the Debtor's ability and despite the volume of documents being more than the "sample of 100" the Court requested, the Debtor has determined to provide them all to the Court for *in camera* review. The Debtor is having that binder hand-delivered to the Court this afternoon. If the Court has questions, the Debtor will gladly answer them.

Chuck

1

**Carl N. Kunz**
Partner
CKunz@morrisjames.com



500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
**T** 302.888.6811 **F** 302.571.1750

This communication may be subject to the attorney-client privilege or the attorney work product privilege or may be otherwise confidential. Any dissemination, copying or use of this communication by or to anyone other than the designated and intended recipient(s) is unauthorized. If you are not the intended recipient, please delete or destroy this communication immediately

**From:** Dorsey, William J. <william.dorsey@blankrome.com>
**Sent:** Wednesday, December 21, 2022 12:46 PM
**To:** Carl N. Kunz, III (Chuck) <CKunz@morrisjames.com>; Jeffrey R. Waxman <JWaxman@morrisjames.com>
**Subject:** RE: SF (trial follow-up)

Chuck,

I'm still going through Mr. Gavin's updated time records, but want to confirm a few things before identifying the documents for court review.

First, Mr. Gavin's time records for April and May are also directly relevant and should be produced. If Gavin was taking direction from the Abernathtys during this time, it would show taint. We also need to confirm whether communications with Fox were withheld based on some alleged joint privilege with the Abernathys. The universe is not limited to Snell.

Second, and to that end, please confirm whether Fox documents including the Abernathys were withheld under a joint privilege. If so, please let us know volume of communications and and timeframes.

Third, there is no basis for Gavin to withhold communications with James and/or the Ad Hoc Committee that I can see. They're not privileged, and we are entitled to test Gavin's assertions about their contents, e.g. his suggestion that they asked for fees reimbursement, but were told no. Are you now claiming they are somehow privileged?

Fourth, it seems you are saying that a total of 101 documents were withheld from Snell's production as privileged, and that you are proposing to send those to the judge. We have several issues with this approach: (a) it doesn't account for the Abernathys and Gavin's direct communications and forwards [have any of those been withheld? I suspect there have been just based on what I did see from 2020], (b) it doesn't account for withheld direct communications between Gavin/Palmer and the Abernathys [have any of those been withheld, and (c) it doesn't account for Fox communications.

I'd be happy to get on a call if it's easier to discuss this over the phone.


**William J. Dorsey** | BLANK**ROME**
444 West Lake Street | Suite 1650 | Chicago, IL 60606
O: 312.776.2512 | C: 312.213.0043 | william.dorsey@blankrome.com

**From:** Carl N. Kunz, III (Chuck) <CKunz@morrisjames.com>
**Sent:** Monday, December 19, 2022 10:14 AM

2

**To:** Dorsey, William J. <william.dorsey@blankrome.com>; Jeffrey R. Waxman <JWaxman@morrisjames.com>
**Subject:** Re: SF (trial follow-up)

Will.  Thank you for your email of December 16.  I too have been digging out since the hearing.

This morning, I will review your proposed exhibits and get you our final exhibit list and provide a response on your Exhibit 9.  I should also have the (previously produced) Mr. Gavin's time records to you this morning.  Those time records will have fewer redactions, if any, but the Debtor is not waiving any right to claim that any correspondence, testimony or other communications underlying any of the entries are covered by the attorney-client privilege, constitute attorney work-product or are covered by the common-interest privilege or are not discoverable for any other reason.  As for the pre-June 1, 2020 time records, the Debtor believes them to be completely irrelevant to the issues before the Court.  Further, Mr. Gavin is not in Massachusetts, where the records are located, and I don't know when, or if, I'll be able to get them anytime soon.

As for your inquiry on whether the Debtor would be producing certain Wayne James correspondence with the Ad Hoc Committee, the answer is no.  First, at the conclusion of argument, the Court indicated that it will be the arbiter of the legal issue of whether privilege attached to any communications.  Second, the Court has not ordered the Debtor or Mr. Gavin to produce those documents.  The Court indicated that it believed such communications were irrelevant to the issues before the Court.  The Debtor agrees.  Second, having reviewed the time records more closely, I note that there appear to be virtually no communications between Mr. James (or the Ad Hoc Committee) and Mr. Gavin following confirmation of the Receiver's appointment in September 2020 until after completion of the appeal in January 2022.  Accordingly, no communications between Mr. Gavin and Mr. James/ad hoc committee are listed during the pendency of the appeal, which is the only time period that the Court was interested in.

Please let us know your proposed date range that the Court requested you to provide to us.  As it stands, the Debtor is currently preparing a binder of privileged documents that the Court requested that will consist of the 101 Snell & Wilmer communications that the Debtor withheld as privileged.  The Debtor will be adding to that binder unredacted copies of the emails the Debtor listed on its privilege log from Mr. Gavin's production.  Lastly, the Debtor will be adding to that binder any privileged communications from Mr. Palmer's production and Snell & Wilmer's production that are not duplicative of the 101 original Snell & Wilmer communications the Debtor withheld, and that relate to the period of the appeal.

Chuck



**Carl N. Kunz, III (Chuck)** | Partner
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
**Phone:** 302.888.6811 | **Fax:** 302.571.1750
morrisjames.com | CKunz@morrisjames.com
Facebook | LinkedIn | Twitter

This communication may be subject to the attorney-client privilege or the attorney work product privilege or may be otherwise confidential. Any dissemination, copying or use of this communication by or to anyone other than the designated and intended recipient(s) is unauthorized. If you are not the intended recipient, please delete or destroy this communication immediately.

**From:** Dorsey, William J. <william.dorsey@blankrome.com>
**Sent:** Friday, December 16, 2022 1:50 PM

**To:** Carl N. Kunz, III (Chuck) <CKunz@morrisjames.com>; Jeffrey R. Waxman <JWaxman@morrisjames.com>
**Subject:** SF

I hope you guys have had some time to relax and catch up on other matters. I'm still digging out myself, but wanted to circle up on a couple of items. I think Noteholder Exhibits 1-35 should come in with possible exception of NX9. As I mentioned after the hearing, I'm indifferent about that one so if you'd like it to come in, we have no objection. Let me know your thoughts on this and your exhibits.

On Mr. Gavin's time records, please send us the unredacted/less redacted version [subject matters should be included] at your earliest convenience, along with his time records for April and May. Note: We may want to get on a call next week to figure out logistics for identifying documents to be reviewed. There won't be perfect overlap between Gavin's time records and documents withheld as privilege. And I doubt the judge wants to look at duplicates.

Finally, I wanted to confirm Debtor will be producing the communications with Wayne James and the Ad Hoc Committee referenced in NX32. I don't believe anyone is claiming privilege over those at this point.

Have a good weekend.

Will


**William J. Dorsey** | BLANKROME
444 West Lake Street | Suite 1650 | Chicago, IL 60606
O: 312.776.2512 | C: 312.213.0043 | william.dorsey@blankrome.com

********************************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

********************************************************************************************