# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SureFunding, LLC<br><br>                Debtor. | Chapter 11<br><br>Case No. 20-10953 (LSS) |

### APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND STATEMENT OF THE ISSUES

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, Noteholders[1] (the "Appellants") hereby submit this statement of issues and designation of items to be included in Appellants' appeal of the Court's *Order Denying Noteholders' Motion for Order Converting this Case to Chapter 7* [Docket No. 232].

---

[1] "Noteholders" are Brett Hatton, an individual; Autumn Wind Global Multi-Strategies Fund, LP, a Delaware Limited Partnership; Damon Gersh, an individual; Jason Eckenroth, an individual; Sherri R. Sands, as trustee of the Sherri R. Sands Revocable Trust, a Florida Trust; Glickfield Capital Management, LLC fbo M. Glickfield Dynasty Trust, a Maryland Trust; Glickfield Capital Management, LLC fbo Cheryl Newmark, a Maryland Trust; Glickfield Capital Management, LLC fbo Marla Schram, a Maryland Trust; Carrickfergus Investments Limited, a British Virgin Islands Company; Stephane Carnot, as Trustee of the Carnot Family Trust, a District of Columbia Trust; Dorsey and Whitney Trust Co., LLC, as Trustee of the Dylan Taylor 2011 Grantor Trust, a South Dakota Trust; Matthew Briggs, as Trustee of the Briggs Management Trust; Michael Rubenstein, an individual; June Farmer, an individual; Thomas Carl Myers, an individual; Richard L. Rogers, an individual; Neal J. Glickfield, as Trustee of the Neal J. Glickfield 2018 Trust, a Maryland Trust; Lineage, LLC, a Virginia Limited Liability Company; Brian Gray, an individual; HFJ Investments I, LLC, a Texas Limited Liability Company; Patricia B. Jones, as Trustee of the Patricia B. Jones Revocable Trust, a Maryland Trust; John B. Shaw as Trustee of the John B. Shaw 2012 Family Grantor Trust; JJK-3 Holdings, LLC; and Equity Trust Company, Custodian FBO Michele Rogers 200164710 IRA Rick & Michele Rogers.

## DESIGNATION OF THE RECORD ON APPEAL[2]

The Appellants designate the following items to be included in the record on appeal:

| Filing Date | Docket No. | Docket Entry |
|---|---|---|
| 4/14/2020 | 1 | Form 201: Voluntary Petition for Non-Individuals Filing Bankruptcy |
| 4/16/2020 | 14 | Motion of the Noteholders to Excuse Compliance with 11 U.S.C. § 543(a) & (b) |
| 4/16/2020 | 15 | Motion of the Noteholders to Dismiss the Debtor's Chapter 11 Case |
| 4/16/2020 | 16 | Verified Statement Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure |
| 4/20/2020 | 23 | Affidavit of Edward T. Gavin, CTP in Support of Voluntary Petition |
| 4/20/2020 | 24 | Debtor's Application for Entry of an Order Authorizing the Debtor to Employ and Retain Gavin/Solomonese LLC to Provide a Chief Restructuring and Liquidation Officer and Related Services Pursuant to 11 U.S.C. § 363 and 105 Effective as of the Petition Date |
| 4/21/2020 | 28 | Amended Exhibit B to Affidavit of Edward T. Gavin, CTP in Support of Voluntary Petition |
| 4/24/2020 | 34 | United States Trustee's Motion for an Order Dismissing or Converting This Case to Chapter 7 or Directing the Appointment of a Trustee |
| 5/4/2020 | 56 | [Redacted] Noteholders' Omnibus Objection to Debtors' Motions |
| 5/4/2020 | 57 | Omnibus Objection to the Motions of the Noteholders to Dismiss the Debtors Chapter 11 Case; United States Trustees Motion for an Order Dismissing or Converting this Case to Chapter 7 or Directing the Appointment of a Trustee; and Motion of the Noteholders to Excuse Compliance with 11 U.S.C. § 543(a) & (b) |

