**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SureFunding, LLC, | Case No. 20-10953 (LSS) |
| Debtor.¹ | Hearing Date: May 25, 2023 at 10:00 a.m.<br>Objection Deadline: May 3, 2023 at 4:00 p.m. |

**APPLICATION OF THE DEBTOR TO AUTHORIZE THE
RETENTION OF MILLIGAN RONA DURAN & KING LLC AS SPECIAL LITIGATION
COUNSEL TO THE DEBTOR NUNC PRO TUNC TO DECEMBER 27, 2021**

The above-captioned debtor (the "Debtor") hereby files this application (the "Application"), seeking entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 327, 328, and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the employment and retention of Milligan Rona Duran & King LLC ("MRDK") as special litigation counsel nunc pro tunc to December 27, 2021. In support of this Application, the Debtor submits the declaration of Michael Duran (the "Duran Declaration"), a copy of which is attached hereto as Exhibit B and incorporated herein, and respectfully submits as follows:

**JURISDICTION, VENUE, AND PREDICATES FOR RELIEF**

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1] The last four digits of the Debtor's taxpayer identification number is 7898. The Debtor's headquarters and service address is 6671 Las Vegas Blvd., Suite 210, Las Vegas, NV 89119.

16078920/2

*Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Local Rule 9013-1(f), the Debtor consents to entry of a final order by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4. On March 20, 2020, certain Noteholders[2] filed suit for breach of contract against SureFunding in the District Court of Clark County Nevada (the "Nevada District Court") in the matter of *Brettt Hatton, et, al, v, Surefunding, LLC* (Case No. A-20-812651-B) (the "Receivership Action"). On March 23, 2020, those Noteholders filed a motion to appoint receiver, and on April 13, 2020, the Nevada District Court appointed Michael Flanagan as receiver of the Debtor (the "Receivership Order").

5. On April 14, 2020 (the "Petition Date"), the Debtor filed a voluntary petition with the Court under the Bankruptcy Code.

6. On June 3, 2020, the Court entered an Order [Docket No. 104] suspending the bankruptcy case pending a decision by Nevada District Court on the Debtor's motion to vacate

---

[2] Capitalized terms used but not defined herein shall have the meaning of such terms as provided in the *Combined Disclosure Statement and Plan of Liquidation of SureFunding, LLC. Dated March 27, 2023* [Docket No. 275].

the Receivership Order.

7.  On December 4, 2020, the Receiver commenced a civil action titled *Surefunding, LLC v. ECP Holdings III, LLC* (Case No. A-20-825862-B) (the "ECP Action"), by and through which the Receiver, on behalf of the Debtor, asserted claims against Justin Ray Abernathy, Jason Harris Abernathy (collectively the "Abernathys") ECP Holdings III, LLC, Marketplace Capital Strategies, LLC, MCS US, LLC, Marketplace Advisors, LLC, MPA US, LLC (collectively, the "ECP Defendants"), and Goodwin Procter LLP ("Goodwin") for, among other things, breach of contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith and fair dealing, legal malpractice, and unjust enrichment. On April 22, 2021, ECP Holdings III, LLC, Marketplace Capital Strategies, LLC, MCS US, LLC, Marketplace Advisors, LLC, and MPA US, LLC filed a motion to dismiss which was granted by the Nevada District Court on June 7, 2021, without prejudice. On March 1, 2022, the Nevada District Court entered an Order granting Goodwin's motion to dismiss for lack of specific jurisdiction.

8.  On January 13, 2022, the Nevada Supreme Court entered an Order reversing and remanding the Receivership Order. On October 17, 2022, following the reversal of the Nevada District Court's Receivership Order by the Nevada Supreme Court, this Court entered an order lifting the suspension of the proceedings in the bankruptcy case. The Debtor continues to operate its businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.[3] On October 22, 2022, the Nevada District Court entered a stipulation and order terminating receivership and discharging the receiver.

---

[3] Further information regarding the Debtor and the events leading up to the Petition Date can be found in the *Affidavit of Edward T. Gavin, CTP In Support of Voluntary Petition* [Docket No. 23].

9.  As noted, MRDK commenced an action against Goodwin in the Suffolk County Superior Court in the Commonwealth of Massachusetts, and through this Application, the Debtor intends to continue to pursue these estate claims against Goodwin.

## RELIEF REQUESTED

10. By this Application, and in connection with its duties and obligations, the Debtor seeks to employ and retain MRDK as special litigation counsel to the Debtor <u>nunc pro tunc</u> to December 27, 2021.

## BASIS FOR RELIEF

11. Under section 327(e) of the Bankruptcy Code, a debtor in possession may, with court approval, "employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

12. The Goodwin litigation is currently pending in the Business Litigation Session in Suffolk County Superior Court, and this Court is unable to resolve the issues presented in the action without violating principles of federalism and comity. The substance of the issues in the Goodwin litigation are important to the estate because Goodwin's counsel precipitated the events leading up to the Debtor's bankruptcy and any recovery will be distributed to creditors of the Debtor's estate.

13. Further, the Debtor believes employing MRDK to represent it in the state court action is in the best interest of the estate. As discussed above, MRDK served as legal counsel while the Receivership Action was pending. The Debtor seeks to retain MRDK to continue to represent it in state court because of the firm's extensive expertise, experience, reputation, and

licensure in Massachusetts as complex commercial litigators. Moreover, MRDK is advancing the litigation against one of the sole remaining defendants in the Debtor's state court action, against whom the Debtor has asserted claims of, among other things, breach of fiduciary duty and malpractice. Put simply, MRDK is uniquely and ideally suited to represent the Debtor in the Massachusetts.

