## EXHIBIT B

**Duran Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SureFunding, LLC, | Case No. 20-10953 (LSS) |
| Debtor.[1] | |

**DECLARATION OF MICHAEL DURAN IN SUPPORT OF DEBTOR'S
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING
THE EMPLOYMENT OF MILLIGAN RONA DURAN & KING LLC AS
SPECIAL LITIGATION COUNSEL TO THE DEBTOR
NUNC PRO TUNC TO DECEMBER 27, 2021**

I, Michael Duran, being duly sworn, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury that deposes and says:

1.      I am a partner with the law firm of Milligan Rona Duran & King LLC ("MRDK" or the "Firm") with offices located at 28 State Street, Suite 802, Boston, Massachusetts 02109-1719 and am duly admitted to practice law in the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts.

2.      I submit this Declaration in support of the *Application of the Debtor to Authorize the Retention of Milligan Rona Duran & King LLC as Special Litigation Counsel to the Debtor nunc pro tunc to December 27, 2021* (the "Application")[2] and to provide certain disclosures under sections 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2.  The information set forth herein regarding connections to parties-in-interest and fees and expenses is based primarily upon books and records of the Firm and information provided by other attorneys and personnel at MRDK.  Except as otherwise indicated

---

[1]  The last four digits of the Debtor's taxpayer identification number is 7898. The Debtor's headquarters and service address is 6671 Las Vegas Blvd., Suite 210, Las Vegas, NV 89119.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

herein, I have personal knowledge of the matters set forth herein, which is true and correct, and if called as a witness, would testify competently thereto.

3.     In preparing this declaration, I and other attorneys within the Firm followed MRDK's conflict procedures, which are intended to adhere to the requirements of the Bankruptcy Code and Bankruptcy Rules for retention of professionals and the Rules of Professional Conduct governing members of the bar for the Commonwealth of Massachusetts.  I have received a list of significant interested parties in this case and submitted the names of these parties through the Firm's conflicts resolution system.

4.     In connection with preparing this Declaration, MRDK submitted the names of parties-in-interest in this Chapter 11 case (the "Parties-in-Interest") for review in the computerized conflict database system maintained by MRDK.  MRDK maintains and systematically updates its conflict check system in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records.  The conflict check system maintained by MRDK is designed to include every matter on which the firm is now or has been engaged, the entity for which the firm is now or has been engaged, and in each instance, the identity of related parties and adverse parties and the attorney in the firm that is knowledgeable about the matter.  It is the policy of MRDK that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, as well as related and adverse parties.  Accordingly, the database is regularly updated for every new matter undertaken by MRDK.

5.     The Parties-in-Interest which MRDK submitted to its conflict database include, but are not limited to, the following categories derived from various pleadings and docket entries as

set forth on Exhibit 1, which includes, the Debtor and its professionals, Goodwin, trade vendors, key personnel from the Office of the United States Trustee – Region 3, and Judges of United States Bankruptcy Court for the District of Delaware.

6.      Upon a review of the report generated by our conflicts search, I do not represent and, to the best of my knowledge, none of the other attorneys of MRDK currently represent, any of the searched entities except as set forth on the schedule annexed hereto as Exhibit 2. The various matters set forth on Exhibit 2 are unrelated to the Debtor or this Chapter 11 case.

7.      I do not have and, to the best of my knowledge, none of the other attorneys of MRDK has, any connection with the Debtor, its major creditors or any other significant Party-in-Interest which would disqualify MRDK from this representation.

8.      Based on the conflicts and connection search conducted and described herein, to the best of my knowledge, neither I, or MRDK, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, have any connect with the Debtor or any other Parties-in-Interest herein, except as stated below and as set forth on Exhibit 2.

9.      In accordance with Bankruptcy Rule 2014, MRDK does not have any other connection with the Office of the United States Trustee for the District of Delaware, or any persons employed by the United States Trustee, except as set forth on Exhibit 2.

10.     From time to time, MRDK may represent, or may have represented one or more of the Debtor's creditors or other parties in matters unrelated either to the Debtor's case or to those entities' transactions or dealings with the Debtor. The Firm, however, is not representing any of those entities in this Chapter 11 case in any claims that they may have collectively or individually against the Debtor.

