**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SUREFUNDING, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 20-10953 (LSS)<br><br>Related to D.I. 382 |

**THE LIQUIDATING TRUSTEE'S OBJECTION TO MOTION OF**
**HARRAY HOLDINGS TRUST, CTJT FAMILY TRUST, SCTOT, LLC**
**AND SURECLICK, LLC FOR ALLOWANCE AND IMMEDIATE PAYMENT**
**OF ADMINISTRATIVE EXPENSE CLAIM AND RESERVATION OF RIGHTS**

Alfred T. Giuliano, the Liquidating Trustee for the Estate of SureFunding, LLC (the "Liquidating Trustee") in the above-captioned case hereby objects (the "Objection") to the *Motion of HARRAY Holdings Trust, CTJT Family Trust, SCTOT, LLC and SureClick, LLC for Allowance and Immediate Payment of Administrative Expense Claim and Reservation of Rights* [D.I. 382] (the "Motion"), filed by HARRAY Holdings Trust, CTJT Family Trust, SCTOT, LLC and SureClick, LLC (collectively, the "Claimants"), and respectfully represents as follows:

**PRELIMINARY STATEMENT**[2]

1. The insider Claimants apparently made an unsecured loan of $505,258.50 to the Debtor. Section 364(b) of the Bankruptcy Code allows a debtor to obtain unsecured financing, allowable as an administrative expense, but requires court approval, after notice and a hearing. The Claimants did not obtain this Court's approval. Accordingly, the Court look no further than the text of section 364(b) to deny the Motion.

2. If, however, for purposes of argument, one ignores section 364(b)'s requirement of court approval, the Claimants still fail to meet their burden for a section 503(b)(1) administrative

---

[1] The Debtor's mailing address is c/o Gavin/Solmonese LLC, 1007 N. Orange Street, 4th Fl. Suite 461. The last four digits of the Debtor's federal tax identification number is 7898.

[2] Capitalized terms not defined shall have the same meaning ascribed later in the Objection.

expense claim. They do not sufficiently assert that they provided postpetition value the Debtor's estate, nor do they provide documentation sufficient to support their claim.

3. Accordingly, the Motion should be denied.

## **BACKGROUND**

4. On April 14, 2020 (the "Petition Date"), the Debtor filed its voluntary petition for relief. On October 25, 2023, the Court entered an order [Docket No. 404], confirming the Combined Disclosure Statement and Plan of Liquidation of SureFunding, LLC, dated August 4, 2023 (collectively with all exhibits and supplements and any modifications or other amendments thereto, the "Plan").

5. The Motion is short on details. It asserts that the Claimants funded $505,258.50 worth of retainers for the Debtor's professionals. It vaguely suggests that the payments were made after the Petition Date but, as detailed below, most of the funding was prepetition. The Motion does not attach any credit agreement or other agreement with the Debtor, but it is clear from context that the Claimants believe that the Debtor had an obligation to repay them. The Liquidating Trustee has requested basic information and documents from the Claimants—*i.e.*, the agreements or relevant communications relating to the agreement to fund, or evidence that the Claimants funded after the petition was filed. In response, the Claimants provided an engagement letter with one of the chapter 11 professionals, and evidence of certain bank transfers. From the documents and information provided by Claimants' counsel, it appears that $425,000 of the $505,258.50 was funded prepetition.

6. Largely going off context—as the Liquidating Trustee must, based on the scant information in the Motion and Claimants' incomplete documentation—it appears that the $505,258.50 was a loan to the Debtor. There is no assertion that the loan was secured, so the

51426208.7

Liquidating Trustee can only assume that the loan was intended to be unsecured. There are no facts asserted that the loan was allegedly in the ordinary course of business (and therefore subject to section 364(a)) or outside the ordinary course of business (and therefore subject to section 364(b)), but logic and common-sense lead to no other conclusion that a half-million-dollar unsecured loan was outside the ordinary course of business of the Debtor.

7. This Court was never asked to approve the $505,258.50 loan.

## ARGUMENT

**I. The Motion Should Be Denied Because the Claimants Did Not Obtain Court Approval as Required Under Section 364(b).**

8. For an unsecured, non-ordinary-course-of-business loan to be treated as an administrative expense, section 364(b) requires court approval, after notice and a hearing. See U.S.C. § 364(b) ("The court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense."). Bankruptcy court approval is the exclusive manner for the creditor to receive administrative expense status for the postpetition loan. See id.; see also, e.g., In re Massetti, 95 B.R. 360, 364 (Bankr. E.D. Pa. 1989) (denying an administrative expense claim against debtor partnership due to lack of court approval under section 346(b) for general partners' payments on debtors' mortgage, insurance, and utilities, as this section, not 503(b)(1), applied to the postpetition loans); In re Glover, Inc., 43 B.R. 322, 326 (Bankr. D.N.M. 1984) (holding that the court's equitable powers did not allow it to excuse the lack of court approval for a postpetition unsecured loan and grant it administrative expense status); In re Alafia Land Dev. Corp., 40 B.R. 1, 5 (Bankr. M.D. Fla. 1984) (denying a motion that was styled as a motion for administrative expense claim based on the failure to obtain court approval of postpetition unsecured loan); cf. In re London, Inc., 70 B.R. 63, 65 (Bankr. E.D. Wis. 1987)

