## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SUREFUNDING, LLC,[1] | Case No. 20-10953 (LSS) |
| Debtor. | **Hearing Date: TBD**<br>**Obj. Deadline: TBD** |
| | **Re: D.I. 484** |

## INITIAL MOTION OF CTJT FAMILY TRUST, HARRAY HOLDINGS TRUST, SCTOT, LLC, SURECLICK, LLC, MARKETPLACE CAPITAL STRATEGIES, LLC, MCS US, LLC, JUSTIN AND LORNA ABERNATHY, THE JUSTIN ABERNATHY 2015 GRAT, MARKETPLACE ADVISORS, LLC, JUSTIN ABERNATHY AND JASON ABERNATHY PURSUANT TO BANKRUPTCY RULES 9023 AND 9024 AND 11 U.S.C. § 105 TO VACATE AND/OR MODIFY ORDER APPROVING DEBTOR PROFESSIONALS' FINAL FEE APPLICATIONS

Pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure (the "Federal Rules") made applicable to these proceedings by Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and 11 U.S.C. § 105[2], CTJT Family Trust, HARRAY Holdings Trust, SCTOT, LLC, SureClick, LLC, Marketplace Capital Strategies, LLC, MCS US, LLC, Justin and Lorna Abernathy, the Justin Abernathy 2015 GRAT, Marketplace Advisors, LLC, Justin Abernathy and Jason Abernathy (collectively, the "Movants"), by and through their undersigned counsel, hereby move to reconsider and/or vacate the *Order Approving Debtor Professionals' Final Fee Applications* [D.I. 484; entered 2/26/24] (the "Fee Order"). In further support of the Motion, Movants respectfully state as follows:

---

[1] The Debtor's mailing address is c/o Gavin/Solmonese LLC, 1007 N. Orange Street, 4th Fl. Suite 461. The last four digits of the Debtor's federal tax identification number is 7898.

[2] Movants also seek relief under Bankruptcy Rule 3008 and 11 U.S.C. § 502(j) to the extent applicable. For the reasons set forth herein, the equities of the case favor such relief.

{00034890.3 }

## Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue over this chapter 11 case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.      On April 14, 2020 (the "Petition Date") at 9:32 a.m. (Eastern Time) , the Debtor filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Delaware (the "Court").

3.      On October 25, 2023, the Court entered the *Findings of Fact and Conclusions of Law (I) Approving Disclosure Statement on a Final Basis; and (II) Confirming Combined Disclosure Statement and Chapter 11 Plan of Liquidation of SureFunding, LLC Dated August 4, 2023* (the "Plan") [D.I. 404].

4.      On November 10, 2023, the Plan was declared effective. See *Notice of (I) Entry of Order Confirming, and Occurrence of Effective Date of Combined Disclosure Statement and Plan of Liquidation of SureFunding, LLC. Dated August 4, 2023* [D.I. 419].

5.      The Court approved various professionals fees on December 21, 2023.

6.      On February 26, 2024, the Court entered the Fee Order.

## Relief Requested

7.      Movants request that this Court vacate and/or modify the Fee Order.

## Basis for Relief Requested

8.      The statutory predicates for the relief requested herein is Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rules 59 and 60 as made applicable by Bankruptcy Rules 9023 and 9024[3].

## Argument

### A.      The Fee Order Should be Vacated under Rule 59

9.      Federal Rule 59, made applicable here pursuant to Bankruptcy Rule 9023, provides that a Court may grant a new trial of issues, or alter or amend a judgment, for any reason for which a rehearing could be granted in a suit in equity in federal court. FED. R. CIV. P. 59(a)(1)(B), (e). A decision to grant or deny a motion to amend or alter a judgment is within the Bankruptcy Court's discretion. *In re Baker*, 206 B.R. 510 (Bankr. N.D. Ill. 1997); *In re Crozier Bros., Inc.*, 60 B.R. 683 (Bankr. S.D.N.Y. 1986).

