**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SUREFUNDING, LLC,[1] | Case No. 20-10953 (LSS) |
| Debtor. | **D.I. 443, 444, 445, 446, 449, 450, 484** |

**PRELIMINARY OMNIBUS OBJECTION OF MORRIS JAMES LLP
TO REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES**

Morris James LLP ("Morris James"), former counsel to the debtor and debtor-in-possession in the above-referenced bankruptcy case (the "Debtor"), hereby submits a preliminary omnibus objection (the "Preliminary Omnibus Objection") to the requests for administrative expense of (i) Justin and Lorna Abernathy, Justin Abernathy 2015 GRAT [Docket No. 445] (ii) CTJT Family Trust, HARRAY Holdings Trust, SCTOT, LLC, SureClick, LLC [Docket No. 446], (iii) Marketplace Capital Strategies, LLC [Docket No. 449], and (iv) MSC US, LLC [Docket No. 450] (collectively, the "Abernathy Administrative Expense Requests"), and in support thereof, Morris James respectfully represents as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (B).

2.  Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

3.  Morris James is an administrative expense claimant, having filed a fee application

---

[1] The Debtor's mailing address is c/o Gavin/Solmonese LLC, 1007 N. Orange Street, 4th Fl. Suite 461. The last four digits of the Debtor's federal tax identification number is 7898.

seeking allowance of more than $940,000 [Docket No. 428]. On February 26, this Court approved Morris James' fees and expenses as well as the fees and expenses of other professionals (D.I. 484), but has restricted the Liquidating Trustee's ability to pay professionals pending the outcome of the Abernathys and the Abernathy Entities Administrative Expense requests. The Abernathy and the Abernathy Entities likewise have each opposed any disbursement on account of the Morris James' (and others') fees and expenses because, when combined with the administrative expenses of the professionals, the administrative expenses requested by the Abernathys and the Abernathy Entities exceed the amount held by the Liquidating Trust. Accordingly, Morris James has an allowed but outstanding administrative expense, and on a constitutional basis, as well as pursuant to Section 1109, Morris James has standing to object to the Abernathy Administrative Expense Requests.

## BACKGROUND

4. At all relevant times to April 12, 2020, Justin and Jason Abernathy (collectively, the "Abernathys") were insiders of the Debtor, as defined by Section 101(31) of the Bankruptcy Code. Specifically, the Abernathys were both members and managers of the Debtor and authorized to make decisions for the Debtor.

5. Marketplace Capital Strategies, LLC, MSC US, LLC, Justin and Lorna Abernathy, Justin Abernathy 2015 GRAT, CTJT Family Trust, HARRAY Holdings Trust, SCTOT, LLC, and SureClick, LLC (each, an "Abernathy Entity" and collectively, the "Abernathy Entities") are all owned by one of the Abernathys or their immediate family members. Accordingly, each of the Abernathy Entities is an insider, as defined by Section 101(31) of the Bankruptcy Code.

6. Among other things, prior to April 12, 2020, the Abernathys, in their capacities as members and managers of the Debtor, caused the Debtor to enter into agreements with some or all of the Abernathy Entities. Some or all of the agreements between the Abernathy Entities and the

Debtor were for the benefit of the Abernathy Entities and/or the Abernathys. Further, upon information and belief, prior to April 12, 2020, the Debtor did not have any independent members or managers, and therefore none of the agreements between the Abernathy Entities and the Debtor were reviewed or approved by an independent member or manager.

7. On April 13, 2020, the Debtor's board of managers, comprised solely of the Abernathys, appointed Tamarack Associates, Inc., as represented by John C. Palmer, CTP as the independent member and director (the "Tamarack Manager"), and at 1:15 p.m. (eastern time) on April 13, 2020, the Board of Directors conducted a telephonic meeting, at which time the Board passed three resolutions: (i) the Tamarack Manager was appointed to the Board, (iii) a restructuring committee was formed and the Tamarack Manager was appointed the sole member of the restricting committee and was given the power to select a chief restructuring officer, and (iii) any manager could execute the agreement with the chief restructuring officer upon the Tamarack Manager's approval. At 1:28 p.m. (eastern time) on April 13, 2020, Edward T. Gavin, CTP of Gavin/Solmonese, LLC received his engagement letter from Justin Abernathy. He signed and returned it back that evening. On April 14, 2020, SureFunding's Managers executed a Second Amendment to the Limited Liability Company Agreement (the "LLC Agreement"), which, among other things, recited the three resolutions from the April 13, 2020 board meeting, and expressly provided that Tamarack Manager approved and directed the retention of Gavin/Solmonese, LLC as chief restructuring officer of the company.[2]

---

[2] On April 20, 2023, Mr. Palmer passed away, leaving the Tamerack Manager unable to continue to provide services to the Debtor. Between April 20, 2023, the Board spoke with and considered multiple candidates to replace the Tamerack Manager. On April 30, 2023, the Board conducted a telephonic meeting after which time, the Board appointed Hon. Kevin Gross (Ret.) to replace the Tamerack Manager.

