# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SUREFUNDING, LLC,[1]<br><br>                Debtor. | Chapter 11<br><br>Case No. 20-10953 (LSS) |

## THE LIQUIDATING TRUSTEE'S STATUS REPORT REGARDING CERTAIN LITIGATION MATTERS

Alfred T. Giuliano (the "Trustee"), the liquidating trustee for the estate of SureFunding, LLC (the "Debtor"), by and through his undersigned counsel, provides this status report (the "Status Report") as requested by the Court at the April 9, 2024 hearing:

### Introduction and Reservation of Rights

On April 14, 2020 (the "Petition Date"), the Debtor filed its petition for relief under chapter 11 of title 11 of the United States Code. On August 4, 2023, the Court entered its order [D.I. 404] approving the *Combined Disclosure Statement and Joint Chapter 11 Plan of SureFunding, LLC dated August 4, 2023* [D.I. 325] (the "Plan"). The Plan went effective on November 10, 2023 (the "Effective Date") [D.I. 419]. The Plan provides, in relevant part, that all "Causes of Action" vest with the Trustee. *See* Plan ¶ 6.02.

This Status Report is being made at the request of the Court. Nothing contained herein should be deemed to modify, waive, or otherwise affect any claim, defense, or other right of the Trustee or the Debtor's estate in any Cause of Action, in this chapter 11 case, or in any other proceeding, including but not limited to those Causes of Action summarized here. The Trustee

---

[1]     The Debtor's mailing address is c/o Gavin/Solmonese LLC, 1007 N. Orange Street, 4th Fl. Suite 461. The last four digits of the Debtor's federal tax identification number is 7898.

has no personal knowledge regarding the matters summarized herein, and this Status Report is solely based on information provided by his professionals (in the case of the Nevada Litigation and the Massachusetts Litigation, defined below) and information contained in the Plan (in the case of the Trade Pay Litigation, defined below). The Trustee reserves all rights.

## Summary of Litigation Matters

**I.      Tradepay Litigation**

According to the Plan and information contained in the Debtor's schedules and statement of financial affairs, on October 23, 2019, the Debtor, along with ECP Holdings III, LLC; ECP Holdings V, LLC; SureFunding V, LLC; MCS Agent, LLC; and Marketplace Capital Strategies LLC (together the "Tradepay Plaintiffs") filed suit against Tradepay Capital, LLC ("Tradepay") in the Circuit Court of the Eleventh Judicial District of Florida, in and for Miami-Dade County, Florida, pending under Case No. 2019-031155-CA-01 (the "Tradepay Litigation"). The Tradepay Plaintiffs include some of the Abernathy-controlled entities that have appeared in this chapter 11 case: MCS Agent, LLC and Marketplace Capital Strategies LLC (the "Abernathy Parties"). As of the Petition Date, C. Tab Turner, Esquire represented all of the Tradepay Plaintiffs. Mr. Turner was not retained by the Debtor, and to date has not been retained by the Trustee.

According to the Plan, on January 15, 2020, the Tradepay Plaintiffs filed an Amended Complaint in the Tradepay Litigation. The claims in the Tradepay Litigation Amended Complaint against Tradepay include (I) Breach of Contract; (II) Conversion; (III) Negligence; (IV) Breach of Fiduciary Duty; (V) Fraud and Misrepresentation; (VI) Civil Conspiracy; (VII) Violation of the Florida Deceptive and Unfair Trade Practices Act.

According to the Plan, in connection with its transactional relationship with the Tradepay Plaintiffs, Tradepay executed an irrevocable power of attorney in favor of "MCS," the entity

designated to receive payments from Tradepay, and on April 23, 2020, the Florida court handling the Tradepay Litigation upheld the validity of the irrevocable power of attorney. According to the Plan, the Tradepay Plaintiffs, acting as Tradepay's attorney-in-fact, undertook efforts to secure information relating to Tradepay and its assets, including Tradepay's computer servers, bank accounts, records, files, company cars, company apartments, company offices, and attorneys.

