# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: <br><br> SUREFUNDING, LLC, <br><br>                               Debtor. | Chapter 11 <br><br> Case No. 20-10953 (LSS) <br><br> **Re: D.I. 511** |

## THE ABERNATHY PARTIES' RESPONSE AND SUPPLEMENT TO THE LIQUIDATING TRUSTEE'S STATUS REPORT REGARDING CERTAIN LITIGATION MATTERS

CTJT Family Trust, HARRAY Holdings Trust, SCTOT, LLC, SureClick, LLC, Marketplace Capital Strategies, LLC, MCS US, LLC, Justin and Lorna Abernathy, the Justin Abernathy 2015 GRAT, Marketplace Advisors, LLC, Justin Abernathy, and Jason Abernathy (collectively, the "<u>Abernathy Parties</u>") hereby file respond to and supplement the Liquidating Trustee's Status Report [D.I. 511; filed 5/6/24] as follows:

1. The Plan in this case went effective on November 10, 2023.

2. The Liquidating Trustee appeared in this case on November 27, 2023. D.I. 426.

3. Since then, the Liquidating Trustee appears to not have engaged in any dialogue with any of the professionals retained prior to Plan confirmation, nor has he reviewed any documents besides the Plan. Status Report at 1-2 (stating that the Liquidating Trustee sourced his information from the Plan and "professionals" (in the case of the Nevada Litigation and the Massachusetts Litigation…). Status Report at 1-2. Repeated outreaches by the Abernathy Parties and their counsel to keep the case moving were ignored.

4. <u>The Tradepay Litigation</u>.[1] The only obstacle to wrapping up the Tradepay Litigation is the Liquidating Trustee, who, according to a January 19, 2024, email, is withholding his signature on an agreement and judgment[2] that would result in a recovery to the estate from the Tradepay Litigation "absent an acceptable "proposal [by the Abernathy Parties] on the administrative claim that will allow Fred [Giuliano and his professionals] to run the chapter 11 case. As it currently stands, the estate is administratively insolvent." **Exhibit A** at 1. That signature is required for the Florida Court to proceed and determine the amount of damages to be assessed against the defendants in the TradePay Litigation.

5. On December 14, 2023, the Abernathys, on behalf of MCS Agent and the related management companies of SureFunding in regards to the work being done on behalf of SureFunding and the related entities in pursuing Tradepay and the individuals responsible for the

---

[1] At the April 9, 2024, Status Conference, the Court asked the Liquidating Trustee to submit a summary of what potential recoveries are available to creditors in this case.

> THE COURT: Okay. I think it would be really helpful to get that information and I would ask that the Trustee endeavor to do that and provide a written status report on those three pieces of litigation so that we all know what is out there.
> MR. MURLEY: Absolutely can do that, Your Honor, after the hearing provide a written status report of all three.

April 9, 2024, Hr'g Tr. 14:22-15:5. The Liquidating Trustee subsequently reached out to counsel for the Abernathy Parties, suggesting the parties could either submit a joint status report or two separate reports. It is true that he followed up several times, Status Report at 3, but he did so knowing full well that counsel was preparing for and eventually in a three-day trial and had three appeal briefs due the day after the conclusion of the trial. He eventually copied Tab Turner on his requests to have his report supplemented (who did respond), because the undersigned was "not responding." On Monday, May 6, the Liquidating Trustee demanded that the Abernathy Parties supplement his draft status report that morning. It was then that I advised him I was catching up on emails from the previous week and would not be able to meet that demand but would submit a separate report on behalf of the Abernathy Parties, as necessary. The Liquidating Trustee continually casting the Abernathys as the bad players is misplaced. *Id*.

[2] These are subject to confidentiality provisions.

2

fraud, reached out to the Liquidating Trustee to discuss pressing issues in the Tradepay Litigation, specifically, "the [] agreement and the judgement in Miami Dade County." *See* **Exhibit A** at 3. Initially, the Liquidating Trustee seemed receptive to the idea, but eventually never took the Abernathys up on their offer to bring him up to speed with outstanding matters in this case.

6. The Liquidating Trustee appears to not have reached out to anyone else to investigate these matters, either. He states: "Upon information and belief, all of the information regarding the Tradepay Litigation is under the control of the Abernathy Parties, represented by Mr. Turner." Status Report at 3. And further: "Mr. Turner was not retained by the Debtor …." *Id*. at 2.

7. Both statements are misleading, if not incorrect. First, Gavin/Solmonese LLC specifically "authorized Turner & Associates, P.A. to continue its existing representation of SureFunding, LLC" post-petition; *see* **Exhibit B**. Although the Liquidating Trustee is correct that neither the Debtor's counsel nor Gavin/Solmonese LLC took any steps to formally retain Turner & Associates, P.A., Mr. Turner took direction from Gavin/Solmonese LLC regarding the Tradepay Litigation until the end of October 2023, when Mr. Gavin advised Mr. Turner that the Liquidating Trustee would take over Mr. Gavin's role directing the Tradepay Litigation once the plan was confirmed and effective. *See* **Exhibit C**.

8. In sum, the Liquidating Trustee was made aware of the urgency of wrapping up the Tradepay Litigation beginning six months ago and that the only thing needed to do so was the Liquidating Trustee's signature (Ex. A; **Exhibit D** at 1) (Mr. Gavin had directed the Tradepay Litigation up to that point). He could have taken up the Abernathys on their offer to fill him in (*e.g*., Ex. B at 1) or could have asked Tab Turner or Gavin/Solmonese LLC to fill him

in.  He chose not to.  As of March 5, 2024, by his own admission, the Liquidating Trustee was "not up to speed on what is happening in the Tradepay litigation."  Ex. D at 1.

9. <u>Nevada Litigation</u>.  The Liquidating Trustee did not appear at the latest status conference on May 8, 2024.  Tellingly, he ascribes no value to the suit against the Abernathys.

10. <u>Massachusetts Litigation.</u>  The Nevada Litigation cuts directly against the Massachusetts Litigation.

Dated: May 9, 2024
       Wilmington, Delaware

**KLEIN LLC**

<u>*/s/ Julia Klein*</u>
Julia B. Klein (DE 5198)
225 West 14th Street, Suite 100
Wilmington, Delaware 19801
(302) 438-0456
klein@kleinllc.com

*Counsel to CTJT Family Trust, HARRAY Holdings Trust, SCTOT, LLC, SureClick, LLC, Marketplace Capital Strategies, LLC, MCS US, LLC, Justin and Lorna Abernathy, the Justin Abernathy 2015 GRAT, Marketplace Advisors, LLC, Justin Abernathy and Jason Abernathy*