**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SUREFUNDING, LLC, | Case No. 20-10953 (LSS) |
| Debtor. | **Re: Docket No. 533** |

**RESPONSE OF MORRIS JAMES LLP TO MOTION OF**
**KLEIN LLC TO WITHDRAW AS COUNSEL**

Morris James LLP ("Morris James"), former counsel to the debtor and debtor-in-possession in the above-referenced bankruptcy case (the "Debtor") and an administrative expense claimant, hereby responds to Klein LLC and Julia Bettina Klein's (collectively "Klein") *Motion to Withdraw as Counsel* for CTJT Family Trust, HARRAY Holdings Trust, SCTOT, LLC, SureClick, LLC, Marketplace Capital Strategies, LLC, MCS US, LLC, Justin and Lorna Abernathy, the Justin Abernathy 2015 GRAT, Marketplace Advisors, LLC, Justin Abernathy and Jason Abernathy (collectively, the "Abernathy Entities") [Docket No. 533] (the "Motion to Withdraw"). In support of this response, Morris James respectfully states as follows:

**Introduction**

1. It's Groundhog Day. Again. Klein is now the third counsel to represent the Abernathy Entities during the SureFunding bankruptcy case. It is also the third firm to withdraw from representing the Abernathy Entities in the SureFunding bankruptcy case. And like its predecessor, the Rosner Law Group, Klein filed a motion to withdraw as counsel while substantially contemporaneously filing an objection to a pending motion.

2. Morris James does not take issue with Klein withdrawing as counsel to the Abernathy Entities.

17024795/2

3.  Rather, Morris James – again – requests that this Court expressly require that, if the Abernathy Entities do not promptly retain counsel that their motions for allowance of administrative expenses and their motions for reconsideration of the Order granting Morris James' fees be stricken with prejudice.

**BACKGROUND**

4.  On April 14, 2020 (the "Petition Date"), the Debtor filed for Chapter 11 relief. On the Petition Date, the Debtor was represented by Fox Rothschild LLP. Womble Bond Dickinson (US) LLP represented Justin Abernathy and Jason Abernathy, insiders of the Debtor.

5.  On or about August 3, 2022, Morris James became replacement counsel to the Debtor, replacing Fox Rothschild LLP, who upon information and belief, withdrew due to a dispute with Justin Abernathy and Jason Abernathy. On or about November 11, 2022, Womble Bond Dickinson (US) LLP withdrew from their representation of Justin Abernathy and Jason Abernathy.

6.  As this Court is well aware, the Debtor's bankruptcy case was extremely difficult. Over the course of the next two years, Morris James, together with Gavin/Solmonese and Edward T. Gavin, the Debtor's Chief Restructuring and Liquidating Officer, worked diligently toward confirmation in this extremely litigious case. Ultimately, and only after the hard work of Judge Shannon serving as judicial mediator, the Debtor and a group of noteholders were able to reach agreement on the terms of a plan of liquidation (the "Plan").

7.  Starting on or about July 25, 2023, the Rosner Law Group represented the Abernathy Entities with respect to confirmation. On October 25, 2023, the Court entered *Findings of Fact and Conclusions of Law (I) Approving Disclosure Statement on a Final Basis; and (II) Confirming Combined Disclosure Statement and Chapter 11 Plan of Liquidation of SureFunding,*

*LLC Dated August 4, 2023* [Docket No. 404]. On November 10, 2023, the Plan became effective, at which time Alfred T. Giuliano became the liquidating trustee (the "Liquidating Trustee").

8. On November 27, 2023, Morris James filed its final fee application seeking allowance of more than $940,000 [Docket No. 428] (the "Final Fee Application"). At a hearing on December 21, 2023, the Court stated that the fees and expenses sought by Morris James would be allowed, but payment would not be permitted until certain outstanding administrative expenses were adjudicated. Morris James for itself and other estate professionals provided a draft order to counsel for the Abernathy Entities. Counsel for the Abernathy Entities provided comments to the draft omnibus fee order, which were accepted. Thereafter, the agreed form of order was presented to the Court under certification of counsel. On February 26, 2023, the Bankruptcy Court entered an Order approving the professionals' fees and expenses [Docket No. 484] (the "Omnibus Fee Order").

