IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*:<br>SUREFUNDING, LLC,<br>                                 Debtor. | Chapter 11<br><br>Case No. 20-10953 (LSS)<br><br>**Re: D.I. 533, 537, 538**<br><br>Obj. Deadline: Nov. 8, 2024 @ 4:00 p.m.<br>Hrg. Date: Nov. 19, 2024 @ 10:00 a.m. |

**<u>OMNIBUS REPLY TO RESPONSES TO MOTION TO WITHDRAW AS COUNSEL</u>**

      Klein LLC and Julia Bettina Klein (together, "<u>Klein</u>" or the "<u>Firm</u>") hereby replies to Morris James LLP's response (the "<u>Response</u>"), and joinder by Gavin/Solomonese LLC, to their motion to withdraw as counsel for CTJT Family Trust, HARRAY Holdings Trust, SCTOT, LLC, SureClick, LLC, Marketplace Capital Strategies, LLC, MCS US, LLC, Justin and Lorna Abernathy, the Justin Abernathy 2015 GRAT, Marketplace Advisors, LLC (collectively, the "<u>Abernathy Entities</u>"), Justin Abernathy, and Jason Abernathy ("<u>Justin and Jason</u>" and, together with the Abernathy Entities, the "<u>Abernathys</u>") stating as follows:

      1.     "Morris James does not take issue with Klein withdrawing as counsel."  Response ¶ 2.  It only took the occasion of the Motion to Withdraw as yet another opportunity to further rack up administrative expense claims in an administratively insolvent case.  If on nothing else, this is one thing on which the parties can agree: It's Groundhog Day.

      2.     There is nothing in the Response that the Court doesn't already know, Morris James has not previously regorged in previous court filings in its incessant quest to vilify the Abernathys, and there is every indication that Morris James is tone deaf to the Court's previous guidance as pertains to, for example, the substantial contribution provided by the Abernathys' retainers and years' worth of work resulting in civil judgments (that the Chapter 7 Trustee still refuses to sign

off on) having benefitted the estate, or ill-advised, unnecessary discovery. *See, e.g.*, Response ¶ 10 ("many - if not all - of the Abernathy Corporate Administrative Expenses have significant infirmities, and Morris James in its capacity as an administrative expense holder intends to file a more fulsome objection to the Administrative Expense Motions after obtaining discovery, including written discovery and depositions, from those parties."), ¶ 18 (accusing the Abernathys of "continu[ing] to delay the administrative expense objection process, both in terms of obtaining discovery from custodians, and scheduling depositions and hearings").

3. The suggestion that the Abernathys are holding up the administration of this estate is likewise misguided. Response, *seriatim*. Morris James, for example, faults the Abernathys for filing a Motion to Reconsider to protect their rights, because the Court having to take that motion under advisement – which, incidentally, asks the Court to review Morris James' alleged inappropriate advice and actions as previous counsel to the Debtor – is now delaying year-end partner bonuses. *Id*. ¶ 13. The Abernathys have no control over, nor do they intend to dictate, the Cour's schedule. The Response derides the Abernathys's filing a protective response to the Trustee's Turnover Motion, designed to protect privileged information, as yet another instance of holding the estates "hostage by the machinations of the Abernathys and the Abernathy Entities." *Id*. ¶¶ 14, 17.

4. As concerns the supposed delay in administering the estates, suffice it to say that Morris James as counsel to the Debtor had the opportunity to obtain the records sought in the Turnover Motion and, upon information and belief, Gavin/Solmonese, its chosen financial advisor, did, in fact, have those records in its possession and/or control; such that the now Chapter 7 Trustee should have them now; and that the Court previously expressed disbelief that the Chapter 7 Trustee had, months into his appointment, no concrete understanding of the estate or its assets.

5.      Turning now to the two paragraphs in the Response that substantively address the relief sought in the motion to withdraw:  There is no dispute that artificial entities, such as the Abernathy Entities, cannot proceed *pro se*. Response ¶ 15.  Natural persons, however, such as the Abernathys, can.  *Id*.  This disposes of the string citations[1] in paragraph 15 of the Response (only one of which is from this Circuit).