---

[2] Items designated include all exhibits and submission attached thereto and, as to hearing transcripts, any and all documents admitted into evidence.

| Date | No. | Description |
|---|---|---|
| 5/4/2020 | 58 | Notice of Appearance and Demand for Service of Papers of Just Abernathy and Jason Abernathy |
| 5/5/2020 | 63 | Amended Exhibit A-8 to Declaration of Paige B. Tinkham in Support of Noteholders' Omnibus Objection to Debtor's Motions |
| 5/5/2020 | 65 | Letter from Judge Laurie Selber Silverstein |
| 5/7/2020 | 69 | Letter re May 12, 2020 Motion to Dismiss Hearing Discovery Issues |
| 5/7/2020 | 72 | Noteholders' Omnibus Reply in Support of Their (I) Motion to Dismiss the Debtors' Chapter 11 Case and (II) Motion to Excuse Compliance with 11 U.S.C. § 543(a) & (b) |
| 5/11/2020 | 80 | Debtor's Exhibit List for the May 12, 2020 Hearing on the Motion of the Noteholders to Dismiss the Debtor's Chapter 11 Case and the United States Trustee's Motion for an Order Dismissing or Converting This Case to Chapter 7 or Directing the Appointment of a Trustee |
| 5/11/2020 | 81 | Noteholders' Exhibit List for the May 12, 2020 Hearing on the Motion of the Noteholders to Dismiss the Debtor's Chapter 11 Case and the United States Trustee's Motion for an Order Dismissing or Converting this Case to Chapter 7 or Directing the Appointment of a Trustee |
| 5/11/2020 | 86 | Notice of Appearance and Request for Service Pursuant to Fed. R. Bankr. P. 2002 of the Ad Hoc Committee of SureFunding Noteholders |
| 5/11/2020 | 87 | Statement of Bayard, P.A. Pursuant to Federal Rule of Bankruptcy Procedure 2019 |
| 6/2/2020 | 103 | Bench Ruling Delivered June 1, 2020 On: Motion of the Noteholders to Dismiss the Debtors Chapter 11 Case |
| 6/3/2020 | 104 | Order Pursuant to 11 U.S.C. § 305(a)(1) Suspending All Proceedings in the Chapter 11 |
| 6/4/2020 | 106 | Sealed Order Granting Motion by Justin Abernathy and Jason Abernathy for Protective Order in Connection with May 4, 2020 Depositions and May 12, 2020 Hearing with Respect to the Motions of the United States Trustee and Certain Noteholders to Dismiss the Above-Captioned Chapter 11 Case |

| | | |
|---|---|---|
| 7/13/2020 | 110 | Joint Status Report |
| 7/22/2020 | 111 | Second Status Report |
| 7/23/2020 | 113 | Noteholders' Response to Debtor's Second Status Report |
| 7/28/2020 | 114 | Supplemental Order Pursuant to 11 U.S.C. § 305(a)(1) Suspending All Proceedings in the Chapter 11 |
| 9/3/2020 | 119 | Noteholders' Status Report |
| 9/8/2020 | 120 | Third Status Report |
| 9/14/2020 | 124 | Further Supplemental Order Pursuant to 11 U.S.C. § 305(a)(1) Suspending All Proceedings in the Chapter 11 |
| 7/15/2022 | 126 | Joint Status Report |
| 8/22/2022 | 132 | Notice of Filing of Supplement to Joint Status Report |
| 8/25/2022 | 136 | Notice of Submission of Third Amendment to NotePurchase Agreement |
| 8/26/2022 | 137 | Transcript Regarding Hearing Held 8/25/2022 |
| 9/27/2022 | 147 | United States Trustee's Supplemental Motion for Entry of an Order Converting Case to Chapter 7 or Directing the Appointment of a Trustee |
| 9/27/2022 | 148 | Motion to Shorten Time on the United States Trustee's Supplemental Motion for Entry of an Order Converting Case to Chapter 7 or Directing the Appointment of a Trustee |
| 9/27/2022 | 150 | Noteholders' Motion for an Order Converting this Case to Chapter 7 |
| 9/27/2022 | 151 | Motion to Shorten Notice Period with Respect to Noteholders' Motion for an Order Converting this Case to Chapter 7 |
| 9/30/2022 | 155 | Debtor's Opposition to United States Trustee's and Certain Noteholders' Motions to Shorte |
| 9/30/2022 | 156 | Supplemental Declaration of Edward T. Gavin, CTP, NCPM in Support of the Debtor's Application for Entry of an Order Authorizing the Debtor to Employ and Retain Gavin/Solmonese LLC to Provide a Chief Restructuring Officer and Related |