A.     **Professional Compensation**

14.    Section 328(a) of the Bankruptcy Code, titled "Limitation on compensation of professional persons," provides that a debtor

> may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

15.    Accordingly, the Debtor submits that subject to Court approval in accordance with sections 328(a) and 330(a) of the Bankruptcy Code, compensation is appropriate and will be payable to MRDK on a contingency-fee basis, plus reimbursement of actual, necessary expenses and other charges incurred by MRDK. Pursuant to the Engagement Letter (as defined below), MRDK will be paid thirty-seven percent (37%) of the gross amount collected in a recovery of damages, whether by settlement, judgment or otherwise from Goodwin. Michael Duran and Ilyas J. Rona will serve as the principal attorneys representing the Debtor in this state court action. Other attorneys and paralegals employed by MRDK may from time to time serve the Debtor in connection with the matters herein described.

16.    This contingent fee arrangement is set at a level designed to fairly compensate MRDK for the work of its attorneys and paralegals and to cover fixed and routine overhead

expenses. According to the Engagement Letter, the Debtor will be responsible for advancing or reimbursing all reasonable and necessary expenses and out-of-pocket cost, including: (a) filing fees and other court fees, (b) process server fees and witness fees, (c) transcription expenses for depositions, hearings, and trials, (d) deposition videographer expenses, (e) travel expenses to attend any out-of-state depositions, court hearings, mediations, or trials, (f) expenses incurred to retain and consultant with experts, (g) expert fees for the preparation of reports or to prepare for and appear at depositions, hearings, or trials, (h) online database search and retrieval charges (e.g. Westlaw, etc.), (i) e-discovery expenses from third-party vendors (*e.g.*, Datamine Discovery Inc.), (j) copying, scanning, and printing expenses from third-party vendors (e.g. FedEx Office), (k) courier expenses and delivery charges, and (1) mediator fees. MRDK is aware of the Local Rules with respect to expenses, including the limitation of $.10 per page for photocopying.

17. MRDK will also charge for normal and customary expenses incurred in connection with this Chapter 11 case. The expenses charged may include, among other things, ECF charges, telephone and telecopy charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by MRDK to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Any such expenses will be recorded in accordance with MRDK's customary practices and will be incurred at the same rates as customarily charged in similar engagements, or as otherwise limited by the Local Rules or any order of the Court.

**B.     Services to be Provided**

25.    The Debtor anticipates that MRDK will render legal services to the Debtor as necessary in connection with the state court action.  The proposed scope of representation and terms of compensation are set forth in *Contingency Fee Agreement*, dated December 27, 2021 (as amended) (the "Engagement Letter"), a copy of which is attached hereto as Exhibit C. While this is a contingency matter, the current rates for MRDK's attorneys range from $300 per hour to $550 per hour, depending on the attorneys and the work involved.  MRDK's current rates, which are subject to change and are generally increased on an annual basis effective on January 1 of each year, are $85 to $115 per hour for legal assistants, paralegals and law clerks.

**C.     Disinterestedness**

25.    To the best of the Debtor's knowledge, except as disclosed herein and in the attached Duran Declaration, MRDK does not have an adverse interest in connection with the Debtor's bankruptcy case, particularly Goodwin who will be the subject of the litigation to be handled by MRDK.  Further, MRDK is a "disinterested person" as defined by Bankruptcy Code section 101(14).

26.    MRDK has conducted a review of potential conflicts with respect to all known creditors and equity holders of the Debtor's estate that have been identified to date by the Debtor. Subject to further review and supplementation as required by Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014-1, the potential conflicts identified by MRDK's conflict check are listed on Exhibit 1 to the Duran Declaration.  To the extent required, MRDK will periodically update its disclosures.

27.    To the best of the Debtor's knowledge, and except as disclosed herein and in the Duran Declaration, neither MRDK nor any of its partners, of counsel or associates, represents

any interest adverse to the Debtor, its estate, its creditors or the Committee, in the matters upon which MRDK is to be engaged. MRDK is a "disinterested person," as the Debtor understand this term to be defined, within the meaning of section 101(14) of the Bankruptcy Code.

28. To the best of the Debtor's knowledge, and except as disclosed in the annexed Duran Declaration, MRDK has no prior connection with the Debtor, its creditors or any other party-in-interest, or their respective attorneys or accountants, in the matters upon which it is to be engaged that would in any way disqualify it from representing the Debtor.

29. Further, and as set forth in the Duran Declaration, MRDK nor any of its attorneys is a relative of, or has been so connected with, any United States Bankruptcy Judge for the District of Delaware, any of the District Court Judges for the District of Delaware who handle bankruptcy cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, the attorney for the United States Trustee assigned to this chapter 11 case or any other employee of the Office of the United States Trustee. Accordingly, the employment of MRDK is not prohibited by Bankruptcy Rule 5002.

30. In this case, the interest of MRDK as special litigation counsel to the Debtor and the interests of the unsecured creditors are identical with respect to the matters for which the Debtor proposes to engage MRDK. For these reasons, the Debtor submits that MRDK's employment is necessary and in the best interests of the Debtor and its estate.

## NOTICE

31. The Debtor has provided notice of this Application to: (a) the Office of the United States Trustee for the District of Delaware and (b) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtor respectfully requests entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtor to employ and retain the MRDK as special litigation counsel for the Debtor, nunc pro tunc to December 27, 2021, and granting such other and further relief as is just and proper.

Dated:  April 19, 2023  /s/ Edward T. Gavin
Wilmington, Delaware  Edward T. Gavin, CTP, NCPM
Chief Restructuring Officer