11.     Neither I, MRDK, nor any partner, of counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtor, its creditors, or any other parties in interest herein, or their respective attorneys and accountants, except as stated herein.

12.     MRDK has previously worked with and may continue to work with one or more of the Debtor's professionals on various representations in matters unrelated to this Chapter 11 case, at times representing the same parties and at other times representing parties with similar interests or parties with adverse interests.

13.     MRDK is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that the Firm, its partners, of counsel and associates:

    a.     are not creditors, equity security holders or insiders of the Debtor;

    b.     are not and were not within two (2) years before the date of the filing of the Debtor's Chapter 11 petition, a director, officer, or employee of the Debtor; and

    c.     do not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, except as disclosed herein.

14.     As of the date hereof, the Firm has conducted a review of potential conflicts as to the entities identified at Exhibit 1 hereto.  MRDK has followed its standard conflict procedures with respect to potential conflicts, and MRDK is aware of its continuing obligation to review and supplement its conflict review pursuant Bankruptcy Rule 2014 and Local Rule 2014-1.  MRDK and certain of its partners, of counsel and associates may have in the past represented and may currently represent and likely in the future will represent interested parties in connection with matters unrelated to this case.  A list of potential conflicts, including parties in which MRDK has any connection to, including those it represented, currently represents in unrelated matters is attached hereto as Exhibit 2.

15.     MRDK will not represent any of the entities identified on Exhibit 1 in their individual capacities in this Chapter 11 Case.  In the event that any of these entities takes a position that is adverse, the Debtor will seek approval of retention of additional conflicts counsel, as appropriate.  If the Firm identifies any further such representations, the Firm shall make further disclosures as may be appropriate at that time.

16.     The Firm intends to apply for compensation for professional services rendered in connection with this Chapter 11 case in accordance with sections 328(a) and 330(a) of the Bankruptcy Code.  Pursuant to the Engagement Letter (attached an Exhibit C to the Application), MRDK will be paid thirty-seven percent (37%) of the gross amount collected in a recovery of damages, whether by settlement, judgment or otherwise from Goodwin. Ilyas J. Rona and I will serve as the principal attorneys representing the Debtor in this state court action. Other attorneys and paralegals employed by MRDK may from time to time serve the Debtor in connection with the matters herein described.

17.     This contingency fee is set at a level designed to fairly compensate MRDK for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  According to the Engagement Letter, the Debtor will be responsible for advancing or reimbursing all reasonable and necessary expenses and out-of-pocket cost, including: (a) filing fees and other court fees, (b) process server fees and witness fees, (c) transcription expenses for depositions, hearings, and trials, (d) deposition videographer expenses, (e) travel expenses to attend any out-of-state depositions, court hearings, mediations, or trials, (f) expenses incurred to retain and consultant with experts, (g) expert fees for the preparation of reports or to prepare for and appear at depositions, hearings, or trials, (h) online database search and retrieval charges (e.g. Westlaw, etc.), (i) e-discovery expenses from third-party vendors (*e.g.*, Datamine Discovery Inc.), (j) copying,

scanning, and printing expenses from third-party vendors (e.g. FedEx Office), (k) courier expenses and delivery charges, and (1) mediator fees.  MRDK is aware of the Local Rules with respect to expenses, including the limitation of $.10 per page for photocopying.

18.     Subject to Court approval, the professional services that MRDK will render to the Debtor include representation of the Debtor in connection with claims of the estate against Goodwin pending in the Business Litigation Session in Suffolk County Superior Court.  To the extent that MRDK is assigned by the Debtor to perform new matters as requested by the Debtor that may be necessary and proper in these proceedings and that are materially different from the above-described services and the services described in the Application or this Declaration, MRDK will file a supplemental declaration in accordance with Bankruptcy Rule 2014, as required by Part F.1.c of the United States Trustee Guidelines.

19.     MRDK has not received any prior payments form the Debtor, and it is not in possession of any retainer from the estate.