3

51426208.7

(denying superpriority administrative expense under section 364(c) based on failure to obtain court approval); see generally 3 Collier on Bankruptcy ¶ 364.03[2] (Richard Levin & Henry J. Sommer eds., 16th ed.) ("Where the borrowing is out of the ordinary course of business and prior court authorization is not obtained, the lender may be relegated to the status of a general unsecured creditor, or the loan transaction may be cancelled and disregarded.").

9. In addition to section 364(b)'s requirements to approve postpetition financing, the Federal Rules of Bankruptcy Procedure and this Court's local rules require specific disclosures in order to approve a DIP loan. See Fed. R. Bankr. P. 4001(c) (requiring motion and a copy of the loan agreement be filed with the court, and notice to certain constituencies); Del. Bankr. L.R. 4001-2(a)(i)(A)-(H). None of this was done for Claimants' alleged loan.

10. Accordingly, because the $505,258.50 loan was not approved by this Court, the Claimants cannot receive an administrative expense claim on account of the loan. The Motion should be denied.

II. **In the Alternative, the Claimants Have Failed to Meet Their Heavy Burden to Establish Administrative Expense Priority Status.**

11. A party moving for administrative expense priority treatment bears a heavy burden to establish entitlement to priority treatment. Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co., 547 U.S. 651, 667 (2006) ("To give priority to a claimant not clearly entitled thereto is not only inconsistent with the policy of equality of distribution; it dilutes the value of the priority for those creditors Congress intended to prefer.") (citation omitted); Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.), 181 F.3d 527, 533 (3d Cir. 1999) ("A party seeking payment of costs and fess as an administrative expense must . . . carry the heavy burden of demonstrating that the costs and fees for which it seeks payment provided an actual benefit to the estate and that such costs and expenses were necessary to preserve the value of the estate

4

assets.") (citation omitted); In re Bernard Techs., Inc., 342 B.R. 174, 177 (Bankr. D. Del. 2006) ("In order to hold administrative expenses to a minimum and to maximize the value of the bankruptcy estate, section 503(b) is narrowly construed.") (citations omitted). The claimant bears the ultimate burden of establishing a valid administrative expense claim by a preponderance of the evidence. In re SRC Liquidation, LLC, 573 B.R. 537, 540 (Bankr. D. Del. 2017).

12. To meet its burden, a party moving for payment of an administrative priority claim generally must demonstrate that the claim (i) arises from a postpetition transaction between the party claiming the administrative priority and debtor in possession, and (ii) conferred benefit upon the bankruptcy estate. In re Energy Future Holdings Corp., 990 F.3d 728, 741 (3d Cir. 2021).

13. The Claimants seek an administrative claim of $505,258.50, but apart from a summary exhibit, provide no evidence in the Motion that the loan was funded after the bankruptcy petition, nor do they provide the applicable agreement between the Debtor and the Claimants.

14. Accordingly, the Liquidating Trustee informally requested additional documents to support the Motion. The Claimants provided some documents. According to the documents and information from Claimants' counsel, four of the payments, totaling $425,000, were made on April 14, 2020 (i.e., the Petition Date) but before the time the petition was filed. A prepetition loan cannot result in a postpetition administrative expense under section 503(b)(1). See Goody's Family Clothing, Inc. v. Mountaineer Property Co. II, LLC (In re Goody's Family Clothing, Inc.), 401 B.R. 656, 671 & n.14 (D. Del. 2009).

15. Therefore, the Claimants have failed to meet their burden of establishing entitlement to administrative expense priority status. The Court should deny the Motion.

## RESERVATION OF RIGHTS

16. The Liquidating Trustee reserves the right to amend, modify or supplement the objections asserted herein and to file additional objections to the Motion or to the amount and priority of any claims asserted by the Claimants.

## CONCLUSION

**WHEREFORE**, the Liquidating Trustee respectfully requests that the Court sustain this Objection and enter an order denying the Motion and disallowing the administrative expense claim.

Dated: December 11, 2023        **SAUL EWING LLP**

/s/ Lucian B. Murley
Lucian B. Murley (DE Bar No. 4892)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: 302-421-6898
luke.murley@saul.com

-and-

Jorge Garcia
701 Brickell Avenue, Suite 1700
Miami, FL 33131
Telephone: (305) 428-4500
jorge.garcia@saul.com

*Attorneys for Alfred T. Giuliano, the Liquidating Trustee for the Estate of SureFunding, LLC*