10.      The Third Circuit has recognized that motions for reconsideration should be granted where: "(i) new evidence is available . . . or (iii) the earlier decision was clearly erroneous and would create manifest injustice." See *In re Winstar Commc'ns, Inc.*, 435 B.R. 33, 39 (Bankr. D. Del. 2010) (citing *Public Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997)); see also *In re W.R. Grace & Co.*, 398 B.R. 368, 372 (D. Del. 2008) (quoting *Max's Seafood Cafe by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

11.      Further, pursuant to Rule 9023, a decision should be reconsidered "where it appears [the Court] has overlooked or misapprehended some factual matter that might reasonably have altered the result reached by the Court." *N.J. Dep't of Envtl. Prot. v. Occidental Chem. Corp. (In re Maxus Energy Corp.)*, 571 B.R. 650, 655 (Bankr. D. Del. 2017); See also, *In re Tribune Co.*,

---

[3] Movants also seek relief under Bankruptcy Rule 3008 and 11 U.S.C. 502(j) to the extent applicable.

464 B.R. 208, 215 (Bankr. D. Del. 2011) ("[R]econsideration is appropriate when the Court has overlooked facts that might reasonably have altered or impacted the decision.") (internal citations omitted).

12.     The Liquidating Trustee has stated his intent to convert this case to case under chapter 7. This was not known when the Court approved the fees in December.

13.     This calls into question the reasonableness and appropriateness of the professional fees approved in the Fee Order. The Court and parties in interest should have the opportunity to revisit the appropriateness/reasonableness of the professional fees in light of this development.

**B.     The Fee Order Should be Vacated under Rule 60**

14.     Rule 60(b) of the Federal Rules of Civil Procedure, made applicable here pursuant to Bankruptcy Rule 9024, provides "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." *Id.*

***The Fee Order Should be Vacated under Rule 60(a)(1) or (2)***

15.     The Liquidating Trustee has stated his intent to convert this case to case under chapter 7. This was not known when the Court approved the fees in December.

16.     This calls into question the reasonableness and appropriateness of the professional fees approved in the Fee Order. The Court and parties in interest should have the opportunity to

revisit the appropriateness/reasonableness of the professional fees in light of this development. For instance, if the case is converted, it is unclear whether the fees incurred to confirm the Plan were reasonable.

### *The Court Should Vacate the Interim Orders under Rule 60(b)(3)*

17.     Federal Rule 60(b)(3) authorizes the Court to grant relief from the Interim Orders for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3).

18.     If this case is administratively insolvent, the Debtor's representations to the contrary (including the feasibility of the Plan) were incorrect.

19.     It does not matter whether these misrepresentation were inadvertent.  "[R]elief under Rule 60 is not dependent upon a showing of deliberate falsehood in regard to misrepresentation." *In re Halladay Enters., Inc.*, 5 B.R. 83, 86 (Bankr. S.D. Tex. 1980) (*citing Bros, Inc. v. W. E. Grace Manufacturing Company*, 351 F.2d 208 (5th Cir. 1965)).

### *The Court Should Vacate the Interim Orders under Rule 60(b)(6)*

20.     Federal Rule 60(b)(6) provides a further basis for the Court to vacate the Interim Orders for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).

21.     "The rule is broadly phrased and many of the itemized grounds are overlapping, freeing Courts to do justice in hard cases where the circumstances generally measure up to one or more of the itemized grounds. Subsection (6) has been construed as intending to "make available those grounds which equity has long recognized as a basis for relief.'"  *Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 (5th Cir. 1965) (*citing Bros, Inc. v. W. E. Grace Mfg. Co.*, 320 F.2d 594, 608 (5th Cir. 1963); 3 *Barron & Holtzoff, Federal Practice & Procedure* §§ 1329 (Wright ed. 1958)); *see also In re Spears*, 352 B.R. 79, 83 (Bankr. N.D. Tex. 2006) (noting a "bias in both the

rule and the Code to 'get it right'" in setting aside an agreed order premised on what "could [] be characterized as a mutual mistake").