A.   **The Debtor's Bankruptcy Filing**

8. On April 14, 2020 (the "Petition Date"), the Debtor filed a voluntary petition, thereby commencing the above-captioned chapter 11 case (the "Chapter 11 Case") in the United States Bankruptcy Court for the District of Delaware (the "Court").

9. Since the Petition Date, the Abernathys and the Abernathy Entities performed minimal services for the benefit of the Debtor or its estate. Among other things, in or about July 2020, one or more of the Abernathys informed the Debtor that the Abernathys and/or certain Abernathy Entities would not continue to perform services for the Debtor due to a lack of payment. Further, in or about August 2023, the Abernathys refused to serve as 30(b)(6) witnesses in connection with a collection action. Moreover, since the Petition Date, the Abernathys and the Abernathy entities provided, little or no benefit to the Debtor or its estate.

10. On August 4, 2023, the Debtor filed the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of SureFunding, LLC dated August 4, 2023* [Docket No. 325] (the "Plan") and on August 4, 2023, the Court entered an order approving the disclosures in the Plan and approving solicitation procedures [Docket No. 328].

11. On September 14, 2023, the Court conducted a hearing to consider approval of the Plan.

12. On October 25, 2023, the Court entered the *Findings of Fact and Conclusions of Law (I) Approving Disclosure Statement on a Final Basis; and (II) Confirming Combined Disclosure Statement and Chapter 11 Plan of Liquidation of SureFunding, LLC Dated August 4, 2023* [Docket No. 404], and on November 10, 2023, the Plan was declared effective. See *Notice of (I) Entry of Order Confirming, and Occurrence of Effective Date of Combined Disclosure Statement and Plan of Liquidation of SureFunding, LLC. Dated August 4, 2023* [Docket No. 419].

B.     **The Abernathy Administrative Expense Requests**

13.    On December 11, 2023, the Abernathys and the Abernathy Entities filed the Abernathy Administrative Expense Requests aggregating $4,762,896.06, including administrative expense requests filed by Marketplace Capital Strategies, LLC in the amount of $1,276,805.04 [Docket No. 443] and MSC US, LLC in the amount of $751,658.86 [Docket No. 443]. On December 27, 2023, Marketplace Capital Strategies, and MSC US, LLC filed notices of withdrawal without prejudice of the administrative expense requests filed at Docket Nos. 443 and 444, respectively. Accordingly, the outstanding amount of the administrative expense requests sought by the Abernathys and the Abernathy Entities now aggregates $2,734,432.16.[3]

**PRELIMINARY BASES FOR OBJECTION**

14.    The Third Circuit has stated, that "for a claim to be given priority as an administrative expense under [11 U.S.C. § 503(b)(1)(A)], it must be (1) a cost or expense that is (2) actual and necessary to (3) preserving the estate." Pennsylvania Dep't of Envt'l. Res v. TriState Clinical Labs, Inc., 178 F.3d 685, 689 (3d Cir. 1999). The party seeking allowance of an administrative expense has the burden of proof.

15.    Each of the Abernathy Administrative Expense Requests should be denied. Among other things, the Abernathy Administrative Expense Requests (i) were for money or services provided to the Debtor prior to the Petition Date, (ii) were for services that were not provided to the Debtor or its estate after the Petition Date, (iii) were for services that were provided to the estate but resulted in no benefit to the estate and/or (iv) are duplicative of prior requests for administrative expenses.

---

[3] This excludes the request for administrative expense previously filed by HARRAY Holdings Trust, CTJT Family Trust, SCTOT, LLC and SureClick, LLC in the amount of $505,258.50 [Docket No. 382], which was the subject of an objection filed by the Liquidating Trustee and for which a hearing was conducted on December 21, 2023.

**RESERVATION OF RIGHTS**

16. Morris James expressly reserves its right to supplement this objection on any basis prior to or at the hearing to consider the objection to the Abernathy Administrative Expenses.

WHEREFORE, Morris James hereby requests (i) entry of an Order denying each of the Abernathy Administrative Expenses; and (ii) granting of such other and further relief as is just and proper.

Dated: March 11, 2024          **MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
Carl N. Kunz, III (DE Bar No. 3201)
Jeffrey R. Waxman (DE Bar No. 4159)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: ckunz@morrisjames.com
E-mail: jwaxman@morrisjames.com