Upon information and belief, all of the information regarding the Tradepay Litigation is under the control of the Abernathy Parties, represented by Mr. Turner. The Trustee requested a summary of the Tradepay Litigation—including procedural status, asserted damages, and any recovery gleaned from the Tradepay Litigation—from the Abernathy Parties prior to filing this Status Report, with the goal of including that summary in this Status Report. The Trustee made this request multiple times, spanning from April 24, 2024 to date. On May 6, the Abernathy Parties responded, advising that they would file their own status report to supplement this Status Report sometime prior to the May 9, 2024 hearing.

## II.  Nevada Litigation

After a breach of contract action filed on March 20, 2020 against the Debtor by certain noteholders, a receiver was appointed on April 8, 2020 to oversee the Debtor (the "Receiver") in the District Court for Clark County, Nevada (the "Nevada District Court"). On December 4, 2020, the Receiver commenced a civil action titled "SureFunding, LLC v. ECP Holdings III, LLC" (Case No. A-20-825862-B) (the "Nevada Litigation"). Through this action, the Receiver asserted claims against Justin Abernathy and Jason Abernathy, in their individual capacities, and ECP Holdings III, LLC, Marketplace Capital Strategies, LLC, MCS US, LLC, Marketplace Advisors, LLC, MPA US, LLC (collectively, the "ECP Defendants"), and Goodwin Procter LLP for, among other things, breach of contract, breach of fiduciary duty, breach of implied covenant of good faith and fair

dealing, tortious breach of the implied covenant of good faith and fair dealing, legal malpractice, and unjust enrichment. Goodwin Procter was eventually dismissed from the action.

On January 13, 2022, the Nevada Supreme Court overturned the order appointing the Receiver. On February 28, 2022, the Nevada District Court, on stipulation of the parties, stayed the action pending further proceedings. A number of stipulations and stay orders were subsequently entered. On October 5, 2023, the Nevada District Court, recognizing that the plan had been confirmed in this Court, and that a liquidating trustee would soon be appointed, issued an order to "defer termination of the stay of this case pending further order."

After the Effective Date, the Trustee retained Carlyon Cica Chtd. to represent him in the Nevada Litigation. The Nevada District Court has held a series of status conferences. The last one was held on February 21, 2024, and the next is scheduled for May 8, 2024.

### III. Massachusetts Litigation

On July 25, 2022, the Debtor commenced an action against the law firm Goodwin Procter in the Superior Court for Sussex County in the Commonwealth of Massachusetts (Civil Action No. 2284CV01679) (the "Massachusetts Litigation"). On May 22, 2023, the Bankruptcy Court entered an Order approving Milligan Rona Duran & King LLC as special counsel to the Debtor in that matter [D.I. No. 288].

In this action, the Debtor claims that Goodwin Procter provided legal advice to the Debtor regarding its attempts to invest in short-term receivable financing for exports from India to Singapore, Hong Kong, and Dubai. The Debtor's complaint alleges that Goodwin Procter arranged for the Debtor to provide millions of dollars to an intermediary without any written contract for how the money would be spent, without enforcement mechanisms to recover the funds, and without any provisions establishing appropriate fiduciary duties or prohibiting conflicts with

4

respect to the investments. The Debtor's complaint also alleges that Goodwin Procter failed to advise the Debtor on the need to have contractual protections for itself and its funds and on the risks and dangers of proceeding without such protection. The Debtor alleges that even after various red flags were evident, Goodwin Procter negligently failed to safeguard the Debtor's rights and left the Debtor defenseless. The Debtor also alleges that Goodwin failed to conduct adequate due diligence on a key intermediary (Tradepay) or its principals who were offering the investment, which would have raised red flags. The Debtor alleges damages against Goodwin Procter of $43.6 million.

The Trustee has retained special litigation counsel Milligan Rona Duran & King LLC, the same firm retained by the Debtor. The parties are currently engaged in the fact discovery, which is scheduled to end on July 15, 2024. Counsel to the Trustee in the Massachusetts Litigation advises that it intends to request at least one six-month extension of fact discovery, due in part to delays in receiving documents from Goodwin Procter and other non-parties.

Dated: May 6, 2024	**SAUL EWING LLP**

*/s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: 302-421-6898
luke.murley@saul.com

-and-

Jorge Garcia
701 Brickell Avenue, Suite 1700
Miami, FL 33131
Telephone: (305) 428-4500
jorge.garcia@saul.com

*Attorneys for Alfred T. Giuliano, the Liquidating Trustee for the Estate of SureFunding, LLC*

5