9. On December 11, 2023, the Abernathy Entities, by and through their counsel, filed a number of motions for allowance and payment of administrative expenses, including *Request for Allowance and Payment of Administrative Expense Claim and Reservation of Rights Filed by CTJT Family Trust, HARRAY Holdings Trust, SCTOT, LLC, SureClick, LLC* [Docket No. 446], *Request for Allowance and Payment of Administrative Expense Claim and Reservation of Rights Filed by Marketplace Capital Strategies, LLC* [Docket No. 449], and *Request for Allowance and Payment of Administrative Expense Claim and Reservation of Rights Filed by MSC US, LLC* [Docket No. 450] (collectively, the "Corporate Administrative Expense Motions"). In the aggregate, the Corporate Administrative Expense Motions seek payment of $2,533,722.40. Additionally, on December 11, 2023, Justin and Lorna Abernathy and the Justin Abernathy 2015 GRAT filed *Protective Request for Allowance and Payment of Administrative Expense Claim and Reservation*

*of Rights filed by Justin and Lorna Abernathy, Justin Abernathy 2015 GRAT filed a Protective Request for Allowance and Payment of Administrative Expense Claim and Reservation of Rights* [Docket No. 445] (the "Partial Corporate Administrative Expense Motion," and together with the Corporate Administrative Expense Motion, the "Administrative Expense Motions"). Taken together, and after accounting for apparent duplication)[1] the Administrative Expense Motions assert approximately $2,229,173.66 of administrative expenses (the "Abernathy Corporate Administrative Expenses"). The amount of Abernathy Corporate Administrative Expenses, by themselves, if allowed, would exceed the amount of cash held by the Liquidating Trust.

10. On March 11, 2024, Morris James filed a preliminary objection to the Abernathy Corporate Administrative Expenses [Docket No. 489]. As more fully set forth therein, upon information and belief many - if not all - of the Abernathy Corporate Administrative Expenses have significant infirmities, and Morris James in its capacity as an administrative expense holder intends to file a more fulsome objection to the Administrative Expense Motions after obtaining discovery, including written discovery and depositions, from those parties. Morris James anticipates that other parties, including the Liquidating Trustee, may also file objections to the Abernathy Corporate Administrative Expenses.

11. On February 15, 2024, the Rosner Law Group filed its Motion to Withdraw. Simultaneously, the Rosner Law Group filed a motion to vacate the Omnibus Fee Order that (i) the Abernathys had not opposed in the first instance and (ii) incorporated comments from their counsel before its entry. [Docket No. 488] (the "Motion for Reconsideration").

---

[1] D.I. 446 sought the same amount as D.I. 382 (the "Retainer Administrative Claim" and so is duplicative. Likewise, some of the amounts in the Administrative Claim Motions appear on their face to be duplicative. *See e.g.*, D.I. 449 seeking $1,276,805.04 under the "Fee Agreement" and D.I. 450 (same).

12. Like it does here with the Klein Motion to Withdraw, Morris James did not oppose the Rosner Withdrawal Motion, but requested that, in order to allow the case to move forward, the Court require the Abernathy Entities either (i) obtain counsel within a reasonable period of time or (ii) all pleadings filed by or on behalf of the Abernathy Entities, including all motions for payment of administrative expense shall be stricken with prejudice. The Court ultimately allowed the Rosner Law Group to withdraw but did not require the Abernathy Entities to obtain counsel or indicate the Court would strike the Abernathy Entities' pleadings. On April 3, 2024, however, forty-eight (48) days after the Rosner Law Group filed the Rosner Withdrawal Motion, Klein entered its appearance.

13. On June 24, 2024, almost two months after it entered its appearance, Klein filed a reply in support of the Motion for Reconsideration [Docket No. 525]. On June 27, 2024, just three days later, Morris James filed its *Motion for Leave to File a Sur-Reply* [Docket No. 527]. Klein did not submit the binder to the Court for determination; rather, undersigned counsel did so. As of the date of this response, that matter remains under advisement. Further, any action with respect to the Administrative Expense Motions has been stayed indefinitely at the direction of this Court.[2] Meanwhile, Morris James still has not received a penny for its work that it began more than 28 months ago.

14. The Liquidating Trustee is attempting to move this confirmed Chapter 11 case along, as reflected by the motion for Turnover of Documents Pursuant to 11 U.S.C. § 542(e) filed on September 26, 2024 [Docket No. 529] (the "Turnover Motion"), which was designed to allow the Liquidating Trustee to move forward to maximize the value of the estate. Yet Klein – like the

---

[2] See May 8, 2024 Transcript p. 19 ("We are going to hold the administrative expense motions listed in 2 till we see what the estate looks like and get a better handle on the litigation, potential recoveries, etc.").

Rosner Law Group before it – has filed an objection to the Turnover Motion on behalf of the Abernathy Entities while it simultaneously requests to be relieved from representing them. Collectively, these actions are resulting in substantial delay which must end.