6.      Paragraph 16 is less readily disposed of, wherein Morris James states: "Further, where a corporate entity is without counsel, a court may strike any of the unrepresented party's pleading, even where doing so would result in entry of a default judgment…" *Id*. ¶ 16.  This contention is incorrect as stated and Morris James' reliance on their cited slip memoranda is misplaced:[2]

> a. *David C. Traub v. Stardust380, Inc*., slip op., Civil Action No. 22-1582-SRF (D. Del. Nov. 20, 2023) (citing *FKS Akkad Capital GP, LLC v. JohnFK Medical Co. Inc.*, slip op., Civil Action No. 20-952-CFC, 2022 WI 2666002, at *2 (D. Del. July 11, 2022): The Delaware District Court here granted corporate defendants two additional weeks to obtain new counsel, otherwise it *might* enter default judgment against them for failure to defend; defendants timely secured counsel and default judgment never was entered.  In FKS Akkad, the Delaware District Court considered a Rule 55(a) default motion and conducted a multi-factor

---

[1]    A Google consultation reveals, and a Lexis Advance search confirms, that the string of citations appears in almost identical form in *Expressway Associates II v. Friendly Ice Cream Corp.*, 576 A.2d. 575 (Conn. 1990). https://www.casemine.com/judgement/us/5914bdfbadd7b049347a5764 (last visited November 14, 2024).

[2]    Not least because they are unreported slip opinions (and, as such, not binding precedent) not readily available.

3

analysis – clearly not something Morris James has suggested, let alone asked, the Court to do here. Despite the Response's suggestion to the contrary, neither case involved the striking of pleadings of unrepresented corporate entities.

    b. *Endobotics, LIC v. Medrobotics Corp.*, slip op., Civil Action No. 19-381-CFC, 2020 WL 7042892, at *1-2 (D. Del. Dec. 1, 2020): This case involved a Rule 55 motion for default (not a request by counsel to withdraw); Judge Connolly granted the motion, citing defendant CEO's "culpable conduct" as a contributing factor.

    c. *South African Bunkering v Labpro Pharma LLC*, slip op., Civil Action No. 21-866-LPS-DRF (D. Del. Jan 31, 2022) (recommending that the answer to complain be stricken and default granted)": Morris James is correct that the referenced document is a recommendation, not an actual final order or anything with precedential weight. Judge Stark adopted Magistrate Fallon's recommendation by order dated April 25, 2022. The circumstances presented here again were in the context of a default motion, not a motion to withdraw as counsel.

7. In sum, Morris James has failed to adduce any precedent that this Court has the authority to strike pleadings filed by entity defendants, while they were represented by counsel, in connection with their counsel's motion to withdraw. While striking pleadings is a remedy available to courts in connection with artificial entity parties' inability or refusal to retain counsel on a request for default judgment, thus is not the procedural posture here. Even if it were, it requires the court to conduct a multi-factor analysis, none of which Morris James has addressed. Giving

credence to vindictive personalities is not one of those factors. Therefore, this Court should decline Morris James' persistent urging to make new law in this regard.[3]

8.    Justin Abernathy and Jason Abernathy, of course, are individuals. There is no law or rule counsel is aware of that would prohibit Justin and Jason from appearing *pro se* in this matter, and Morris James has cited none.

## CONCLUSION

For the foregoing reasons the Firm asks that the Court grant the request sought in the motion to withdraw, allow the Abernathys reasonable time to retain substitute counsel, permit Justin and Jason to address the Court as to their efforts to obtain substitute counsel, and for such other and further relief as is just and proper.

Dated: November 14, 2024  
       Wilmington, Delaware

**KLEIN LLC**

*/s/ Julia Klein*
Julia B. Klein (DE 5198)
225 West 14th Street, Suite 100
Wilmington, Delaware 19801
(302) 438-0456
klein@kleinllc.com

*Withdrawing Counsel for the Abernathys*

---

[3] *See* Response at ¶ 12 (stating that Morris James had sought the same relief in connection with The Rosner Law Group's motion to withdraw, but the Court declined to do so).