| | | |
|---|---|---|
| | | Services Pursuant to 11 U.S.C. §§ 363 and 105 Effective as of the Petition Date |
| 10/12/2022 | 165 | Debtor's Omnibus Opposition to United States Trustee's Motion for an Order Converting this Case to Chapter 7 or Appointing a Trustee [D.I. 147] and Noteholders' Motion for an Order Converting this Case to Chapter 7 [D.I. 150] |
| 10/13/2022 | 166 | Noteholders' Reply in Support of their Motion for an Order Converting this Case to Chapter 7 |
| 10/13/2022 | 167 | Noteholders' Supplemental Objection to Debtor's Application for Entry of an Order Authorizing and Approving Retention of Gavin/Solmonese LLC |
| 10/13/2022 | 168 | Notice of Agenda of Matters Scheduled for Hearing on October 17, 2022 at 11:00 a.m. (ET) |
| 10/17/2022 | 171 | Order Lifting the Suspension of the Proceedings in this Bankruptcy Case |
| 10/20/2022 | 172 | Transcript Regarding Hearing Held 10/17/2022 |
| 10/27/2022 | 174 | Notice of Entry of Orders by the District Court for Clark County |
| 11/2/2022 | 177 | Transcript Regarding Hearing Held 10/28/2022 |
| 11/10/2022 | 179 | Noteholders' Emergency Motion for Order (I) Determining Nevada Fee Disgorgement Order Void or, in the Alternative, (II) Permitting Noteholders' Relief from Stay to Appeal the Nevada Fee Disgorgement Order |
| 11/11/2022 | 186 | Notice of Withdrawal of Appearance and Request for Removal from Electronic and Paper Noticing Lists of Justin Abernathy and Jason Abernathy |
| 11/16/2022 | 188 | Notice of Withdrawal of Appearance of the Ad Hoc Committee of SureFunding Noteholders |
| 11/21/2022 | 191 | Debtor's Omnibus Motion for a Protective Order and Motion to Quash Noteholder's Subpoenas to Testify at a Deposition and Subpoenas to Produce Documents |
| 11/22/2022 | 193 | Joinder of Fox Rothschild LLP to Debtors' Omnibus Motion for Protective Order and Motion to Quash Noteholder's Subpoenas to Testify at a Deposition and Subpoenas to Produce Documents |

| | | |
|---|---|---|
| 11/22/2022 | 194 | Declaration of William J. Dorsey in Opposition to Debtor's Motion for a Protective Order and to Quash Noteholders' Subpoenas |
| 11/23/2022 | 198 | Transcript Regarding Hearing Held 11/22/2022 |
| 12/9/2022 | 204 | Notice of Deposition Duces Tecum of Neal Falkenberry |
| 12/9/2022 | 205 | Amended Notice of Deposition Duces Tecum of Neal Falkenberry |
| 12/12/2022 | 208 | Notice of Noteholders' Correction to Their Reply in Support of Their Motion for an Order Converting This Case to Chapter 7 |
| 12/15/2022 | 213 | Notice of Filing of Limited Liability Company Agreement of SureFunding, LLC as Amended |
| 12/20/2022 | 214 | Transcript Regarding Hearing Held 12/14/2022 |
| 12/23/2022 | 217 | Letter in Response to Debtor Counsel's December 21, 2022 Correspondence |
| 12/27/2022 | 220 | Application of the Debtors to Authorize the Retention of Carlyon Cica Chtd. as Special Litigation Counsel to the Debtor Nunc Pro Tunc to November 30, 2022 |
| 12/28/2022 | 222 | Letter in Response to Noteholders Counsels December 23, 2022 Correspondence |
| 1/19/2023 | 225 | Notice of Hearing to Issue Opinion Scheduled for January 20, 2023 at 2:00 p.m. (ET) |
| 1/23/2023 | 229 | Transcript Regarding Hearing Held 1/20/2023 |
| 1/23/2023 | 230 | Order Granting Application of the Debtor to Authorize the Retention of Carlyon Cica Chtd. as Special Litigation Counsel to the Debtor Nunc Pro Tunc to November 30, 2022 |
| 1/24/2023 | 232 | Order Denying Noteholders' Motion for Order Converting this Case to Chapter 7 |
| 1/26/2023 | 233 | Debtor's Amended Application for Entry of an Order Authorizing the Debtor to Employ and Retain Gavin/Solmonese LLC to Provide a Chief Restructuring and Liquidation Officer and Related Services Pursuant to 11 U.S.C. §§ 363 and 105 Effective as of the Petition Date |