20.     No promises have been received by the Firm nor by any partners, of counsel or associate thereof as to compensation in connection with this Chapter 11 case other than in accordance with the provisions of the Bankruptcy Code.  The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this Chapter 11 case, except among the partners, of counsel and associates of the Firm.

21.     To the extent that the Firm discovers any connection with any interested party or enters into any new relationship with any interested party, the firm will promptly supplement its disclosure to the Court.

*[Remainder of Page Intentionally Left Blank]*

The facts set forth in the Application and herein are true and correct to the best of my knowledge, information, and belief.

Dated: April 19, 2023

**Milligan Rona Duran & King LLC**

Michael J. Duran

## Exhibit 1 to Carlyon Declaration

## Parties in Interest List

**Debtor:**
SureFunding, LLC

**Officers/Directors/Employees**
John Palmer
Tamerack Associates
Gavin/Solmonese LLC
Ted Gavin, CTP, NCPM

**Other Professionals**
Morris James LLP

**Adverse:**
Goodwin Proctor LLP

**Creditors:**
Jason Abernathy
Justin Abernathy
McClure FLP
Blake Coler-Dark
The John B Shaw 2012 Family Grantor Trust
Brett Hatton
Brian Gray
Charles B. Chokel Trust
Patricia B Jones Revocable Trust
CNL 401(k) Plan
Damon Gersh
Equity Trust Company
David Zebrowski
1086, LLC JJK 3 Holdings LLC
Dennis Pedra
Family Iron Trust
Dylan Taylor
Self Directed IRA Services, Inc.
Earl Coronel
ESECO, LLC
Sequris Group, LLC
The Sherri R. Sands Revocable Trust
Jack C Fortnum
Jason Eckenroth
HFJ Investments I, LLC
June Farmer

Justin Lorna Abernathy
Justin Abernathy 2015 GRAT
Glickfield Capital Management, LLC
M. Glickfield Dynasty Trust
Cheryl Numark
Marla Schram
Mark Motichka
Mark Bitz
Thomas Mark Sanfacon Revocable Trust
Mark Teitelbaum
The Briggs Management Trust
Michael Ferranti
Michael J. Rainen Trust
Michael Rubenstein
Millennium Trust Company, LLC
Lend Academy P2P Fund, LP
Autumn Wind Global Multi-Strategies Fund, LP
Neal J Glickfield 2018 Trust
Garfinkel Family Trust
Lineage, LLC
BF LP
Richard Manders
Equity Trust Company
Michele Rogers
Richard Rogers
Carrickfergus Investments Limited
Carnot Family Trust
Riverlyn Capital LLC
Beach Ball Capital, LLC
Self Directed IRA Services, Inc.
Thomas Carl Myers
Aliva Investments, Inc
Wayne James and Associates, LLC
Wayne Ferrari

**Delaware Bankruptcy Judges:**
Chief Judge Laurie Selber Silverstein
Judge John T. Dorsey
Judge Craig T. Goldblatt
Judge Karen B. Owens
Judge Brendan L. Shannon
Judge J. Kate Stickles
Judge Mary F. Walrath
Judge Ashley M. Chan

16078920/2

**Office of the United States Trustee,**
**Region 3, Wilmington, DE Office, Key Personnel**

Andrew Vara
Joseph McMahon
Lauren Attix
David Buchbinder
Linda Casey
Denis Cooke
Joseph Cudia
Holly Dice
Shakima L. Dortch
Timothy J. Fox, Jr.
Diane Giordano
Christine Green
Benjamin Hackman
Ramona Harris
Nyanquoi Jones
Jane Leamy
Hannah M. McCollum
Angelique Okita
James R. O'Malley
Michael Panacio
Linda Richenderfer
Juliet Sarkessian
Richard Schepacarter
Edith A. Serrano
Rosa Sierra
Karen Starr
Dion Wynn

**Exhibit 2 to Duran Declaration**

Approximately ten years ago, my law partner, Ilyas J. Rona worked with Linda Richenderfer in a case involving an internal dispute on Delaware corporation law.

MRDK also previously sued and obtained a recovery from Goodwin in a prior malpractice case.