      **C.**    **Alternatively, the Interim Orders can be Vacated under Section 105**

22.    Alternatively, a court may reconsider relief granted in its orders pursuant to Section 105(a) of the Bankruptcy Code. *See, e.g., In re G-I Holdings, Inc.*, 472 B.R. 263, 279-80 (Bankr. D.N.J. 2012) ("At the outset, the Court acknowledges it has independent, discretionary authority to review, amend, correct, or clarify its own Opinion and other orders under its inherent equitable powers.") (*citing Utica Leaseco, LLC v. GMI Land Co., LLC*, U.S. Dist. LEXIS 64220, at *10 (W.D. Pa. June 16, 2011)) ("Bankruptcy courts generally have 'independent authority' to reconsider their own orders pursuant to Section 105."); *see also Zurich Am. Ins. Co. v. Int'l Fibercom, Inc.)*, 503 F.3d 933, 945 (9th Cir. 2007) ("Aside from Rule 60(b)(6), the bankruptcy court also had the discretionary power to reconsider its order.").

23.    Such authority is derived either from "the bankruptcy judge's 'ancient and elementary power to reconsider' his own orders," *In re Lintz W. Side Lumber, Inc.*, 655 F.2d 786, 789 (7th Cir. 1981), citing *In re Pottasch Bros. Inc.*, 79 F.2d 613, 616 (2d Cir. 1935); *In the Matter of Brielle Associates v. Graziano*, 685 F.2d 109, 111-12 (3d Cir. 1982), or section 105(a) of the Bankruptcy Code, which provides that "[n]o provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *See also Lintz*, 655 F.2d at 789 ("It is now well settled that a bankruptcy judge has the power to reexamine and revise an order which he entered during the pendency of bankruptcy proceedings.") (citing *In re Meter Maid Industries, Inc.*, 462 F.2d 436 (5th Cir. 1972); *Frasch v. Wilson*, 413 F.2d 69 (9th Cir. 1969)).

24.     In fact, courts considering a motion to reconsider a prior order often take note of their inherent authority.  *See, e.g., In re Bulson*, 327 B.R. 830, 849 (Bankr. W.D. Mich. 2005) (denying a motion seeking alteration of an order pursuant to Bankruptcy Rule 9023 but invoking the bankruptcy court's authority under section 105(a) to revoke a prior order because it was procured by fraud); *In re Lower Bucks Hosp.*, 471 B.R. 419, 459 n.60 (Bankr. E.D. Pa. 2012) (finding "a de facto request for reconsideration of the DS Approval Order" to be "an appropriate case in which to exercise the court's inherent power to reconsider a prior order"), *aff'd*, *In re Lower Bucks Hosp. the Bank of N.Y. Mellon Trust Co.*, 571 Fed. Appx. 139, 143 (3d. Cir. 2014).

25.     The Court should use the authority granted to it under 11 U.S.C. Section 105 to vacate the Fee Order.

26.     As the Third Circuit noted, "once he became aware of the Release (through Becker's objection to the proposed plan), it was within the Bankruptcy Court's discretion to revisit its approval of the disclosure statement in light of the new information. Any other rule would encourage debtors to obscure information in their disclosure statements." *In re Lower Bucks Hosp.*, 571 F. App'x 139, 143 (3d Cir. 2014).

## <u>Reservation of Rights</u>

27.     Movants expressly reserve the right to amend or supplement this Motion, to take further discovery in connection with the Motion, to file additional motions and objections (including any arguments under Bankruptcy Rule 3008 and 11. U.S.C. § 502(j)), and to introduce evidence supporting this motion and any objections at any hearing on the Motion.  This Motion is being filed by withdrawing counsel.  New counsel may assert additional arguments.

## **Conclusion**

28.     For the reasons stated above, Movants respectfully request that this Court enter an

Order vacating or modifying the Fee Order and granting Movants such other and further relief as

this Court may deem just and proper.

Dated:  March 11, 2024
            Wilmington, Delaware

Respectfully submitted,

*/s/ Scott J. Leonhardt*
THE ROSNER LAW GROUP LLC
Scott J. Leonhardt (DE #4885)
824 Market Street, Suite 810
Wilmington, DE 19801
302-777-1111
leonhardt@teamrosner.com

*Counsel for Movants*