**BASIS FOR RELIEF REQUESTED**

15. It is well-established that a corporation must be represented by counsel and cannot be represented by an individual acting pro se on its behalf. See, e.g., Rowland v. Cal Men's Colony, Unit II Men's Advisory Counsel, 506 U.S. 194, 202-203 (1992) ("save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel, does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.") (citing Eagle Associates v. Bank of Montreal, 926 F.2d 1305 (2d Circ. 1991) (partnership); Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir.) (nonprofit corporation formed by prison inmates), cert. denied, 493 U.S. 868 (1989); Jones v. Niagara Frontier Transportation Authority, 722 F.2d 20, 22 (2nd Cir. 1983) (corporation); Richdel, Inc. v. Sunspool Corp., 699 F.2d 1366 (Fed. Cir. 1983) (per curiam) (corporation); Southwest Express Co. v. ICC, 670 F.2d 53, 55 (5th Cir. 1982) (per curiam) (corporation); In re Victor Publishers, Inc., 545 F.2d 285, 286 (1st Cir. 1976) (per curiam) (corporation); Strong Delivery Ministry Assn. v. Board of Appeals of Cook County, 543 F.2d 32, 34 (7th Cir. 1976) (per curiam) (corporation); United States v. 9.19 Acres of Land, 416 F.2d 1244, 1245 (6th Cir. 1969) (per curiam) (corporation); Simbraw, Inc. v. United States, 367 F.2d 373, 374 (3d Cir. 1966) (per curiam) (corporation)).

16. Further, where a corporate entity is without counsel, a court may strike any of the unrepresented party's pleading, even where doing so would result in entry of a default judgment under the Federal Rules of Civil Procedure. See, e.g., David C. Traub v. Stardust380, Inc., slip

6
17024795/2

op., Civil Action No. 22-1582-SRF (D. Del. Nov. 20, 2023) (citing FKS Akkad Capital GP, LLC v. JohnFK Medical Co. Inc., slip op., Civil Action No. 20-952-CFC, 2022 WI 2666002, at *2 (D. Del. July 11, 2022).  See also Endobotics, LIC v. Medrobotics Corp., slip op., Civil Action No. 19-381-CFC, 2020 WL 7042892, at *1-2 (D. Del. Dec. 1, 2020); South African Bunkering v Labpro Pharma LLC, slip op., Civil Action No. 21-866-LPS-DRF (D. Del. Jan 31, 2022) (recommending that the answer to complain be stricken and default granted).

17. This Court, the estate, and all of Debtor's creditors should no longer be held hostage by the machinations of the Abernathys and the Abernathy Entities.  They have now had three separate law firms representing them all of whom have withdrawn.

18. Now, for a third time, upon the withdrawal of Klein as counsel, the Abernathy Entities will have pending pleadings, including the Administrative Expense Motions, the Motion for Reconsideration, and the objection to the Trustee's Turnover Motion – all of which remain pending – but will not be represented by counsel.  In addition to being a clear violation of rule that artificial entities must be represented by counsel, the continuation of the Abernathy Entities to rotate through counsel continues to delay the administrative expense objection process, both in terms of obtaining discovery from custodians, and scheduling depositions and hearings, which imperils the hard work of numerous parties and this Court in achieving confirmation of the Plan.

19. Again, Morris James is not opposing Klein's Motion to Withdraw, but requests that any order granting the Motion to Withdraw expressly provide the Abernathy Entities with a reasonable but defined period of time to obtain replacement counsel, and order that, absent compliance with that deadline, any pending pleadings filed by the Abernathy Entities will be stricken, with prejudice.

20. Klein's motion to withdraw was filed on October 25 2024, and is scheduled for hearing on November 19, 2024, meaning that, by the time of the hearing, the Abernathys will have had at least[3] 25 days to get new counsel. Accordingly, Morris James respectfully requests that seven (7) days from entry of the Order granting the Motion to Withdraw is a reasonable amount of time for the Abernathy Entities to retain counsel (and have counsel enter an appearance in this case).

WHEREFORE, Morris James respectfully requests that (i) the Abernathy Entities be provided seven (7) days from the date of entry of the Order granting the Motion to Withdraw to obtain new counsel and have new counsel enter his/her/its appearance; and (ii) barring new counsel timely entering his/her/its appearance, that the Court order that all pending pleadings filed by the Abernathy Corporate Entities, including, but not limited to, the Abernathy Corporate Administrative Expenses, be stricken, with prejudice.

| | |
|---|---|
| Dated: November 8, 2024<br>Wilmington, Delaware | **MORRIS JAMES LLP**<br><br>*/s/ Jeffrey R. Waxman*<br>Carl N. Kunz, III (DE Bar No. 4643)<br>Jeffrey R. Waxman (DE Bar No. 4159)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 888-6800<br>E-mail: ckunz@morrisjames.com<br>          jwaxman@morrisjames.com<br><br>*Former Counsel to the Debtor and Debtor-in-Possession* |

---

[3] Since the Klein Motion to Withdraw represents that Klein has been discharged, the Abernathy Entities knew they would be without counsel.

8

17024795/2