| Date | | |
|---|---|---|
| 2/7/2023 | 236 | Notice of Appeal |
| 2/7/2023 | 237 | Receipt of Filing Fee for Notice of Appeal |
| 2/9/2023 | 241 | Objection to Debtor's Amended Application for Entry of an Order Authorizing the Debtor to Employ and Retain Gavin/Somonese LLC to Provide a Chief Restructuring and Liquidating Officer and Related Services Pursuant to 11 U.S.C. §§ 363 and 105 Effective as of the Petition Date |
| 2/16/2023 | 242 | Transmittal of Record on Appeal |
| 2/17/2023 | 243 | Debtor's Reply is Support of Amended Application for Entry of an Order Authorizing the Debtor to Employ and Retain Gavin/Solmonese LLC to Provide a Chief Restructuring Officer and Related Services Pursuant to 11 U.S.C. §§ 363 and 105 Effective as of the Petition Date |
| 2/17/2023 | 244 | Notice of Docketing Record on Appeal to District Court |

## DOCUMENTS

| Date | Exhibit | Description |
|---|---|---|
| | 1 | Gavin/Solmonese LLC Invoices (SUREFUNDING00001320-1361) – Will be made available for in camera inspection |
| 12/22/2020 | 2 | December 22, 2020 Snell & Wilmer Agreement for Legal Services |
| 9/30/2021 | 3 | September 30, 2021 Snell & Wilmer Legal Representation letter |
| | 4 | Limited Liability Company Agreement of SureFunding LLC, Ex. C to Ex. 12 |
| 4/10/2020 | 5 | April 10, 2020 Engagement Letter from John Palmer of Tamarack Associates, Inc. – Will be made available for in camera inspection |
| | 6 | Invoices from Tamarack Associates Inc. (Group Exhibit) |
| 7/22/2020 | 7 | July 22, 2020 Email from Justin Abernathy to John Palmer et. al (SUREFUNDING00000251-257) – Will be made available for in camera inspection |

| | | |
|---|---|---|
| 8/18/2020 | 8 | August 18, 2020 Email from Justin Abernathy to John Palmer et. al (SUREFUNDING00000269-270) – Will be made available for in camera inspection |
| 10/29/2020 | 9 | October 29, 2020 Email from Ted Gavin to Abernathys (SUREFUNDING00000767-770) – Will be made available for in camera inspection |
| | 10 | Gavin/Solmonese Time Records [Redacted] |
| | 11 | Gavin/Solmonese Time Records [Redacted & Highlighted] |
| | 12 | Gavin/Solmonese Time Records [Unredacted] – Will be made available for in camera inspection |
| | 13 | Gavin/Solmonese Time Records [Unredacted & Highlighted] – Will be made available for in camera inspection |
| | 14 | Snell & Wilmer LLP Time Records |
| 7/5/2020 | 15 | July 5, 2020 Email from Wayne James to Neal Falkenberry |

## STATEMENT OF THE ISSUES ON APPEAL[3]

The Appellants hereby state the following as the issues on appeal pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1)(A):

1. In the Bankruptcy Court's June 2, 2020 Bench Ruling [Docket No. 103], the Bankruptcy Court stayed the bankruptcy case in favor of a Nevada receivership action and found that Debtor had not met its burden to show a good faith bankruptcy filing. Once the Nevada receivership action was dismissed on standing grounds, did the Bankruptcy Court err by reversing its findings of bad faith and declining to convert the case or appoint an independent trustee?

2. As a matter of first impression, what are the elements and burdens of proof used in the Third Circuit to establish whether current management is sufficiently "tainted" by prior

---

[3] Defined terms carry the meaning ascribed to them in the corresponding decision or order from which appealed.

management who appointed them to justify appointment of a trustee for cause? Though the Bankruptcy Court cited the *In re 1031 Tax* Group, 374 B.R. 78 (Bankr. S.D.N.Y. 2007) opinion as a guide in advance of the hearing, the Bankruptcy Court never addressed what standard was applied at the hearing and equivocated about what standard to apply.

3. Did the Bankruptcy Court commit reversible error by finding that Debtor's chief restructuring officer ("CRO"), which was appointed by admittedly tainted LLC managers, remained untainted despite undisputed evidence that: (a) tainted managers continued to serve as managers of the business after appointing a CRO, (b) there were hundreds of unproduced communications between the CRO and the tainted managers *after* the CRO's appointment and significant coordination in legal strategy and assertions of joint interest privilege, (c) though there were conflicting corporate documents, the Unanimous Consent authorizing, and attached to, Debtor's bankruptcy petition confirms tainted managers still had full decision-making authority over the business—a *prima facie* case of "taint" sufficient to require removal under the *1031 Tax Group* standard, and (d) the CRO's decision to spend $3 million in professional fees seeking to overturn the Nevada receivership action—a forum the Bankruptcy Court had already found equally capable of handling liquidation—did not benefit the bankruptcy estate, but instead was pursued in the interests of the tainted managers and the CRO.

4. Did the Bankruptcy Court commit reversible error on procedural grounds by: (a) refusing to permit Noteholders to take deposition of tainted managers, obtain their documents and communications in discovery, or obtain discovery regarding the connections between Debtor, the tainted managers, and a rogue noteholder, (b) permitting Debtor to assert privilege over communications with tainted managers, and (c) refusing to draw a negative inference from the

tainted managers' refusal to produce documents or appear for deposition or hearing despite notice to them as managers of the business?

## RESERVATION OF RIGHTS

The Appellants expressly reserve, and do not waive, the right to amend, supplement or otherwise modify the foregoing designations, and/or to object to or move to strike the items designated for inclusion in the record on appeal by other parties pending in the Bankruptcy Court. This filing is made expressly subject to, and without waiver of any and all rights, remedies, challenges, and objections.

| | |
|---|---|
| Dated: February 21, 2023<br>Wilmington, Delaware | **BLANK ROME LLP**<br><br>*/s/ Lawrence R. Thomas III*<br>Victoria A. Guilfoyle (No. 5183)<br>Stanley B. Tarr (No. 5535)<br>Lawrence R. Thomas III (No. 6935)<br>1201 N. Market Street, Suite 800<br>Wilmington, Delaware 19801<br>Telephone: (302) 425-6400<br>Facsimile: (302) 425-6464<br>Email: tori.guilfoyle@blankrome.com<br>        stanley.tarr@blankrome.com<br>        lorenzo.thomas@blankrome.com<br><br>-and-<br><br>Kenneth J. Ottaviano (admitted *pro hac vice*)<br>William J. Dorsey (admitted *pro hac vice*)<br>Paige B. Tinkham (admitted *pro hac vice*)<br>444 West Lake Street, Suite 1650<br>Tel:  (312) 776-2600<br>Fax:  (312) 776-2601<br>Email: Kenneth.Ottaviano@blankrome.com<br>        William.Dorsey@blankrome.com<br>        Paige.Tinkham@blankrome.com<br><br>*Attorneys for the Noteholders* |